IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Amarillo Division

JOWELL C. BULLARD,
NORRIS RAY TOLLERSON, JR.,
RANDY STOKES, JR. DONNA DAVIS,
ROBERT F. DEXTER, JR., JOSHUA R. LUSTER,
SCOTT RUSK, JEFFORY E. POOL, TYE A.
WARD, JAMES DAVID SMITH, MICHAEL A.
KING, DOMINGO MARQUEZ, STEPHEN A. WILSON,
H. WAYNE BLACK, on their own behalf and
for all others similarly situated,

                                      Plaintiffs,

VS.                                     Case No. 2-07CV-049-J

BWXT PANTEX, L.L.C.,

                                      Defendant.

## COMPLAINT

### PRELIMINARY STATEMENT

1.    Your Plaintiffs bring this action on behalf of themselves and a class of others similarly situated to require Defendant to pay back wages owed to Plaintiffs and the Plaintiff Class, which Defendant failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("the Act"). Plaintiffs seek permanent injunctive relief and damages for themselves and all class members.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §201, et seq.; 29 U.S.C. §216, 28 U.S.C. §1331 and 28 U.S.C. §1337 (a).

3.    Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because the Defendant transacts business in this district, and Plaintiffs were employed by the Defendant in this district, and most of the actions complained of were conducted within this district.

Complaint – Page 1

## PARTIES

4.  Plaintiffs, **JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR. DONNA DAVIS, ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, H. WAYNE BLACK** (hereinafter "Plaintiffs") are or were hourly non-exempt employees of **BWXT PANTEX, L.L.C.** who earned, but did not receive, compensation for time and one-half pay for time spent over 40 hours per week from Defendant.

5.  The class of similarly situated workers are or were hourly non-exempt employees of **BWXT PANTEX, L.L.C.** who earned, but did not receive compensation for time and one-half pay for time spent over 40 hours per week from Defendant.

6.  The Plaintiff workers and the class at all times relevant hereto were each an "employee" as that term is defined by 29 U.S.C. §203(e).

7.  The Defendant was at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203(d).

8.  Defendant is **BWXT PANTEX, L.L.C.**, (hereinafter referred to as "**BWXT**"). The employees of **BWXT** regularly handle wares, products, commodities, merchandise, or articles or subjects of commerce at a nuclear facility in Amarillo, Texas.

## CLASS ACTION ALLEGATIONS

9.  Pursuant to 29 U.S.C. §216(b), Plaintiff Workers bring this action on behalf of themselves and an opt-in class of all persons who were, are or will be hourly non-exempt workers of **BWXT** who earned, but were not paid overtime pay from Defendant, and only recently became aware of their right to such compensation and overtime pay.

a. The size of the class is so numerous (over 60 persons) that joinder of the individual members would be impracticable.

b. The named Plaintiffs are an adequate class representative because they are directly impacted by Defendant's actions. The interest of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorney representing the class is experienced in representing clients in federal litigation.

c. Common questions of law and fact are involved, including questions posed by Plaintiffs' allegations that Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. ('the Act") present and former hourly non-exempt employees of **BWXT**, who earned, but did not receive, overtime pay from Defendant.

d. Claims of the named Plaintiffs are typical of the claims of the class because all class members and the named Plaintiffs are affected by Defendant's conduct.

e. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

f. Common questions of law or fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

g. The named Plaintiffs are similarly situated to the class members in terms of job responsibilities, title, and employment dates as they are all workers who provided services to the plant including but not limited to security for the

purpose of supplying such services to **BWXT** and who were denied compensation for all of their overtime worked. **BWXT** paid only "straight time" for hours worked over forty (40).

## FACTS

11. **BWXT** hired some of the Workers and class members and some have been in their positions prior to **BWXT** receiving the contract at the nuclear plant facility.

12. Workers and class members provide security services to **BWXT**. The Workers and class members have a pay grade of E4-E6. The Workers and class members do not have the ability to hire and fire other personnel.

13. **BWXT** paid Workers and class members an hourly wage, but failed to pay time and a half for all time worked in excess of forty (40) hours.

14. **BWXT** pays Workers and class members a "salary" if and only if they work the requisite number of hours which would deem them "eligible" for their "salary." If the Workers and class members do not work the requisite number of hours, they only receive their hourly wage and thus, these Workers and class members are not true "salaried" employees as a matter of law.

15. If the Workers and class members work forty (40) hours per week and qualify for their "salary" then they are only compensated at their hourly rate for any time worked in excess of forty (40) hours per week.

16. The Workers and class members typically work in excess of forty (40) hours per week.

## OVERTIME COMPENSATION

17. The Workers and class members are required and scheduled to work over forty (40) hours per week.

18. The Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half their regular rate for time worked in one work week over forty (40) hours. This is commonly known as a time-and-a-half pay for overtime work.

19. Despite working overtime, the Workers and class members were not paid time and one-half pay from Defendant for overtime worked.

## WILLFUL VIOLATIONS

20. On information and belief, Defendant has for more than three years, willingly, deliberately and intentionally refused to pay Workers and class members for time and one-half pay for overtime worked. Defendant has threatened current and former workers with their jobs if they continued to raise questions regarding overtime pay.

21. Consequently, Workers and class members were until very recently, never aware that the FLSA provided for compensation for time one-half pay for overtime worked or that they were owed compensation for actual time worked and time and one-half for overtime worked as a Worker as the Workers and class members were told that they were exempt employee.

22. Defendant knowingly and intentionally led Workers and class members to believe that their regular pay was paid in conformity with the FLSA and the laws of the State of Texas. Defendant was placed on actual notice of the overtime issue by Plaintiff, **ROBERT F. DEXTER. ROBERT F. DEXTER** was eventually run off for raising the overtime question in 2002. **ROBERT F. DEXTER** was forced under duress to accept a "promotion" in a direct attempt to keep him from receiving overtime. Defendant was further aware that there were

overtime pay issues with regard to the security personnel as raised in a June 10, 2005 issue of the company newsletter "Pantex Pulse." Based on information and belief, Plaintiffs were instructed that they would no longer be paid for hours worked each day in excess of twelve (12) hours and should record their time as "casual hours" pursuant to Issue 05-0275 outlined in the "Pantex Pulse."

23. In fact, not until one of the Workers contacted an attorney did the Workers and class members find that they were owed back wages or learn that Defendants failed to pay in accordance with FLSA and did fail to pay overtime wages in violation of the FLSA.

24. Defendants knew or should have known that Workers and class members were entitled to compensation for time actually worked and for time and one-half overtime pay under the FLSA, during all relevant times.

25. As proof of this fact, upon information and belief Defendants had previously received publications and advice to pay Workers and class members the wages actually earned and to pay time and one-half overtime pay, but failed to do so.

26. As further proof of this fact, when the failure to comply was brought to the attention of the director, the only response was "HR knew what they were doing" or word of similar import.

27. As further proof of this fact, in plant newsletters management was notified that wage claims were arising due to violations of FLSA under circumstances similar to the present.

28. When Workers questioned the management about not being paid time and a half for hours worked in excess of forty (40) hours per week, they were told that Defendant was in compliance.

29. As further proof of this fact, Defendant instituted at least four (4) different pay methods for Workers and class members in a direct attempt to deprive them of their overtime pay.

30. Defendants, however, willfully, deliberately and intentionally failed to pay Workers and class members for time and one-half overtime wages to Workers and class members who worked over forty (40) hours per week.

31. Defendant has claimed that the FLSA laws do not apply to the Workers and class members and that the Workers and class members are exempt from these requirements.

32. The Workers and the other similarly situated workers are, therefore, owed compensation for time and one-half overtime wages and back wages by Defendants, who willingly and knowingly withheld those wages.

## FIRST CAUSE OF ACTION

### (Fair Labor Standards Act)

33. The foregoing paragraphs are included herein as though fully set forth herein.

34. Defendant regularly engages in commerce and their employees handle and use goods, which have moved in interstate commerce.

35. At all relevant times, Defendant is an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. and is subject to the provisions of such Act.

36. Plaintiff Workers and the Plaintiff Class at all relevant times were employees of Defendant, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq.

37. During the period of time that Plaintiff Workers and the Plaintiff Class were employed by Defendant, the Plaintiff Workers and Plaintiff Class performed work for which they were not compensated by Defendant in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. More specifically, Defendants violated §7 of the FLSA by failing to pay time and one-half overtime wages to hourly non-exempt employees who constitute the Plaintiff Class and earned overtime pay.

38. Upon information and belief, the Defendant's pay system was unilaterally imposed upon Plaintiff Workers and class members.

39. The Defendant's failure to compensate the Plaintiffs Workers and the class members for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

40. The Defendants' failure to properly administer a scheme of compensation, including but not limited to actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

41. The Defendants' failure to compensate the Plaintiffs for all compensable hours was a willful and knowing violation of the FLSA.

42. As a result of Defendant's willful and knowing failure to properly compensate the Plaintiff Workers and class members, the Plaintiff Workers and class members have suffered substantial delays in receipt of wages and damages.

43. The Defendant' failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

44.     Pursuant to 29 U.S.C. §§207, 216, Defendants owe Plaintiff Workers and the Plaintiff Class compensation for the overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## COUNT 2

### 29 U.S.C. §215(A)(3)(1994).

### RETALIATION IN VIOLATION OF FLSA

45.     The foregoing paragraphs are included herein as though fully set forth herein.

46.     Some of the Plaintiff Workers have been subjected to harassment, increased scrutiny and meetings for which they have not received compensation. On Monday, March 12, 2007, four (4) of the initial Plaintiffs contacted their attorney regarding their rights for nonpayment of overtime wages. On Wednesday, March 14, 2007, three (3) of the four (4) employees had been placed on administrative leave, had their badges taken and their guns taken by management. As of the time of the filing of this Complaint, Plaintiffs, **JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR. and DONNA DAVIS** have not been reinstated to their former positions and been retaliated against in violation of 29 U.S.C. §215(a)(3). These Plaintiffs have lost overtime pay that they are entitled to and an equal amount as liquidated damages.

47.     The Workers that have initially complained have been subjected to discriminatory conduct by one or more of the following managerial employees: Mike Lansing, Larry Spaulding, Terry Voyles, D.J. Shead, Robert Roderick, Jeffery Oldham, Larry Mendez, Dan Swaim, Mark Bentle, James Martinez and Randy Boone. These Plaintiffs request that managerial employees set forth hrein be punished pursuant to 29 U.S.C. §216(a) with imprisonment for not more than six (6) months and a fine not to exceed $10,000.00, or both.

48. There is a causal link between the adverse employment actions as described above and the assertion by Plaintiff Workers of both their rights and the unfulfilled duties of Defendant under the FLSA.

49. Other Workers and the class members fear retaliation for opposing the violations of FLSA by Defendant.

50. The actions of the Defendant are in violation of the anti-retaliation provisions of 29. U.S.C. §215(a)(3)(1994).

51. §704(e) of the 1964 Civil Rights Act makes it illegal for an employer to retaliate against any employee who has opposed any unlawful employment practice.

52. Certain of the Plaintiff Workers opposed the unlawful employment practices of Defendant and were consequently retaliated against as alleged above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Workers and the putative class seek judgment against Defendant as follows:

1. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. §216(b);

2. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs;

3. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Acts;

4. That Defendant be enjoined from further violations of the Fair Labor Standards Act;

5. That the named Plaintiff Workers and class members recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216(b);

6. That Plaintiff and the class recover an award of reasonable attorneys fees, costs, and expenses;

7. Order the Defendant to make whole the Plaintiff Workers and the class members by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

8. Plaintiffs further pray for such additional relief as the interests of justice may require.

Respectfully submitted,

_____
MICHAEL A. WARNER
Attorney for Plaintiffs
State Bar No. 20872700

The Warner Law Firm
101 S.E. 11th, Suite 301
Amarillo, Texas 79101
Tele:   806.372.2595
Fax:    806.372.5674
E-mail: mawamer@wtxcoxmail.com