IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR., DONNA DAVIS, ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, H. WAYNE BLACK, CHARLES DOUGLAS WALKER, GARY D. PHENIX, SCOTT BEECHER HERRING, PAM J. HITT, SAMUEL RAY GIBSON, JOHNNIE R. WHITAKER, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, STACY L. GRANT, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L. WITHERSPOON, ALVIN VIRGIL NEWTON, RODERICK J. UPTON, KEVIN LANKFORD, on their own behalf and for all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>BWXT PANTEX, L.L.C.,<br><br>  Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | <br><br>CIVIL ACTION NO. 2-07CV-049-J |

## AGREED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between BWXT PANTEX, L.L.C. ("Defendant") and Jowell C. Bullard, et al ("Plaintiffs"), through their respective counsel,

subject to the approval of the Court, that pursuant to Federal Rule of Civil Procedure 26(c), the following Protective Order be entered:

1. <u>Limited Use of All Information</u>. All information produced by a party voluntarily pursuant to informal requests for information or in discovery proceedings in the above-entitled action shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

2. <u>Designation as Confidential Information</u>. Any document or portion thereof, and any other form of evidence or discovery contemplated under the Federal Rules of Civil Procedure or Federal Rules of Evidence which may contain confidential, trade secret or proprietary information (hereinafter "Confidential Information") may be designated as Confidential Information which shall be subject to the terms and restrictions of this Protective Order.

3. <u>Information Not Subject to This Order as Confidential Information</u>. Confidential Information subject to this Protective Order shall mean information not generally known to the public, and information shall not be subject to this Order as Confidential Information, if the content and/or substance thereof:

(a) is, at the time of disclosure, in the public domain by publication or otherwise;

(b) becomes at any time, through no act or failure to act on the part of the receiving party, part of the public domain by publication or otherwise;

(c) is already in the possession of a party at the time of disclosure by the other party and was not acquired directly or indirectly from the disclosing party; or

(d) is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

4. <u>Method of Designation as Confidential Information</u>. Information may be designated as Confidential Information as follows:

(a) <u>Confidential</u>. Documents or copies provided by one party to another may be designated as Confidential Information by marking the initial page and all following pages "CONFIDENTIAL." Alternatively, documents or copies may be designated by letter at any time within sixty (60) days after the date of production by reference to document production page numbers.

(b) <u>Confidential for Attorneys Only</u>. Documents or copies provided by one party to another may be designated Confidential Information for Attorneys Only by marking the initial page and all following pages "CONFIDENTIAL FOR ATTORNEYS ONLY." Alternatively, documents or copies may be designated by letter at any time within sixty (60) days after the date of production by reference to document production page numbers.

(c) <u>Depositions</u>. Information disclosed at the deposition of a party or of one of its present or former officers, directors, employees, agents or consultants, or of any expert, may be designated by a party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS ONLY by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEYS ONLY." All depositions shall be treated as confidential from the taking of the deposition to thirty (30) days after receipt of the transcript by counsel for the parties, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.

(d) <u>Filing Confidential Information</u>. If any party intends to file responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers with the Court that reveal CONFIDENTIAL INFORMATION or CONFIDENTIAL FOR ATTORNEYS ONLY, the party intending to make such filing shall first notify all other parties and the Court so that necessary orders may be made to protect the confidentiality of the information.

5. <u>Objection to Designation</u>. Counsel for the receiving party at any time may object to selected documents or categories of documents which are designated "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEYS ONLY." If the objection cannot be resolved by the parties, then the matter may be brought before the Court for resolution by counsel for the receiving party. In any event, the disputed material shall remain CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS ONLY until the Court has ruled or the designation has been withdrawn or modified.

6. <u>Limited Use of Confidential for Attorneys Only Information</u>. Information designated "CONFIDENTIAL FOR ATTORNEYS ONLY" shall be protected by receiving counsel and shall not be provided to, disclosed to, reviewed by or otherwise made known to the parties, experts, or third persons without the written consent of counsel for the producing party or order of the Court. Information designated as "CONFIDENTIAL FOR ATTORNEYS ONLY," and any analysis or report pertaining thereto, shall be made available only to, and only inspected by, lawyers, legal assistants, and clerical personnel of counsel to any party to this action.

7. <u>Limited Use of Confidential Information</u>. Information designated "CONFIDENTIAL" shall be protected by receiving counsel, but may be disclosed by counsel to

non-parties not related to or affiliated with any party (hereinafter "non-party") who are retained by counsel to furnish technical or expert services or to give testimony with respect to the subject matter thereof, provided such persons agree, in advance, to be bound by this Protective Order and to use such information and materials solely for purposes of this litigation and to not disclose any such information or materials to any other person, firm or concern. Counsel for the receiving party shall notify counsel for the producing party, in writing, of the name of each person to whom Confidential Information will be shown or communicated, and shall have such person execute an affidavit in the form annexed hereto and shall forward a copy of the executed affidavit to counsel for the producing party.

If a producing party has a valid ground for objection to disclosure of Confidential Information to any non-party, then counsel for the producing party must notify the party sponsoring such non-party of its objection and the grounds therefore in writing within ten days after receipt of the non-party's affidavit referred to above. If no objections are made within this ten day period, then the non-party may receive the Confidential Information sought to be disclosed. However, no Confidential Information may be disclosed to such non-party until after the ten day period for objection has lapsed. Further, no Confidential Information may be disclosed to such non-party until any objection is resolved, except as provided hereafter. If the objection cannot be resolved by the parties, the party objecting to the disclosure may bring the matter before the Court for resolution. If the party objecting to the disclosure fails to request a hearing within 20 days after receipt of the affidavit referred to above, then the non-party may receive the Confidential Information sought to be disclosed.

Except as otherwise herein expressly provided, information designated as "CONFIDENTIAL," and any analysis or report pertaining thereto, shall be made available only

to, and only inspected by, lawyers, legal assistants, and clerical personnel of counsel to any party to this action.

8.  <u>Additional Use of Confidential Information</u>.  In the event that counsel for a party deems it necessary to disclose any Confidential Information of the producing party to any person not specified in paragraph 7 herein, said counsel shall notify counsel for the producing party, in writing, of (a) the information sought to be disclosed, and (b) the person(s) to whom such disclosure is sought to be made.  If a producing party has a valid ground for objection to disclosure of the identified Confidential Information to said person(s), then counsel for the producing party must notify the party sponsoring said person(s) of its objection and the grounds therefore in writing within ten days after receipt of the written notification referred to above.  If no objections are made within this ten day period, then the Confidential Information may be disclosed to said person(s).  However, no Confidential Information may be disclosed to said person(s) until after the ten day period for objection has elapsed.  Further, no Confidential Information may be disclosed to said person(s) until any objection is resolved, except as noted hereafter.  If the objection cannot be resolved by the parties, the party seeking the disclosure must request a hearing before the Court for resolution within ten days after receipt of the written notification referred to above.

9.  <u>Disclosure of Plaintiffs' Personal Employment Information</u>:  Certain documents provided to Plaintiffs by Defendant may contain personal employment information, including but not limited to, documents regarding compensation, hours worked, and disciplinary records.  To the extent that individual Plaintiffs do not want such information regarding their employment to be disclosed to other Plaintiffs, it is the obligation of Plaintiffs' attorneys to prevent or limit disclosure of such information to other Plaintiffs.  Furthermore, to the extent the Confidential

Information concerns non-party individuals such as SPOs or other BWXT Pantex employees, the Plaintiffs agree not to discuss such matters outside the litigation, including at the Pantex Plant.

10. <u>Designation Not Evidence</u>. This Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry into this stipulation nor the designation of any information, document, or the like as "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEYS ONLY," nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

11. <u>Inadvertent Disclosure</u>. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim or privilege or protection, including, but not limited to the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving notice from the producing party that materials have been inadvertently produced, or inadvertently produced without being designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEYS ONLY," all such materials, including copies thereof, shall be returned to the producing party within two working days of such notice.

12. <u>Record Sealed</u>. The Clerk of the Court is directed to maintain under seal all information, documents, objects and other materials filed with the Court that have been designated by a party to this action as "CONFIDENTIAL" or a "CONFIDENTIAL FOR ATTORNEYS ONLY." To assist the Clerk, any document or object a party wishes to have placed under seal pursuant to this Order shall be filed with the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the word "CONFIDENTIAL," and a statement substantially in the following form:

This envelope [container] contains documents [objects] that are filed in this case by [name of party], and is not to be opened, nor are the contents thereof to be displayed or revealed, except by order or under the direction of the Court.

13.   <u>Use at Trial</u>.   Nothing in this Order shall prevent a party from using any information or materials designated "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEYS ONLY" at trial, during a hearing, or other Court proceeding.  However, the party using such information or material must request that the portion of the proceeding where said use is made shall be held *in camera*, and the transcript of that portion of the proceeding be maintained under seal in accordance with paragraph 7 hereof, with access thereto limited to counsel for the parties.

14.   <u>Final Disposition of Confidential Information</u>.  Unless otherwise ordered by the Court, within thirty (30) days after the conclusion of this action, all documents, objects and other materials produced or designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEYS ONLY," and other materials produced or designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEYS ONLY," and all reproductions thereof, shall be returned to the producing party, or in the case of copies bearing any attorney's notes or the like, shall be destroyed.  However, counsel for a party shall be permitted to retain in their files a copy of all papers and documents filed with the Court in connection with this action.  Return or destruction does not release the obligation to comply with the other obligations imposed under this Protective Order.

15.   <u>Further Orders and Continuing Jurisdiction</u>.   Agreement to the entry of this Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of confidential documents or seeking to rescind, modify, alter or amend this

Order with respect to specific documents. All parties and all persons who have agreed to be bound by this Protective Order shall be subject to the continuing jurisdiction of this Court for purposes of enforcing this Order, and this Order shall continue to be binding after the conclusion of this litigation, absent written permission of the producing party or further order of this Court.

16. <u>Other Non-Disclosure Agreements</u>. Defendant and Plaintiffs incorporate by reference the Unclassified Nuclear Information Non-Disclosure Agreement and the Official Use Only Information Non-Disclosure Agreement which were signed by the parties (the Non-Disclosure Agreements"). However, Defendant and Plaintiffs agree to modify the Disclosure Agreements to allow Plaintiffs to show the disclosed OUO and UCNI to consulting experts only, so long as the expert agrees to be bound by this Protective Order as provided in Paragraph 7.

Dated: 9/21/07

_____
UNITED STATES DISTRICT JUDGE

**JOINTLY SUBMITTED:**

        Bradley W. Howard
        State Bar No. 00786452
        Robert C. Vartabedian
        State Bar No. 24053534
        BROWN & FORTUNATO, P.C.
        905 South Fillmore, Suite 400 (79101)
        P.O. Box 9418
        Amarillo, TX 79105-9418
        (806) 345-6300 Telephone;
        (806) 345-6363 Facsimile
        bhoward@bf-law.com Email

By:   /s/ Bradley W. Howard
       Bradley W. Howard

**ATTORNEYS FOR DEFENDANT**

and

David P. Matthews
Texas Bar No. 13206200
Jason C. Webster
Texas Bar No. 24033318
MATTHEWS & ASSOCIATES
2905 Sackett
Houston, TX 77098
(713) 222-8080 Telephone
(713) 535-7184 Fax
dmatthews@thematthewslawfirm.com
jwebster@thematthewslawfirm.com

By:   /s/ Jason C. Webster
       Jason C. Webster

        Michael A. Warner
        Texas Bar No. 20872700
        THE WARNER LAW FIRM
        101 S.E. 11th, Suite 301
        Amarillo, TX  79101
        (806) 372-2595 Telephone
        (806) 372-5674 Fax
        mawarner@suddenlinkmail.com

By:   /s/ Michael A. Warner
       Michael A. Warner

**ATTORNEYS FOR PLAINTIFF**

\\server2\documents$\04\2268.001\AgreedProtectiveOrder_2268001.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR., DONNA DAVIS, ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, H. WAYNE BLACK, CHARLES DOUGLAS WALKER, GARY D. PHENIX, SCOTT BEECHER HERRING, PAM J. HITT, SAMUEL RAY GIBSON, JOHNNIE R. WHITAKER, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, STACY L. GRANT, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L. WITHERSPOON, ALVIN VIRGIL NEWTON, RODERICK J. UPTON, KEVIN LANKFORD, on their own behalf and for all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>BWXT PANTEX, L.L.C.,<br><br>　　　Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2-07CV-049-J |

### ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND THEREBY

　　　The undersigned does hereby acknowledge that he/she read a copy of the Agreed Protective Order entered in the above referenced case and agrees to be bound by the terms thereof.

_____

NAME


_____

TYPED OR PRINTED NAME


_____

RELATIONSHIP TO THIS LAWSUIT


_____

DATE