## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| JOWELL C. BULLARD, NORRIS | § | |
| RAY TOLLERSON, JR., RANDY | § | |
| STOKES, JR., DONNA DAVIS, | § | |
| ROBERT F. DEXTER, JR., | § | |
| JOSHUA R. LUSTER, SCOTT RUSK, | § | |
| JEFFORY E. POOL, TYE A. WARD, | § | |
| JAMES DAVID SMITH, MICHAEL A. | § | |
| KING, DOMINGO MARQUEZ, | § | |
| STEPHEN A. WILSON, H. WAYNE | § | |
| BLACK, CHARLES DOUGLAS WALKER, | § | |
| GARY D. PHENIX, SCOTT BEECHER | § | |
| HERRING, PAM J. HITT, SAMUEL RAY | § | |
| GIBSON, JOHNNIE R. WHITAKER, | § | |
| EUFEMIO JOE RUBALCABA, | § | |
| CHRISTOPHER L. SCHWARZ, | § | |
| STACY L. GRANT, | § | CIVIL ACTION NO. 2-07CV-049-J |
| HERBERT CHARLES CARR, | § | |
| CHRIS JENKINS, TODD FINLEY, | § | |
| KEVIN WAYNE OSBORNE, | § | |
| M.L. WITHERSPOON, | § | |
| ALVIN VIRGIL NEWTON, | § | |
| RODERICK J. UPTON, KEVIN LANKFORD, | § | |
| on their own behalf and for | § | |
| all others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| BWXT PANTEX, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE THE CLAIMS OF OPT-IN PLAINTIFFS JEFFERY S. GARDNER, DAVID N. WHEELER, AND MARK THORNBURG

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, by and through its attorneys of record, Brown & Fortunato, P.C., files this Brief in Support of Defendant's Unopposed Motion to Dismiss Without Prejudice the Claims of Opt-ins Jeffery S. Gardner, David N. Wheeler, and Mark Thornburg.  Because these opt-ins are not named Plaintiffs in this suit, and because this suit is not a collective action, Defendant requests that the Court dismiss the claims of opt-in Jeffery S. Gardner, opt-in David N. Wheeler, and opt-in Mark Thornburg (the "Opt-ins").

## I. BACKGROUND

Plaintiffs filed their Original Complaint on March 19, 2007.  According to the Court's scheduling order, July 30, 2007 was the deadline to join parties. On August 1, 2006, the Court Granted Plaintiffs' Unopposed Motion for Leave to Amend Plaintiffs' Complaint, and Plaintiffs filed their Second Amended Complaint, which added an additional seventeen (17) named Plaintiffs for a total of thirty-one (31) named Plaintiffs.

Plaintiffs' counsel filed an "Opt-in Authorization" with the Court on August 28, 2007 on behalf of Jeffery S. Gardner.  On October 4, 2007, Plaintiffs' counsel filed "Opt-in Authorizations" for David N. Wheeler and Mark Thornburg.  To date, Plaintiffs and Defendant have both engaged in discovery for each individual named Plaintiff in the suit, but neither party has conducted any discovery regarding the Opt-ins.  The Opt-ins are not parties in this suit, and this suit has not been certified (conditionally or otherwise) as a collective action.  Accordingly, any claims of Gardner, Wheeler, and Thornburg must be dismissed without prejudice.

## II. ARGUMENT

**A.   GARDNER, WHEELER, AND THORNBURG CANNOT BE ADDED AS PARTIES BECAUSE THE DEADLINE TO JOIN PARTIES HAS EXPIRED**

July 30, 2007 was the deadline to join parties under the Court's Original Rule 16 Scheduling Order.  Plaintiffs' Second Amended Complaint added seventeen (17) new Plaintiffs as named Plaintiffs in the suit.  However, the Opt-ins were not added as parties in the Second Amended Complaint, and have never been named Plaintiffs in this suit.  The deadline to join parties has now passed, and accordingly, the Opt-ins cannot join the suit.

**B.   GARDNER, WHEELER, AND THORNBURG CANNOT PARTICIPATE IN THIS   SUIT AS "OPT-INS" BECAUSE THIS SUIT IS NOT A COLLECTIVE ACTION**

This suit has not been certified as a collective action.  Generally, plaintiffs bringing collective actions seek conditional certification of their class at the "notice stage," prior to commencing discovery.  See *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995).  The second step of the analysis generally occurs at or near the close of discovery when the defendant can move to dismiss the opt-in plaintiffs in light of the record developed during discovery.  See, *e.g., Hunter v. Sprint Corp.*, 346 F.Supp.2d 113, 117 (D.C.C. 2004); *Cameron-Grant v. Maxim Healthcare Servs. Inc.,* 347 F.3d, 1240 1243 n.2 (11th Cir. 2003); *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042, 1045 (N.D.Ill. 2003).  In such cases, the court must determine whether the plaintiffs who have opted into the lawsuit are, in fact, similarly situated to the representative Plaintiffs. *Id.*

In this case, however, the discovery period is almost over[1], and no collective action has been certified.  Because Plaintiffs have not sought certification and Defendant has not sought

---

[1] According to the Court's Original Rule 16 Scheduling Order, "All discovery procedures shall be initiated in time to complete discovery by December 17, 2007."

decertification, the parties have not conducted any discovery regarding whether the Opt-ins are similarly situated to any representative Plaintiffs. The written discovery and Plaintiffs' depositions to date have focused on the individual Plaintiffs' claims. As a result, no record has been developed during discovery that pertains to whether any representative Plaintiffs are similarly situated to the Opt-ins. Therefore, the Opt-ins' claims must be dismissed.

### C.   GARDNER, WHEELER, AND THORNBURG'S CLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE

The Opt-ins have never been parties to the suit. Furthermore, because this suit has not been certified as a collective action, the Opt-ins' interests are not and have never been represented by the named Plaintiffs in the suit. Where claimants have not joined a suit, it is proper for the district court to dismiss those claimants' causes without prejudice. See *Russell v. Dawson County, TX.*, F.Supp.2d, 2004 WL 557162 *3 (N.D.Tex. 2004); see also, *Kane v. Gage Merchandising Svcs., Inc.*, 138 F.Supp.2d 212, 214 (D.Mass. 2001) (dismissing the claims of opt-ins without prejudice after decertifying a collective action).

### III.  CONCLUSION

The Opt-ins have not been joined as parties and Plaintiffs' suit has not been certified as a collective action. Accordingly, Defendant prays that the Court grant Defendant's Unopposed Motion to Dismiss Without Prejudice the Claims of Opt-ins Jeffery S. Gardner, David N. Wheeler, and Mark Thornburg.

Respectfully submitted,

Bradley W. Howard
State Bar No. 00786452
Robert C. Vartabedian
State Bar No. 24053534
BROWN & FORTUNATO, P.C.
905 South Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile
bhoward@bf-law.com Email

By:     /s/ Bradley W. Howard                    
        Bradley W. Howard

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document and that a true and correct copy was served on the parties listed below through the electronic case filing system if the Notice of Electronic Filing indicated that the parties received it or otherwise by mailing a copy by Certified Mail, Return Receipt Requested, to the parties this 19th day of November, 2007.

Michael A. Warner
The Warner Law Firm
101 S.E. 11th, Suite 301
Amarillo, TX 79101

Jason C. Webster
Matthews & Associates
2905 Sackett
Houston, TX 77098

/s/ Bradley W. Howard                       
Bradley W. Howard

\\server2\documents$\04\2268.001\BriefUnopposedMtntoDismissOptIns_2268001.doc