**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| JOWELL C. BULLARD, et al, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § § § | CIVIL ACTION NO. 2-07CV-049 |
| BABCOCK & WILCOX TECHNICAL SERVICES PANTEX, LLC., | § § § § | |
| Defendant. | § | |

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON SALARY AMOUNT AND THE SALARY BASIS TEST**

---

Bradley W. Howard
State Bar No. 00786452
Robert C. Vartabedian
State Bar No. 24053534
BROWN & FORTUNATO, P.C.
905 S. Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile

**ATTORNEYS FOR DEFENDANT**

**TABLE OF CONTENTS**

I.   INTRODUCTION ....................................................................................................6

II.  STATEMENT OF UNDISPUTED MATERIAL FACTS ..................................8

III. STANDARD OF REVIEW ....................................................................................9

IV.  ARGUMENTS AND AUTHORITIES SUPPORTING SUMMARY JUDGMENT........10

   A. Defendant Paid Plaintiffs Significantly More Than the $455 per Week Required for Exempt Employees Under the FLSA ...................................................................10

   B. Defendant Paid Plaintiffs on a Salary Basis as Required for Exempt Employees Under the FLSA........................................................................................................11

      1. Defendant Paid Plaintiffs a Predetermined Salary on a Bi-Weekly Basis.............11

      2. The Plaintiffs' Salaries Were Not Subject to Reductions Based on Variations in the Quality or Quantity of the Work Plaintiffs Performed ...............................12

         a. Defendant's Policy of Substituting Leave Time for Hours Worked Under Forty in a Workweek is Permissible Under the FLSA……………...…….13

         b. Defendant's Military Leave Policy is Permissible Under the FLSA ……….15

         c. Defendant's Short-term Disability Policy Does Not Violate the FLSA  …...16

         d. Pay Adjustments Made by the Payroll Department Do Not Raise a Fact Issue Regarding Plaintiffs' Status as Salaried Employees…………………..16

V.   CONCLUSION........................................................................................................19

## INDEX OF AUTHORITIES

*ACS v. Detroit Edison Co.*, 444 F.3d 763, 768 (6th Cir. 2006) .................................................................12

*Barner v. City of Novato*, 17 F.3d 1256, 1261 (9th Cir. 1994)…………………………………..14

*Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) ................................................. 18

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ................................................................... 9

*Cooke v. General Dynamics Corp.,* 993 F.Supp. 50, 53 (D. Conn. 1997) ................................... 14

*Dalheim v. KDFW-TV*, 918 F.2d 1220 (5th Cir. 1990) .................................................................. 10

*Davis v. City of Hollywood*, 120 F.3d 1178, 1180 (11th Cir. 1997)…………………………...18

*DiGiore v. Ryan*, 172 F.3d 454, 464-65 (7th Cir. 1999) *(overruled on other grounds,* 246 F.3d

   897 (7th Cir. 2001)………………………………………………………………………..... 18

*Doherty v. Ctr. for Assisted Reproduction*, 108 F.Supp. 2d 672, 677, 678

  (N.D. Tex. 2000) ........................................................................................................... 14, 15

*Elliot v. Flying J. Inc.*, 243 Fed. App. 509, WL 2068360*2 (11th Cir. July 20, 2007) ................. 16

*Forsyth v. Barr,* 19 F.3d 1527, 1533, 1537 (5th Cir. 1994) ............................................................ 10

*Graziano v. Soc'y of the New York Hosp.*, 1997 WL 639026 (S.D.N.Y. 1997) ........................... 15

*In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 710, 728 (D.Colo. 2007) ......................................... 18

*Kuchinskas v. Broward County*, 840 F.Supp. 1548, 1556 (S.D. Fla. 1993), aff'd, 86 F.3d 1168

  (11th Cir. 1996) ........................................................................................................................ 12

*Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ...................... 9

*O'Brien v. Town of Agawam*, 350 F.3d 279, 294 (1st Cir. 2003)………...……………………18

*Sharpe v. MCI Telecommunications Corp.,* 19 F.Supp. 2d 483, 492-493 (E.D.N.C. 1998) ........ 17

*Spradling v. City of Tulsa*, 198 F.3d 1219, 1224 (10th Cir. 2000) ............................................... 18

*Webster v. Pub. Sch. Employees of Wash. Inc.*, 247 F.3d 910, 917 (9th Cir. 2001) ................ 14, 15

*York v. City of Wichita Falls,* 944 F.2d 236, 242 (5th Cir. 1991) .................................................. 14

**CODES**

29 C.F.R. § 541.100 ........................................................................................................................6, 10

29 C.F.R. § 541.118(a) ...........................................................................................................................12

29 C. F.R. § 541.200 ........................................................................................................................6, 10

29 C.F.R. § 541.601…………………………………………………………………..….…6

29 C.F.R. § 541.602 ..........................................................................................................................7, 19

29 C.F.R. § 541.602(a) ...................................................................................................................11, 17

29 C.F.R. § 541.602 (b)(2) ....................................................................................................................16

29 C.F.R. § 541.602(b)(3) .....................................................................................................................16

29 C.F.R. § 541.602(b)(6) .....................................................................................................................17

29 U.S.C. § 255(a) ...........................................................................................................................7, 8

**OTHER AUTHORITIES**

Wage and Hour Opinion Letter (July 9, 2003), 2003 WL 23374601……………………………12

Wage and Hour Opinion Letter (May 13, 2004) 2004 WL 2146922…………………………....12

**RULES**

Fed. R. Civ. P. 56(c) .............................................................................................................................9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **JOWELL C. BULLARD, NORRIS** | § | |
| **RAY TOLLERSON, JR., RANDY** | § | |
| **STOKES, JR., DONNA DAVIS,** | § | |
| **ROBERT F. DEXTER, JR.,** | § | |
| **JOSHUA R. LUSTER, SCOTT RUSK,** | § | |
| **JEFFORY E. POOL, TYE A. WARD,** | § | |
| **JAMES DAVID SMITH, MICHAEL A.** | § | |
| **KING, DOMINGO MARQUEZ,** | § | |
| **STEPHEN A. WILSON, H. WAYNE** | § | |
| **BLACK, CHARLES DOUGLAS WALKER,** | § | |
| **GARY D. PHENIX, SCOTT BEECHER** | § | |
| **HERRING, PAM J. HITT, SAMUEL RAY** | § | |
| **GIBSON, JOHNNIE R. WHITAKER,** | § | |
| **EUFEMIO JOE RUBALCABA,** | § | |
| **CHRISTOPHER L. SCHWARZ,** | § | |
| **STACY L. GRANT,** | § | **CIVIL ACTION NO. 2-07CV-049-J** |
| **HERBERT CHARLES CARR,** | § | |
| **CHRIS JENKINS, TODD FINLEY,** | § | |
| **KEVIN WAYNE OSBORNE,** | § | |
| **M.L. WITHERSPOON,** | § | |
| **ALVIN VIRGIL NEWTON,** | § | |
| **RODERICK J. UPTON, KEVIN LANKFORD,** | § | |
| **on their own behalf and for** | § | |
| **all others similarly situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | |
| **BABCOCK & WILCOX TECHNICAL** | § | |
| **SERVICES PANTEX, LLC.,** | § | |
| | § | |
| **Defendant.** | § | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON SALARY AMOUNT AND THE SALARY BASIS TEST**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Babcock & Wilcox Technical Services Pantex, LLC ("Defendant"), by and through its attorneys of record, Brown & Fortunato, P.C., files this Brief in Support of Defendant's Motion for Partial Summary Judgment on Salary Amount and the Salary Basis Test.  In order to narrow the scope of the issues that will be presented at trial to those where there is actually a genuine dispute as to material facts, Defendant's motion requests the Court to determine as a matter of law that Plaintiffs are (1) paid at least $455 per week and (2) are paid on a "salary basis" pursuant to the requirements of the Fair Labor Standards Act ("FLSA").  The legal and factual grounds for the Defendant's Motion for Partial Summary Judgment are set forth herein.

## I. INTRODUCTION

Plaintiffs filed their Original Complaint on March 19, 2007, alleging that Defendant violated the FLSA because it did not pay Plaintiffs time and one-half for overtime.  The crux of the dispute between Plaintiffs and Defendant is whether the Plaintiffs are exempt employees under the FLSA.  In order to establish that Plaintiffs are exempt employees, Defendant must demonstrate that (1) the Plaintiffs were paid at least $455 per week, (2) the way the Plaintiffs are compensated meets the salary basis test, and (3) the Plaintiffs meet the job duties test for the administrative or executive exemption under 29 C.F.R. §541.100 or 29 C.F.R. §541.200, some combination of those duties, or 29 C.F.R. §541.601 (for highly compensated employees).

After conducting significant discovery, it appears that there is some disagreement regarding the duties and responsibilities preformed by Plaintiffs.  Several Plaintiffs characterize their job duties and responsibilities differently than their supervisors.  As a result of this inconsistent testimony, the issues of whether Plaintiffs perform exempt duties might be difficult to resolve on summary judgment.

In contrast, there is no genuinely disputed issue of material fact as to whether the Plaintiffs are compensated at least $455 per week or whether Plaintiffs are compensated on a salary basis. Plaintiffs do not allege that they are paid less than $455 per week. Plaintiffs do, however, assert unsupported allegations in their Complaint that they are paid "an hourly wage" and that they are paid "a 'salary' if and only if they work the requisite number of hours which would deem them 'eligible' for their 'salary.'" Plaintiffs' Second Amended Complaint, p. 6, at ¶¶ 13, 14.

However, the Plaintiffs have failed to offer any evidence that they are not paid a guaranteed salary. Defendant is not aware of one Plaintiff who has specifically alleged, or could possibly prove, improper deductions from his or her salary sufficient to create a fact issue on the salary basis test. The Court need look no further than Plaintiffs' own payroll records to see that Plaintiffs' accusations regarding the salary basis test are without any merit.

In fact, all Plaintiffs have been paid a guaranteed salary that is not subject to reduction because of variations in the quality and quantity of the work they have performed for the entire statutory period.[1] Defendant has reviewed the payroll documents for all Plaintiffs during all periods of time for which they are suing and has established that they were paid on a salary basis pursuant to 29 C.F.R. § 541.602.

Although the allegations asserted by some of the thirty-one Plaintiffs about their job duties may not be resolved until trial, the issues regarding (1) whether Plaintiffs are paid at least

---

[1] Defendant contends that a two-year statute of limitations should apply to Plaintiffs' claims, but for the purposes of this Motion, Defendant assumes that the operative statutory period is three (3) years, as that is the longest possible statute of limitations that could apply to Plaintiffs' claims pursuant to 29 U.S.C. § 255(a). Accordingly, Defendant's Motion establishes that all Plaintiffs were paid on a salary basis dating back to March 19, 2004, which is three (3) years before Plaintiffs filed suit.

$455 per week and (2) whether Plaintiffs are paid on a salary basis are ripe for summary judgment. Plaintiffs have not and cannot raise a genuinely disputed issue with regard to the fact that Plaintiffs are paid at least $455 per week and that they are salaried, so there is no need to delay the resolution of these matters until the time of trial.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1.   Plaintiffs are or were employees of Defendant employed as 1st or 2nd Lieutenants or Captains in the Protective Force or Fire Department. Affidavit of Richard E. Fry ("Fry Affidavit"), attached as Exhibit 1 in the Appendix of Exhibits for the Brief in Support of Defendant's Motion for Partial Summary Judgment on Salary Amount and the Salary Basis Test (App. 2-3), at ¶ 3.

2.   In this suit, Plaintiffs are suing Defendant for alleged damages during time periods where the Plaintiffs were employed as 1st or 2nd Lieutenants or Captains in the Protective Force or Fire Department, dating back to March 19, 2004, at the earliest. *Id.; see* Plaintiffs' Original Complaint (filed on March 19, 2007); *see also,* 29 U.S.C. § 255(a) (stating that a three-year statute of limitations is the longest available for FLSA claims).

3.   Defendant classified Plaintiffs as exempt for all time periods where they were employed as 1st or 2nd Lieutenants or Captains in the Protective Force or Fire Department. Fry Affidavit, Exhibit 1 (App. 2-3), at ¶ 3.

4.   Defendant paid all Plaintiffs on a bi-weekly basis. *Id*. (App. 4), at ¶ 7.

5.   All Plaintiffs, for any time periods they were classified as exempt by Defendant, had a predetermined, bi-weekly salary established by Defendant ("Base Salary"). *Id.*

6. In addition to their bi-weekly salary, Plaintiffs receive "premium pay" or "straight time" for hours worked over forty (40) in a workweek that are recorded as overtime hours. *Id.* (App. 4), at ¶ 8.

7. Based on dividing their bi-weekly salary by two (2), all Plaintiffs have been paid significantly more than $455 per week since at least March 19, 2004, while the Plaintiffs were working for Defendant and classified as exempt employees. *Id.* (App. 4), at ¶ 7.

8. Defendant may require Plaintiffs to substitute leave time from their banks of vacation leave, holiday leave, or sick leave when the Plaintiffs work less than forty (40) hours in a week. *Id.* (App. 4-5), at ¶ 9.

9. Pursuant to Defendant's military leave policy, Plaintiffs are paid their Base Salary for all time spent on military leave, less any amount the military pays the Plaintiffs for their time spent on military leave. *Id.* (App. 5), at ¶ 11.

10. Pursuant to Defendant's bona fide policy providing compensation for loss of salary occasioned by sickness or disability, if Plaintiff exhausts all of his or her sick leave time, he or she may be placed on short term disability and compensated for full days missed for sickness or disability at a rate of seventy (70%) of his or her Base Salary. *Id.* (App. 6), at ¶ 12.

### III. STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Defendant, as the moving party, has the initial burden of showing that there is no genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Once

Defendant has met this burden, Plaintiffs must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] their claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). Plaintiffs may not avoid summary judgment by resting "merely upon conclusory allegations, improbable inferences and unsupported speculation." *Id.* at 1533.

Although the historical facts regarding the employment history, and inferences based on these facts, are questions of fact, the ultimate issue of whether an employee is exempt from the FLSA's overtime compensation provisions is a question of law. *Dalheim v. KDFW-TV*, 918 F.2d 1220 (5th Cir. 1990). In this case, summary judgment is proper because there are no genuine disputes as to whether the Plaintiffs met the salary amount and salary basis requirements of the FLSA for all relevant time periods.

### IV.  ARGUMENTS AND AUTHORITIES SUPPORTING SUMMARY JUDGMENT

**A.  DEFENDANT PAID PLAINTIFFS SIGNIFICANTLY MORE THAN THE $455 PER WEEK REQUIRED FOR EXEMPT EMPLOYEES UNDER THE FLSA**

A bona fide executive exempt or administrative exempt employee under Section 13(a)(1) of the FLSA must be paid on a salary or fee basis at a rate of "not less than $455 per week, exclusive of board, lodging and other facilities." 29 C.F.R. §541.100; 29 C.F.R. §541.200. For all relevant pay periods, the Plaintiffs' base salaries range from $1,938.46 bi-weekly (paid to Plaintiffs Kevin Lankford and Stacy Grant on March 28, 2004, (*see* App. 48 and App. 70)) to $2,809.85 bi-weekly (paid to Plaintiff H. Wayne Black on November 18, 2007 (*see* App. 36)). Fry Affidavit, Exhibit 1 (App. 4), at ¶ 7; *see also*, the "Payroll Spreadsheet," attached as Exhibit 3 to the Appendix of Exhibits for the Brief in Support of Defendant's Motion for Partial

Summary Judgment on Salary Amount and the Salary Basis Test (App. 23 to 77). Based on these bi-weekly salaries, the lowest paid Plaintiffs were paid a salary of at least $969.23 per week ($1,938.46 divided by two) for all relevant pay periods. Fry Affidavit, Exhibit 1 (App. 4), at ¶ 7. Accordingly, all Plaintiffs are paid a salary well over $455 per week.

**B.   DEFENDANT PAID PLAINTIFFS ON A SALARY BASIS AS REQUIRED FOR EXEMPT EMPLOYEES UNDER THE FLSA**

   **1. DEFENDANT PAID PLAINTIFFS A PREDETERMINED SALARY ON A BI-WEEKLY BASIS**

The FLSA explains that an "employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation…" 29 C.F.R. § 541.602 (a). In keeping with this rule Defendant established a bi-weekly salary for all Plaintiffs that constituted part of their compensation.

All of the Plaintiffs are, and were since at least March of 2004, paid a predetermined bi-weekly salary of at least $455 for all time periods when they were classified as exempt. Fry Affidavit, Exhibit 1 (App. 4), at ¶ 7. Plaintiffs' base salaries are listed under the column "Base Salary" on the Payroll Spreadsheet, Exhibit 3 (App. 23 to 77).

Exhibit 3 confirms the amount of predetermined salary for each of the thirty-one (31) Plaintiffs for all relevant time periods. For example, Plaintiff Herbert Carr's Base Salary was $2,030.77 from the October 22, 2006 pay period to the July 29, 2007, pay period. Exhibit 3, at p. PAN 13823 (App. 37). After July 29, 2007, Plaintiff Carr's Base Salary increased to $2,123.08. *Id.* Exhibit 3 contains the Base Salary information for all thirty-one (31) Plaintiffs, as well as the three (3) opt-in Plaintiffs who were recently dismissed from the case.

Furthermore, Plaintiffs record their hours worked and are paid "straight time" or "premium pay" in addition to their salary, but this has no impact on their exempt status. The fact that Plaintiffs are required to keep track of their hours is immaterial. The Department of Labor has consistently taken the position that tracking hours worked by exempt employees does not disqualify the employees from the exemption. Wage and Hour Opinion Letter (July 9, 2003), 2003 WL 23374601; Wage and Hour Opinion Letter (May 13, 2004) 2004 WL 2146922; *see also Kuchinskas v. Broward County*, 840 F.Supp. 1548, 1556 (S.D. Fla.1993), *aff'd,* 86 F.3d 1168 (11th Cir. 1996) (the court held that requiring employees to keep timesheets did not affect their status as "salary based" employees). Additionally, payment of "straight time" or "premium pay" in addition to Plaintiffs' salaries does not alter Plaintiffs' exempt status in any way. *ACS v. Detroit Edison Co.*, 444 F.3d 763, 768 (6th Cir. 2006); *see also*, 29 C.F.R. § 541.118 (a) ("[T]he exemption is not lost if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek.").

### 2. THE PLAINTIFFS' SALARIES WERE NOT SUBJECT TO REDUCTIONS BASED ON VARIATIONS IN THE QUALITY OR QUANTITY OF THE WORK PLAINTIFFS PERFORMED

By analyzing the Plaintiffs' Base Salaries and comparing them to the actual amount of salary Defendant paid to Plaintiffs during all relevant time periods, Richard Fry was able to determine that there was no deduction of any kind from the salaries of nineteen (19) of the thirty-one (31) Plaintiffs. Fry Affidavit, Exhibit 1 (App. 4-5), ¶¶ 8, 10. Three (3) Plaintiffs had their salaries reduced because of military pay. Fry Affidavit, Exhibit 1 (App. 5), at ¶ 11. Three (3) additional Plaintiffs had their salaries reduced because they were placed on short-term disability.

Fry Affidavit, Exhibit 1 (App. 6), at ¶ 12. Of the thirty-one (31) Plaintiffs, Richard Fry was able to locate only seven (7) Plaintiffs who had some sort of adjustment made to their salary by the Payroll Department. Fry Affidavit, Exhibit 1 (App. 6), at ¶ 13. Dennis Michel, Defendant's Payroll Manager, was able to determine that all seven (7) of these adjustments were not impermissible salary reductions, but rather, were either permissible reductions or were corrections based on overpayments of salary in the previous pay periods.[2] Affidavit of Dennis E. Michel ("Michel Affidavit"), attached as Exhibit 2 to the Appendix of Exhibits for the Brief in Support of Defendant's Motion for Partial Summary Judgment on Salary Amount and the Salary Basis Test (App. 12-14), at ¶¶ 8-14. Defendant can establish as a matter of law that the above-referenced deductions are all permissible under the FLSA.

### a. Defendant's Policy of Substituting Leave Time for Hours Worked Under Forty in a Workweek is Permissible Under the FLSA

Plaintiffs claim that they are not paid on a "salary basis" because they are generally required to use leave time to make up for hours worked under forty (40) in a workweek. Plaintiffs assert that they are paid "a 'salary' if and only if they work the requisite number of hours which would deem them 'eligible' for their 'salary.'" Plaintiffs' Second Amended Complaint, p. 6, at ¶ 13, 14. In response to an interrogatory from Defendant requesting an explanation of this allegation, Plaintiffs clarified this argument in their Objections and Responses to Defendant's First Set of Interrogatories by explaining that they are not "salaried" because they must use leave time to cover hours worked under forty (40) in a week. As one Plaintiff stated:

---

[2] Defendant notes that nineteen (19) Plaintiffs had no adjustments to salary, three (3) had adjustments due to military leave, three (3) had adjustments due to short-term disability, and seven (7) had adjustments or corrections made by the Payroll Department. This does not add up to thirty-one (31) because Donna Davis was both on short-term disability and had a correction made to her salary by the Payroll Department.

"If I do not work forty (40) hours in a week, I do not get my 'salary.' My pay is docked and I must use 'comp' time or some other time, if I have it, to get my forty (40) hours in for the work week." *See* Plaintiff Bullard's answer to Interrogatory No. 12 in Jowell Bullard's Objections and Responses to First Set of Interrogatories, excerpt attached as Exhibit 4 to the Appendix of Exhibits for the Brief in Support of Defendant's Motion for Partial Summary Judgment on Salary Amount and the Salary Basis Test (App. 78-79).[3]

Defendant agrees that "Plaintiffs who work less than forty (40) hours in a given work week are generally required to account for that time by using their accrued vacation days, sick leave, or holiday leave." Fry Affidavit, Exhibit 1 (App. 4-5), at ¶ 9. Plaintiffs are misinformed about the law to the extent that they allege that this policy of substituting "comp time" constitutes a reduction in salary under the FLSA.

As a matter of law, a deduction from leave banks or "comp time" will not affect Plaintiffs' status as exempt employees. *Doherty v. Ctr. for Assisted Reproduction*, 108 F. Supp. 2d 672, 678 (N.D. Tex. 2000); *see also York v. City of Wichita Falls*, 944 F.2d 236, 242 (5th Cir. 1991); *Webster v. Pub. Sch. Employees of Wash. Inc.*, 247 F.3d 910, 917 (9th Cir. 2001), *Cooke v. General Dynamics Corp.*, 993 F.Supp. 50, 53 (D. Conn. 1997); *Barner v. City of Novato*, 17 F.3d 1256, 1261 (9th Cir. 1994). In *Doherty*, the court determined that an employee was exempt and found for the defendant on summary judgment. 108 F. Supp. 2d at 677. The plaintiff argued that the company's policy of allowing employees to use accumulated extra weekend time to fill in for time not worked during the week was an improper deduction. *Id.* The court rejected this argument, holding that this type of a time bank was "not 'compensation' or 'salary' under the

---

[3] All Plaintiffs provided a similar, if not identical, response to Plaintiff Bullard's answer to Interrogatory No. 12.

FLSA" and that an employee's exempt status would not be affected by reduction of these leave banks. *Id.* at 678.

Apart from reduction in compensatory time, the court also held that reductions in vacation and sick time were permissible as well. "[E]ven if Defendant deducted Plaintiff's vacation and/or sick time in increments of less than one day, such deduction is irrelevant to her status as an exempt employee because employers *can* make such deductions of accrued vacation or sick time." *Id*. (emphasis in original). The relevant inquiry, the court held, is whether salary was deducted, not comp time, and the court determined that the employer did not deduct any salary. *Id.* The result is the same even if the leave that must be deducted to account for the required number of hours has independent financial value, such as if the employee could receive a cash payout for unused leave. *Webster*, 247 F.3d at 917, n.4.; *see also Graziano v. Soc'y of the New York Hosp.*, 1997 WL 639026 (S.D.N.Y. 1997).

Therefore, Plaintiffs and Defendant are in agreement that the Plaintiffs are generally required to use leave time when they work less than forty (40) hours in a work week. However, Plaintiffs' allegation that this policy means they are not "salaried" simply does not comport with the applicable law.

### b.  Defendant's Military Leave Policy is Permissible Under the FLSA

Richard Fry noted in his affidavit that three (3) Plaintiffs have been on military leave during the relevant time period. Based on his review of the Plaintiffs' payroll information, he stated that **"Alvin Virgil Newton, Norris R. Tollerson, and Roderick J. Upton were paid less than their base salary by [Defendant] for some pay periods because they were on military leave."** Fry Affidavit, Exhibit 1 (App. 5), at ¶ 11.  Richard Fry further explains that "pursuant to Pantex's

military leave policy, Plaintiffs Newton, Tollerson, and Upton were paid their salary, less payments received from the military, for time spent on military leave." *Id.* This reduction is perfectly acceptable, as the FLSA allows employers to offset any amounts received by an employee as military pay for a particular week against the salary due for that particular week without losing the exemption. 29 C.F.R. § 541.602(b)(3).

### c. Defendant's Short-term Disability Policy Does Not Violate the FLSA

Richard Fry also noted that "Donna Davis, James David Smith, and Kevin Lankford were paid less than their base salary for certain time periods because they were placed on seventy percent (70%) pay." Fry Affidavit, Exhibit 1 (App. 6), at ¶ 12. Fry further explains in ¶ 12 that "pursuant to [Defendant's] bona fide policy providing compensation for loss of salary occasioned by sickness or disability, Davis, Smith and Lankford were placed on 70% pay for full day absences after they had exhausted all available sick leave time." *Id.* The FLSA allows employers who maintain a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by both sickness and disability to make deductions if the employee exceeds the permitted number of absences. 29 C.F.R. § 541.602(b)(2); *Elliot v. Flying J. Inc.*, 243 Fed. App. 509, WL 2068360*2 (11th Cir. July 20, 2007).

### d. Pay Adjustments Made by the Payroll Department do not Raise a Fact Issue Regarding Plaintiffs' Status as Salaried Employees

By reviewing the Plaintiffs' payroll information, Richard Fry was able to identify seven (7) adjustments to the salaries made by the Payroll Department.[4] Fry Affidavit, Exhibit 1 (App.

---

[4] Because Defendant seeks to establish that Plaintiffs' salaries were not "subject to reductions," Richard Fry's analysis of the payroll records was limited to instances where he found that a Plaintiff's "salary was reduced." Fry Affidavit, Exhibit 1 (App. 4), at ¶ 8. Accordingly, the affidavit does not discuss any instances of adjustment that resulted in an increase in salary, even though several such adjustments are apparent from Exhibit 3.

6), at ¶ 13. Defendant's Payroll Department made some adjustments to the salaries of Plaintiffs Schwarz, Davis, Phenix, Black, Pool, King, and Dexter. *Id.* Dennis Michel reviewed these adjustments and was able to determine that, in all seven (7) instances, there was no reduction in Plaintiffs' salaries. Michel Affidavit, Exhibit 2 (App. 12-14), at ¶¶ 8-14. Dennis Michel noted that Plaintiff Schwarz was paid less than his normal base salary because he "resigned or was terminated and stopped working for [Defendant] prior to the end of the pay period, so he was not paid for any days subsequent to his termination date." *Id*. (App. 12) at ¶ 8. This reduction is permissible under the FLSA because employers may pay exempt employees a proportional part of their salary for the time actually worked in their terminal week of employment. 29 C.F.R. § 541.602(b)(6). Dennis Michel explains that Plaintiff Poole took a full week of unpaid leave. This is acceptable because an employer need not pay the employee for any workweek in which the employee performs no work. 29. C.F.R. § 541.602(a). Dennis Michel determined that in the remaining five (5) cases, the adjustments were corrections resulting from salary overpayments in the prior pay period. *Id.* (App. 12-14) ¶¶ 9, 10, 11, 13, 14. Thus, these seven (7) Plaintiffs' salaries were not "subject to reductions," because a correction for an overpayment is not a reduction. *See Sharpe v. MCI Telecommunications Corp.*, 19 F.Supp.2d 483, 492-493 (E.D.N.C. 1998). (wherein the court held that a plaintiff was exempt from the FLSA because she "can point to no improper deductions from her salary. She presents no evidence that MCI ever reduced her salary for partial day absences. MCI did make a deduction from Sharpe's salary in August 1996 as a result of overpayment while she was absent on FMLA-qualified leave.").

Even if, *arguendo*, Plaintiffs could establish that Defendant made a few isolated reductions, this would not compromise Defendant's entitlement to summary judgment on the

salary basis test. One court noted that deductions would only show that plaintiffs were not paid on a salary basis if they were so pervasive that they "rendered salaries a sham and the functional equivalent of hourly wages." *In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 710, 728 (D.Colo. 2007). Even if Plaintiffs could establish a fact question regarding deductions in a handful of pay periods, summary judgment would still be appropriate as courts require that "[t]he actual instances of pay reduction must amount to an actual practice of making such deductions." *O'Brien v. Town of Agawam*, 350 F.3d 279, 294 (1st Cir. 2003)(*citing Spradling v. City of Tulsa*, 198 F.3d 1219, 1224 (10th Cir. 2000)); *see DiGiore v. Ryan,* 172 F.3d 454, 464-65 (7th Cir. 1999) (five isolated incidents insufficient to show "actual practice") *overruled on other grounds*, 246 F.3d 897 (7th Cir. 2001); *Davis v. City of Hollywood*, 120 F.3d 1178, 1180 (11th Cir. 1997) (six incidents insufficient); *cf. Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001)(holding that a pattern of nineteen disciplinary suspensions without pay was sufficient to establish an "actual practice").

The salary information attached as Exhibit 3 shows Plaintiffs' payment information for approximately two-thousand three-hundred (2,300) pay periods.[5] Therefore, even if the Plaintiffs could identify a handful of deductions, this would not be sufficient to establish an "actual practice" of reducing the Plaintiffs' salaries. However, Plaintiffs have yet to specifically allege *a single* improper deduction in the seven (7) months since they filed suit, making it impossible to establish an "actual practice" of improper deductions.

---

[5] Defendant estimates that the Payroll Spreadsheet (Exhibit 3) covers roughly 2,335 pay periods. This does not include the payment information for Opt-ins Gardener, Wheeler, and Thornburg, since they were dismissed from the case by an Agreed Order of Dismissal entered by the Court on December 4, 2007.

## V.     CONCLUSION

Defendant has established that the Plaintiffs are and were compensated, for all relevant time periods since March 19, 2004, (1) more than $455 a week and (2) on a salary basis pursuant to 29 C.F.R. § 541.602.  Therefore, the only exemption issues that should be tried are the applicable duties test for each Plaintiff, which include the duties tests for executive, administrative, executive/administrative, or highly compensated employees.

        Respectfully submitted,

        Bradley W. Howard
        State Bar No. 00786452
        Robert C. Vartabedian
        State Bar No. 24053534
        BROWN & FORTUNATO, P.C.
        905 South Fillmore, Suite 400 (79101)
        P.O. Box 9418
        Amarillo, TX 79105-9418
        (806) 345-6300 Telephone
        (806) 345-6363 Facsimile
        bhoward@bf-law.com Email

By:   /s/ Bradley W. Howard
        Bradley W. Howard

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document and that a true and correct copy was served on the parties listed below through the electronic case filing system if the Notice of Electronic Filing indicated that the parties received it or otherwise by mailing a copy by Certified Mail, Return Receipt Requested, to the parties this 17th day of December, 2007.

Michael A. Warner
The Warner Law Firm
101 S.E. 11th, Suite 301
Amarillo, TX 79101

Jason C. Webster
Matthews & Associates
2905 Sackett
Houston, TX 77098

                                      /s/ Bradley W. Howard
                                      Bradley W. Howard

\\server2\documents$\04\2268.001\Brief MSJ Salary_2268001.doc