**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| JOWELL C. BULLARD, et al, § § § | |
| Plaintiffs, § § § | |
| v. § | CIVIL ACTION NO. 2-07CV-049 |
| § § § | |
| BABCOCK & WILCOX TECHNICAL SERVICES PANTEX, LLC., § § § | |
| Defendant. § | |

---

### REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SALARY AMOUNT AND THE SALARY BASIS TEST

---

Bradley W. Howard
State Bar No. 00786452
Robert C. Vartabedian
State Bar No. 24053534
BROWN & FORTUNATO, P.C.
905 S. Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile

**ATTORNEYS FOR DEFENDANT**


**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................2

II.  ARGUMENT .........................................................................................................3

    A.  IT IS PROPER FOR THE COURT TO GRANT PARTIAL SUMMARY JUDGMENT ON SALARY AMOUNT AND THE SALARY BASIS TEST ...................3

    B.  GRANTING SUMMARY JUDGMENT WILL GREATLY SIMPLIFY THE CASE AT TRIAL BY ELIMINATING ISSUES THAT WOULD BE VERY TIME-CONSUMING TO PROVE AT TRIAL....................................................................6

    C.  DEFENDANT AGREES THAT MATERIAL ISSUES OF DISPUTED FACT EXIST AS TO THE PLAINTIFFS' JOB DUTIES ............................................................7

III. CONCLUSION.......................................................................................................8

# INDEX OF AUTHORITIES

**CASES**

*Aaron v. City of Wichita, Ks.,* 54 F.3d 652. 659 (10th Cir. 1995) ................................................. 5

*Blackshear v. City of Houston*, 121 F.3d 703, 1997 WL 450086*1 (5th Cir. 1997) ...................... 5

*Bolick v. Brevard Co. Sheriffs' Dept.,* 937 F.Supp. 1560, 1572 (M.D. Fla. 1996) ..........................5

*Cooke v. General Dynamics Corp.,* 993 F.Supp. 56, 58 (D. Conn. 1997)...................................... 5

*Corning Glass Works v. Brennan*, 417 U.S. 188, 197 (1974)...........................................................4

*Davis v. City of Hollywood*, 120 F.3d 1178, 1180 (11th Cir. 1997)………………………….... 5

*Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)..................................................................... 2

*Hood v. Mercy Healthcare Az.*, 23 F.Supp. 2d, 1125, 1131 (D. Ariz. 1997) .................................5

*Jackson v. Com. of Ky.,* 892 F.Supp. 923, 937-38 (E.D. Ky. 1995) ............................................5, 6

Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) ...................... 4

*Pontius v. Delta Financial Corp.,* 2007 WL 4322350*1 (W.D. Pa., Dec. 7, 2007).........................5

*Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975)....................................................................6

*Schwind v. EW & Assoc., Inc*. 357 F.Supp. 2d, 691, 703 (S.D.N.Y. 2005).....................................6

*Wolfslayer v. IKON Office Solutions, Inc.*, 2004 WL 2536833*10 (E.D. Pa., Nov. 8, 2004)….....5

*Yuen v. U.S. Asia Commercial Development Corp.,* 974 F.Supp. 515, 520 (E.D. Va. 1997)..........5

**CODES**

29 C.F.R. § 541.100 .........................................................................................................................6

29 C.F.R. § 541.200 .........................................................................................................................6

29 C.F.R. § 541.602 .........................................................................................................................8

29 U.S.C. § 213(a)(1).....................................................................................................................4, 6

**RULES**

Fed. R. Civ. P. 56(b) .......................................................................................................................5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR., DONNA DAVIS, ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, H. WAYNE BLACK, CHARLES DOUGLAS WALKER, GARY D. PHENIX, SCOTT BEECHER HERRING, PAM J. HITT, SAMUEL RAY GIBSON, JOHNNIE R. WHITAKER, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, STACY L. GRANT, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L. WITHERSPOON, ALVIN VIRGIL NEWTON, RODERICK J. UPTON, KEVIN LANKFORD, on their own behalf and for all others similarly situated, | § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2-07CV-049-J |
| Plaintiffs, | § § | |
| v. | § § | |
| BABCOCK & WILCOX TECHNICAL SERVICES PANTEX, LLC., | § § § | |
| Defendant. | § | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SALARY AMOUNT AND THE SALARY BASIS TEST**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Babcock & Wilcox Technical Services Pantex, LLC ("Defendant"), by and through its attorneys of record, Brown & Fortunato, P.C., files this Reply Brief in Support of Defendant's Motion for Partial Summary Judgment on Salary Amount and the Salary Basis Test and would show the Court as follows:

## I. INTRODUCTION

Defendant filed its Motion for Partial Summary Judgment on Salary Amount and the Salary Basis Test and Brief in Support ("Defendant's Motion") on December 17, 2007. Defendant's Motion provided summary judgment evidence establishing that, for all relevant time periods, Plaintiffs were paid well in excess of $455 per week on a salary basis.

On January 7, 2008, Plaintiffs filed their Response to Defendant's Motion for Partial Summary Judgment on Salary Amount and Salary Basis Test ("Response Motion") and Brief in Support ("Response Brief") (collectively "Plaintiffs' Response"). Plaintiffs' Response does not provide summary judgment evidence or authority to dispute any aspect of Defendant's Motion. Plaintiffs' Response does not allege that the Plaintiffs were paid less than $455 per week. Plaintiffs' Response does not offer summary judgment evidence to refute Defendant's proof that the Plaintiffs are paid a bi-weekly salary.[1] Plaintiffs' Response does not identify or allege a single improper reduction from any Plaintiff's salary for any pay period.

Instead, Plaintiffs argue without authority that the Court cannot grant partial summary judgment on the salary issues in this case, because the regulations that control the exempt status

---

[1] Plaintiffs twice make the conclusory statement that they are "hourly non-exempt employees." (Response Motion, p. 2 at ¶ 1, and Response Brief, p. 5 at ¶ 1). However, Plaintiffs do not offer any evidence to dispute Defendant's proof that all Plaintiffs were in fact paid a salary for all relevant time periods. Plaintiffs may not avoid summary judgment by resting "merely upon conclusory allegations, improbable inferences and unsupported speculation." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

of employees under the Fair Labor Standards Act ("FLSA") establish an "all or nothing" test. Plaintiffs seem to contend that the Court does not have the ability to grant partial summary judgment as to salary amount or salary basis issues because there are fact issues regarding the Plaintiffs' job duties. The Plaintiffs' argument is not supported by the relevant law or the conduct of courts that have been faced with a motion for partial summary judgment on the salary basis test. In FLSA cases with no fact issue as to whether the plaintiffs were paid on a salary basis, federal courts have time and time again granted partial summary judgment on salary issues, reserving the issues related to the plaintiffs' duties for trial.

The discovery period is over and Plaintiffs have filed their Response to Defendant's Partial Summary Judgment Motion, yet the Plaintiffs have still not offered a single piece of evidence to dispute the fact that Plaintiffs are (1) all paid at least $455 per week and (2) paid on a salary basis pursuant to the provisions of the FLSA. Since there is not a genuine dispute as to whether Plaintiffs were paid at least $455 per week on a salary basis, the time and resources of counsel, the jury and the Court should not be spent trying issues that can be easily resolved as a matter of law.

## II. ARGUMENT

### A. IT IS PROPER FOR THE COURT TO GRANT PARTIAL SUMMARY JUDGMENT ON SALARY AMOUNT AND THE SALARY BASIS TEST

Defendant has established that it is entitled to summary judgment on salary amount and the salary basis test as a matter of law. Through the uncontroverted affidavit testimony of Richard Fry, Defendant established that all Plaintiffs are paid the equivalent of more than $455 per week and are paid a bi-weekly salary. Affidavit of Richard E. Fry, attached as Exhibit 1 in the Appendix of Exhibits for the Brief in Support of Defendant's Motion for Partial Summary

Judgment on Salary Amount and the Salary Basis Test (App. 4), at ¶ 7. The similarly unchallenged affidavit testimony of Richard Fry and Dennis Michel established that none of the Plaintiffs were subject to improper reductions in salary. *Id.* (App. 1-7); Affidavit of Dennis E. Michel, attached as Exhibit 2 in the Appendix of Exhibits for the Brief in Support of Defendant's Motion for Partial Summary Judgment on Salary Amount and the Salary Basis Test (App. 8-15). Defendant established that deductions from leave banks as well as any deductions Defendant made from the Plaintiffs' salaries--such as reductions under Defendant's military leave policy or short term disability policy--are permissible under the FLSA. *See* Defendant's Motion, pp. 12-18. Plaintiffs have not, at any point in this litigation, specifically alleged one improper deduction from any Plaintiff's salary or asserted that a Plaintiff was paid less than $455 per week for any relevant time period. Therefore, Defendant has met its burden of showing that there is no genuine issue of material fact as to the salary issues in this case. *See Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

      Plaintiffs do not attempt to argue that there is a genuine issue of material fact as to whether Defendant paid Plaintiffs at least $455 per week on a salary basis. Rather, Plaintiffs argue that the Court cannot grant partial summary judgment as to salary amount or the salary basis test, because the FLSA exemption test is an "all or nothing test." Plaintiffs' Brief, p. 7, ¶ 6. Plaintiffs offer no authority to support this position.[2]

---

[2] In the "Introduction and Summary of the Argument" section, Plaintiffs cite *Corning Glass Works v. Brennan*, 417 U.S. 188, 197 (1974), for the proposition that "summary judgment should be denied because Defendant has failed to completely satisfy its burden of proving that Plaintiffs are exempt employees within the meaning of 29 U.S.C. 213(a)(1)." Response Brief, p. 6, at ¶ 2. To the extent Plaintiffs rely on this authority to support their view that the Court cannot grant partial summary judgment on salary basis issues because there are fact issues regarding the Plaintiffs' job duties, Plaintiffs' reliance is greatly misplaced, as the cited section of *Corning* offers no support for this position. The cited section of this Equal Pay Act case merely lists authority supporting the well-established rule that the employer bears the burden of proving that its employee is exempt under the FLSA. *See Corning*, 417 U.S. at 197.

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY**
**JUDGMENT ON SALARY AMOUNT AND THE SALARY BASIS TEST**     **Page 4 of 9**

Plaintiffs have not cited any case or rule prohibiting partial summary judgment on all salary issues because there is no such rule. Federal Rule of Civil Procedure 56(b) directs that a party may move for summary judgment "as to all or any part" of the claims in a suit. In one very recent case, *Pontius v. Delta Financial Corp.*, the court granted summary judgment on the "salary basis" prong, but denied summary judgment on other prongs of the FLSA exemption test. 2007 WL 4322350*1 (W.D. Pa., Dec. 7, 2007). In fact, the exact relief requested by Defendant (partial summary judgment on the salary basis test, but not the duties test) has been repeatedly granted by numerous courts. *See, e.g., Blackshear v. City of Houston*, 121 F.3d 703, 1997 WL 450086*1 (5th Cir. 1997) (reversing on other grounds a district court's decision to grant partial summary judgment on the salary basis test); *Davis v. City of Hollywood*, 120 F.3d 1178, 1180 (11th Cir. 1997) (affirming a district court's grant of summary judgment for defendant on the salary basis test); *Aaron v. City of Wichita, Ks.*, 54 F.3d 652, 659 (10th Cir. 1995) (affirming grant of summary judgment on "salary basis" test, but finding issues of fact as to whether the plaintiffs met the "duties test" for exemption); *Wolfslayer v. IKON Office Solutions, Inc.*, 2004 WL 2536833*10 (E.D. Pa., Nov. 8, 2004); *Hood v. Mercy Healthcare Az.*, 23 F.Supp. 2d 1125, 1131 (D. Ariz. 1997); *Yuen v. U.S. Asia Commercial Development Corp.*, 974 F.Supp. 515, 520 (E.D. Va. 1997); *Cooke v. Gen. Dynamics Corp.*, 993 F.Supp. 56, 58 (D. Conn. 1997) ("The court previously granted partial summary judgment in favor of the defendant on the salary basis test. The court, however, did not rule on the second prong of the exemption, which is whether the plaintiffs meet the 'duties test'"…); *Bolick v. Brevard Co. Sheriffs' Dept.*, 937 F.Supp. 1560, 1572 (M.D. Fla. 1996) ("The Department is entitled to partial summary judgment that it compensated its lieutenants and sergeants on a 'salary basis.' Defendant has not sought summary judgment on many issues, and those issues remain for trial."); *Jackson v. Com. of Ky.*,

892, F.Supp. 923, 937-38 (E.D. Ky. 1995). The Plaintiffs' only argument for denying Defendant's Motion is based on the Plaintiffs' unsupported view that partial summary judgment on the salary basis test is not permissible. Based on the numerous times courts have granted partial summary judgment on salary issues, the Plaintiffs' view is clearly mistaken.

### B. GRANTING SUMMARY JUDGMENT WILL GREATLY SIMPLIFY THE CASE AT TRIAL BY ELIMINATING ISSUES THAT WOULD BE VERY TIME-CONSUMING TO PROVE AT TRIAL

Construing Plaintiffs' Response liberally, they also argue that, even if partial summary judgment on salary issues is proper, the Court should abstain from granting partial summary judgment on the basis that it would somehow make the trial *more* complicated. See Response Brief, p 7-8, ¶¶ 7-8. Plaintiffs assert, without explanation, that granting partial summary judgment would "only further muddy the waters" and would "only complicate the case at trial." *Id.* Plaintiffs cite dicta from *Powell v. Radkins*, which states that it is within the Court's discretion to "deny summary judgment as to portions of the case that are ripe therefore, for the purpose of achieving a more orderly or expeditious handling of the entire litigation." 506 F.2d 763, 765 (5th Cir. 1975). The *Powell* case involved "intricately intertwined theories of liability." *Id.* In sharp contrast to *Powell*, the case at bar involves distinct elements of an affirmative defense. The "salary basis test" and "duties test" are distinct and separate elements of the FLSA exemption test that are always enumerated separately in the regulations. *See* 29 U.S.C. § 213(a)(1); *see also, e.g.,* 29 C.F.R. § 541.100 and 29 C.F.R. § 541.200. The FLSA exemption test "contains *two independent criteria*, the 'salary basis' requirement and the 'duties' test, both of which must be met in order for an employee to be exempt from the overtime provisions of the FLSA." *Schwind v. EW & Assoc., Inc*. 357 F.Supp. 2d 691, 703 (S.D.N.Y. 2005) (*emphasis added*). Thus, these two independent criteria can easily be decided separately.

In order to promote an expeditious handling of the "entire litigation," the Court should grant Defendant's Partial Motion for Summary Judgment. While there is no genuine dispute that all Plaintiffs are paid at least $455 a week on a salary basis, proving this fact at trial would still be a time-consuming endeavor. As is apparent from Defendant's Motion, Brief in Support, and Appendix, Defendant needed to explore and analyze voluminous payroll data in order to prove that Plaintiffs were not subject to impermissible deductions in the over 2,300 pay periods that are relevant to this case. *See* Defendant's Motion, p. 18 at fn. 5. By granting Defendant's Motion, the Court can save itself, the attorneys, and the jury the unnecessary time and effort needed to demonstrate that Defendant paid all of the thirty-one (31) Plaintiffs on a salary basis in compliance with the FLSA for all relevant pay periods.

### C. DEFENDANT AGREES THAT MATERIAL ISSUES OF DISPUTED FACT EXIST AS TO THE PLAINTIFFS' JOB DUTIES

Plaintiffs contend that "this is a complex case with several plaintiffs and differing opinions on job duties and responsibilities." Response Brief, p. 7, at ¶ 7. Plaintiffs further state that "[m]aterial issues of fact exist regarding the Defendant's classification of Plaintiffs as exempt" because of the job positions the Plaintiffs hold. Response Brief, p. 8, at ¶ 9. While Plaintiffs incorrectly characterize the Plaintiffs as "first responders" and misinterpret the relevant law in this portion of their argument, Defendant agrees with the underlying point of this section: that there is a genuine dispute of material fact as to the Plaintiffs' job duties. As a result of the genuine dispute, Defendant has asked the Court to grant a partial summary judgment only on salary issues, and has not requested that the Court grant summary judgment on the job duties test. Defendant will establish at trial that the Plaintiffs' duties are those of executive, administrative, executive/administrative, or highly compensated exempt employees.

## III.  CONCLUSION

Defendant has established that the Plaintiffs are and were compensated, for all relevant time periods since March 19, 2004, (1) more than $455 a week and (2) on a salary basis pursuant to 29 C.F.R. § 541.602.  Plaintiffs have not raised a material issue of disputed fact regarding these salary issues at any stage in this litigation, including in Plaintiffs' Response.  Therefore, the only exemption issues that should be tried are the applicable duties test for each Plaintiff, which include the duties tests for executive, administrative, executive/administrative, or highly compensated employees.

    Respectfully submitted,

    Bradley W. Howard
    State Bar No. 00786452
    Robert C. Vartabedian
    State Bar No. 24053534
    BROWN & FORTUNATO, P.C.
    905 South Fillmore, Suite 400 (79101)
    P.O. Box 9418
    Amarillo, TX 79105-9418
    (806) 345-6300 Telephone
    (806) 345-6363 Facsimile
    bhoward@bf-law.com Email

    By:    /s/ Bradley W. Howard
              Bradley W. Howard

    **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document and that a true and correct copy was served on the parties listed below through the electronic case filing system if the Notice of Electronic Filing indicated that the parties received it or otherwise by mailing a copy by Certified Mail, Return Receipt Requested, to the parties this 10th day of January, 2008.

Michael A. Warner
The Warner Law Firm
101 S.E. 11th, Suite 301
Amarillo, TX 79101

Jason C. Webster
Matthews & Associates
2905 Sackett
Houston, TX 77098

    /s/ Bradley W. Howard
    Bradley W. Howard

\\server2\documents$\04\2268.001\Reply Brief Salary MSJ_2268001.doc