IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOWELL C. BULLARD, | § | |
| NORRIS RAY TOLLERSON, JR., | § | |
| RANDY STOKES, JR., DONNA DAVIS, | § | |
| ROBERT F. DEXTER, JR., | § | |
| JOSHUA R. LUSTER, | § | |
| SCOTT RUSK, JEFFORY E. POOL, | § | |
| TYE A. WARD, JAMES DAVID SMITH, | § | |
| MICHAEL A. KING, DOMINGO MARQUEZ, | § | |
| STEPHEN A. WILSON, H. WAYNE BLACK, | § | |
| CHARLES DOUGLAS WALKER, | § | |
| GARY D. PHENIX, | § | |
| SCOTT BEECHER HERRING, PAM J. HITT, | § | CASE NO.   2-07-CV-049-J |
| SAMUEL RAY GIBSON, | § | |
| JOHNNIE R. WHITAKER, | § | |
| EUFEMIO JOE RUBALCABA, | § | |
| CHRISTOPHER L. SCHWARZ, | § | |
| STACY L. GRANT, | § | |
| HERBERT CHARLES CARR, | § | |
| CHRIS JENKINS, TODD FINLEY, | § | |
| KEVIN WAYNE OSBORNE, | § | |
| M. L. WITHERSPOON, | § | |
| ALVIN VIRGIL NEWTON, | § | |
| RODERICK J. UPTON, KEVIN LANKFORD, | § | |
| on their own behalf and for all others similarly | § | |
| situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BABCOCK & WILCOX TECHNICAL | § | |
| SERVICES PANTEX, L.L.C., | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS OPPOSED MOTION FOR SANCTIONS
FOR FAILURE TO MEDIATE IN GOOD FAITH**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs file this brief in support of its opposed motion for sanctions for failure to mediate in good faith against Babcock & Wilcox Technical Services Pantex, L.L.C.'s, herein referenced to as "Pantex", and would show the Court the following:

## I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

1.   Plaintiffs are or were hourly non-exempt employees of Defendant Pantex employed as 1st or 2nd Lieutenants or Captains in the Protective Force or Fire Department dating back to March 19, 2004.  Plaintiffs are suing Defendant Pantex for earned, but unpaid compensation for time and one-half pay for time spent over 40 hours per week for Defendant Pantex during the period of March 19, 2004 until March 19, 2007.  Defendant Pantex has for more than three years, willingly, deliberately, and intentionally refused to pay Plaintiffs for time and one-half pay for overtime worked and is therefore in violation of the Fair Labor Standards Act (FLSA).  The employees have been compensated at a rate of "straight time" for hours worked over forty.  Plaintiffs contend that they are due the additional half hour pay for hours worked over forty.

2.   Plaintiffs filed this lawsuit on March 19, 2007.  The Court referred the suit to mediation in its Order dated October 4, 2007, and the parties agreed on Dirk Murchison as mediator.  The parties agreed to the mediation dates of January 23, 2008, and January, 24, 2008.

3.   Defendants have acted in bad faith by refusing to enter into any type of discussion negotiation.  Counsel for Plaintiffs spent numerous hours preparing to mediate the case, contacting plaintiffs, and general preparation; only to find that Defendant refused to negotiate or

even consider settlement of any claims. Moreover, Defendants have acted in bad faith by arriving to mediate without proper and necessary parties with decision-making and settlement authority.

    4.    As such, sanctions should be imposed against Defendants and Plaintiffs should be reimbursed the mediator fee of $2,001.09, attorney's fees of $3,500, and plane fair of $404.

## II.    ARGUMENTS AND AUTHORITIES

**A.    Defendant is required to mediate in good faith.**

    5.    Pursuant to Local Rule 16.3, parties in a civil action must make a good faith effort to settle.[1] Not only did Defendants not make a good faith effort to settle, they did not make an offer at all.

    6.    Therefore, Defendants should be sanctioned for their refusal to mediate in good faith.

**B.    Defendant is required to attend mediation with the necessary and proper parties that have decision-making and settlement authority.**

    7.    Defendants arrived at the mediation without the necessary and proper parties with decision-making and settlement authority. District courts have the "general inherent power to require a party to have a representative with full settlement authority present."[2]

    8.    As a result, Defendants should be sanctioned for their inability to produce the necessary and proper parties with decision-making and settlement authority at the mediation.

---

[1] N.D. Tex. R. 16.3.
[2] *In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993).

### III.  CONCLUSION

9. Plaintiff spent valuable time and money preparing for and traveling to the aforementioned mediation. As a result of Defendants' callous indifference to the needs and schedules of others, nothing has been accomplished in furtherance of settling this case. For the reasons stated above, Plaintiffs respectfully request the Court to impose sanctions on Defendant for failure to mediate in good faith and allow this case to move forward to trial in order for justice to be served.

Respectfully submitted,

s/ Jason C. Webster
DAVID P. MATTHEWS
Texas Bar No. 13206200
JASON C. WEBSTER
Texas Bar No. 24033318
MATTHEWS & ASSOCIATES
2905 Sackett
Houston, TX 77098
(713) 222-8080 Telephone
(713) 535-7184 Fax
dmatthews@thematthewslawfirm.com
jwebster@thematthewslawfirm.com

MICHAEL A. WARNER
Texas Bar No. 20872700
THE WARNER LAW FIRM
101 S.E. 11th, Suite 301
Amarillo, TX  79101
(806) 372-2595 Telephone
(806) 372-5674 Fax
mawarner@suddenlinkmail.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I, Jason C. Webster, one of the attorneys for Plaintiffs, do hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel:

Bradley W. Howard
Robert C. Vartabedian
BROWN & FORTUNATO, P.C.
PO Box 9418
Amarillo, TX  79105-9418
Telephone:    (806) 345-6300
Facsimile:     (806) 345-6363
bhoward@bf-law.com
nhuelster@bf-law.com
swarwick@bf-law.com
***Counsel for Defendant BWXT Pantex, L.L.C.***

      I further certify that I have caused a true and correct copy of the foregoing to be forwarded via United States mail, postage prepaid, to any of the above who were not served via ECF notification.

      DATED:  January 31, 2008

                                             s/ *Jason C. Webster*
                                             JASON C. WEBSTER