IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR., DONNA DAVIS, ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, H. WAYNE BLACK, CHARLES DOUGLAS WALKER, GARY D. PHENIX, SCOTT BEECHER HERRING, PAM J. HITT, SAMUEL RAY GIBSON, JOHNNIE R. WHITAKER, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, STACY L. GRANT, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L. WITHERSPOON, ALVIN VIRGIL NEWTON, RODERICK J. UPTON, KEVIN LANKFORD, on their own behalf and for all others similarly situated, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. 2-07CV-049-J |
| BABCOCK & WILCOX TECHNICAL SERVICES PANTEX, L.L.C. | § § § § | |
| Defendant. | § | |

**TRIAL BRIEF: THE ADMINISTRATIVE EXEMPTION**

Under the Fair Labor Standards Act ("FLSA"), an employer is not required to compensate employees for overtime at a rate of time and one-half if those employees are exempt. 29 U.S.C. § 213(a)(3). In order to establish that Plaintiffs are exempt from the overtime

provisions of the FLSA, Defendant must demonstrate that (1) the Plaintiffs were paid at least $455 per week, (2) the way the Plaintiffs are compensated meets the salary basis test, and (3) the Plaintiffs meet the job duties test for the executive exemption (29 C.F.R. §541.100), the administrative exemption (29 C.F.R. § 541.200), some combination of those duties (under 29 C.F.R. § 541.708), or the highly compensated employees exemption (29 C.F.R. § 541.601). This trial brief focuses on the administrative exemption.

The duties test for the administrative exemption requires that individuals "employed in a bona fide administrative capacity" (1) perform "office or non-manual work directly related to the management or general business operations of the employer or the employer's customers" as their primary duty and (2) must have a primary duty that includes "the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a).[1]

### A. OFFICE OR NON-MANUAL WORK DIRECTLY RELATED TO THE MANAGEMENT OR GENERAL BUSINESS OPERATIONS OF THE EMPLOYER

Administratively exempt employees must perform "office or non-manual work" and their work must be related to the "management or general operations of the employer" as their primary duty. *See* 29 C.F.R. § 541.200(a)(2). An employee's primary duty is usually "what she does that is of principal value to the employer, not the collateral tasks that she may also perform, even if they consume more than half of her time." *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990), s*ee also* 29 C.F.R. § 541.700(a) (an employee's "primary duty" means "the principal, main, major or most important duty that the employee ~~performs.").~~ performs").

---

[1] For any of Plaintiffs' claims prior to August 23, 2004 the administrative exemption "short test" would apply to those claims. *See* 29 C.F.R. § 541.2. Although the salary amount requirements are lower under the short test, the duties tests in the administrative short test are the same as those in the current administrative exemption regulations. Compare the previous regulations at 29 C.F.R. § 541.2 to 29 C.F.R. § 541.200(a).

**TRIAL BRIEF: THE ADMINISTRATIVE EXEMPTION**                                                              **Page 2 of 6**

Though the "amount of time" spent performing managerial work can be a useful guide in determining an employee's primary duty, time alone is not the sole test. *See* 29 C.F.R. § 541.700(b); *id.* § 541.103.

One portion of the regulations provides guidance as to the meaning of "manual work" by offering the examples of "employees in maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other employees who perform work involving repetitive operations with their hands, physical skill and energy…." 29 C.F.R. § 541.601(d).

In addition to the requirement that an administrative exempt employee have a primary duty consisting of the performance of "office or non-manual work," he or she must also have a primary duty that is related to the "management or general operations of the employer." To meet this requirement, an employee must perform work directly related to assisting with the running of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment. 29 C.F.R. § 541.201(a); *Cheatham v. Allstate Ins. Co.*, 456 F.3d 578, 585 (5th Cir. 2006) (distinguishing between duties that relate to general business operations and duties that relate to production).

The primary duties such as training and curriculum development have been repeatedly held to satisfy this requirement of the administrative exemption. *West v. Anne Arundel County*, 137 F.3d 752, 764 (4th Cir. 1998) (holding that "training lieutenants" who develop and coordinate training programs, administer tests, and evaluate new equipment, satisfy the administrative employees exemption from FLSA overtime requirements, even if some recommendations made by training lieutenants are subject to review by superior officers); *see*

*also Hogan v. Allstate Ins. Co.,* 361 F.3d 621, 627 (11th Cir. 2004) (holding that "training staff" is an administrative duty); *Bates v. U.S.,* 51 Fed.Cl. 460, 463 (Fed.Cl. 2002). (listing development of curriculum and "providing training" as examples of administratively exempt duties); *Piscione v. Ernst & Young, L.L.P.,* 171 F.3d 527, 535-36 (7th Cir. 1999) *citing Marshall v. Sec. Bank & Trust Co.,* 572 F.2d 276, 278 (10th Cir. 1978) (holding that training responsibilities are administrative in nature).

Managing personnel on a shift is also clearly an administratively exempt duty directly related to business operations. Duties such as managing personnel, coordinating the work of other employees, and supervising employees are administrative exempt duties. *See Lott v. Howard Wilson Chrysler-Plymouth*, 203 F.3d 326, 332 (5th Cir. 2000). Additionally, "personnel management" is explicitly included in the examples of management duties for administrative exempt employees. 29 C.F.R. § 541.201(b).

## B. PRIMARY DUTY THAT INCLUDES THE EXERCISE OF DISCRETION AND INDEPENDENT JUDGMENT

To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.202(a). In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. *Id.* The term "matters of significance" refers to the level of importance or consequence of the work performed. *Id.*

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. 29

C.F.R. § 541.202(c). However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. *Id.*

Plaintiffs may attempt to argue that because a work environment like Pantex is subject to so many rules and regulations, they cannot possibly exercise "discretion and independent judgment" as it is defined by the FLSA. The Fifth Circuit found a similar argument made by an insurance adjuster to be unpersuasive. In *Cheatham v. Allstate Ins. Co.*, the plaintiffs argued that they did not exercise discretion and independent judgment because they had to adhere to strict rules and had to seek approval from supervisors before settling a claim. 456 F.3d 578, 585 (5th Cir. 2006). The Court determined that the fact that the plaintiffs had to consult manuals or guidelines before making decisions did not preclude their exercise of discretion and independent judgment. *Id.* Along the same lines as *Cheatham*, the Sixth Circuit held that employees at a nuclear power facility were subject to "rigid procedures" and that, by its nature, their job was "heavily regulated," but this did not eliminate the existence of discretion in the performance of their primary duty. *Renfro v. Indiana Michigan Power Co.*, 497 F.3d 573, 577 (6th Cir. 2007). Despite the fact that the plaintiffs were constrained by guidelines and procedures, the court determined that the plaintiffs were administrative exempt employees because they exercised discretion and independent judgment. *Id.*

        Respectfully submitted,
Bradley W. Howard
State Bar No. 00786452
Robert C. Vartabedian
State Bar No. 24053534
BROWN & FORTUNATO, P.C.
905 South Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile
bhoward@bf-law.com Email
rvartabedian@bf-law.com Email

By:     /s/ Bradley W. Howard
      Bradley W. Howard

**ATTORNEYS FOR DEFENDANT**

\\server2\documents$\04\2268.001\Trial Brief Admin Exempt _2268001.doc

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document and that a true and correct copy was served on the parties listed below through the electronic case filing system if the Notice of Electronic Filing indicated that the parties received it or otherwise by mailing a copy by Certified Mail, Return Receipt Requested, to the parties this 27th day of June, 2008.

Michael A. Warner
The Warner Law Firm
101 S.E. 11th, Suite 301
Amarillo, TX 79101

Jason C. Webster
Matthews & Associates
2905 Sackett
Houston, TX 77098

    /s/ Bradley W. Howard
  Bradley W. Howard