IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR., DONNA DAVIS, ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, H. WAYNE BLACK, CHARLES DOUGLAS WALKER, GARY D. PHENIX, SCOTT BEECHER HERRING, PAM J. HITT, SAMUEL RAY GIBSON, JOHNNIE R. WHITAKER, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, STACY L. GRANT, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L. WITHERSPOON, ALVIN VIRGIL NEWTON, RODERICK J. UPTON, KEVIN LANKFORD, on their own behalf and for all others similarly situated, <br><br>    Plaintiffs, <br><br>v. <br><br>BABCOCK & WILCOX TECHNICAL SERVICES PANTEX, L.L.C. <br><br>    Defendant. | § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 2-07CV-049-J § § § § § § § § § § § § § § § § |

## TRIAL BRIEF: GOOD FAITH

Under the Fair Labor Standards Act ("FLSA"), an employer who violates the overtime provisions is liable for the unpaid overtime compensation, and may also be liable for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A district court can award

no liquidated damages at all (or a reduced amount of liquidated damages) if the court concludes that the employer acted in "good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA. 29 U.S.C. § 260; *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822-23 (5th Cir. 2003). Defendant contends that it committed no violations of the overtime provisions of the FLSA because all of the Plaintiffs were properly classified as exempt employees. Defendant further contends that it classified the Plaintiffs as exempt in good faith, and has pled the good faith defense to all violations alleged by the Plaintiffs.

### A. THE BURDEN OF ESTABLISHING GOOD FAITH

In order to avoid liquidated damages, the employer must establish both subjective and objective "good faith." The employer should show that it had both (1) a subjective good faith belief that it was in compliance with the FLSA with regard to its decision to classify its employees as exempt, and (2) that it had an objectively reasonable basis for this belief. 29 U.S.C. § 260; *Brock v. El Paso Natural Gas Co.*, 826 F.2d 369, 371 (5th Cir. 1987). The burden is thus on the employer to prove its affirmative defense of good faith. *Bernard,* 154 F.3d at 267; *Reyes v. Texas Ezpawn*, L.P., 459 F.Supp.2d 546, 564 (S.D.Tex. 2006).

### B. DEMONSTRATING "GOOD FAITH" UNDER THE FLSA

Pursuant to 29 U.S.C. § 216(b), employers who violate the FLSA may be held liable for liquidated damages, though under § 206, a district court can decline to award any liquidated damages, or can reduce the amount of liquidated damages if it finds the employer acted in "good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 226-27 (5th Cir. 1991); *Burns v. Blackhawk Mgmt. Corp.*, 494 F.Supp.2d 427, 2007 (S.D.Miss. 2007).

Objective good faith means that the employer had reasonable grounds for believing its conduct comported with the FLSA. Good faith requires "some duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). "Apathetic ignorance" about compliance with FLSA is not adequate to establish a reasonable belief. *Id.*

An audit that determined that the employer's exemption classifications were in compliance with the FLSA is evidence that supports a finding of good faith. *See D'Annunzio v. Baylor University*, 193 F.3d 517, 1999 WL 706187, *1 (5th Cir. 1999). One district court held that an employer sustained its burden of demonstrating that it had reasonable grounds for its failure to pay certain employees overtime required by the FLSA because the employer's decisions were based upon advice from a company that handled the employer's payroll. *Reyes v. Falling Stores Enterprises, Inc.*, 2006 WL 1319418, *3 (M.D.Fla. 2006). Despite the fact that the employer committed violations of the FLSA, the district court determined that it had acted in good faith, and exercised the court's sound discretion to award no liquidated damages. *Id.*

Respectfully submitted,

Bradley W. Howard
State Bar No. 00786452
Robert C. Vartabedian
State Bar No. 24053534
BROWN & FORTUNATO, P.C.
905 South Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile
bhoward@bf-law.com Email

By:      /s/ Bradley W. Howard
         Bradley W. Howard

**ATTORNEYS FOR DEFENDANT**

\\server2\documents$\04\2268.001\Trial Brief Good Faith_2268001.doc

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing document and that a true and correct copy was served on the parties listed below through the electronic case filing system if the Notice of Electronic Filing indicated that the parties received it or otherwise by mailing a copy by Certified Mail, Return Receipt Requested, to the parties this ____ day of June, 2008.

    Michael A. Warner
    The Warner Law Firm
    101 S.E. 11th, Suite 301
    Amarillo, TX 79101

    Jason C. Webster
    Matthews & Associates
    2905 Sackett
    Houston, TX 77098

                                                                   /s/ Bradley W. Howard
                                                                   Bradley W. Howard