IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR., DONNA DAVIS, ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, H. WAYNE BLACK, CHARLES DOUGLAS WALKER, GARY D. PHENIX SCOTT BEECHER HERRING, PAM J. HITT, SAMUEL RAY GIBSON, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, STACY L. GRANT, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L. WITHERSPOON, ALVIN VIRGIL NEWTON, RODERICK J. UPTON, and KEVIN LANKFORD,<br><br>    Plaintiffs,<br><br>v.<br><br>BABCOCK & WILCOX TECHNICAL SERVICES PANTEX, L.L.C.,<br><br>    Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2-07CV-049-J |



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 2 4 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

<del>PARTIES' PROPOSED</del> JUDGMENT

PLAINTIFFS and BABCOCK & WILCOX TECHNICAL SERVICES PANTEX, L.L.C. ("DEFENDANT") tried this case to the Court from August 12, 2008, to August 20, 2008. On June 17, 2009, the Court issued its MEMORANDUM OPINION AND ORDER and FINDINGS OF FACT AND CONCLUSIONS OF LAW. Consistent with that opinion, the Court enters Judgment as follows:

1. **<u>JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, CHARLES DOUGLAS WALKER, GARY D. PHENIX, SCOTT BEECHER HERRING, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L.WITHERSPOON, ALVIN VIRGIL NEWTON, AND RODERICK J. UPTON</u>**

It is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFFS JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, CHARLES DOUGLAS WALKER, GARY D. PHENIX, SCOTT BEECHER HERRING, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L.WITHERSPOON, ALVIN VIRGIL NEWTON, AND RODERICK J. UPTON take nothing from DEFENDANT on all their causes of action, and it is further ORDERED, ADJUDGED, and DECREED that DEFENDANT shall have and recover its costs of suit for the claims of the plaintiffs identified in this paragraph, for which let execution issue.

2. **<u>RANDY STOKES, JR.</u>**

It is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF RANDY STOKES, JR., be awarded backpay to be paid by the DEFENDANT consisting of unpaid half-time and an equal amount of liquidated damages for the period of time PLAINTIFF STOKES worked as a Curriculum Developer (from July 2007 to November 2007) in the total amount of $7,770.39, and it is further ORDERED, ADJUDGED, and DECREED that PLAINTIFF

STOKES shall have and recover the costs and expenses of his suit, for which let execution issue, in addition to his reasonable and necessary attorney's fees related to his claim for unpaid overtime as a Curriculum Developer which shall be determined by the Court upon proper briefing by the parties after the entry of this Judgment.

Of the $7,770.39 to be paid to PLAINTIFF STOKES, $3,885.195 is to be paid as backpay and $3,885.195 is to be paid as liquidated damages. Because PLAINTIFF STOKES did not incur any damages going back further than two years before his filing date, PLAINTIFF STOKES' damages are not impacted by the Court's finding on willfulness.

Further, it is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF STOKES take nothing from DEFENDANT on his cause of action for the period of time he worked as a CAS Lieutenant (from June 2006 to July to 2007 and from November 2007 through the time of trial).

### 3. DONNA DAVIS

It is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF DONNA DAVIS be awarded backpay to be paid by the DEFENDANT consisting of unpaid half-time and an equal amount of liquidated damages for the periods of time PLAINTIFF DAVIS worked as an Administrative Lieutenant (from March 2004 to March 2005 and June 2006 through the time of trial) in the total amount of $62,261.27, and it is further ORDERED, ADJUDGED, and DECREED that PLAINTIFF DAVIS shall have and recover the costs and expenses of her suit, for which let execution issue, in addition to her reasonable and necessary attorney's fees related to her claim for unpaid overtime as an Administrative Lieutenant which shall be determined by the Court upon proper briefing by the parties after the entry of this Judgment.

Of the $62,261.27 to be paid to PLAINTIFF DAVIS, $23,409.24 is to be paid as backpay for damages going back two years from her filing date up to the time of trial, and $23,409.24 is to be paid as liquidated damages going back two years from her filing date up to the time of trial. Due to the Court's finding on willfulness, PLAINTIFF DAVIS is to be paid an additional amount of $7,721.395 in backpay for damages going back a third year from her filing date, and $7,721.395 in liquidated damages for damages going back a third year from her filing date.

Further, it is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF DAVIS take nothing from Defendant on her cause of action for the period of time she worked as a Field Lieutenant (from May 2005 to June 2006).

### 4. H. WAYNE BLACK

It is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF H. WAYNE BLACK be awarded backpay to be paid by DEFENDANT consisting of unpaid half-time and an equal amount of liquidated damages for the period of time he worked as a Desk Lieutenant (from June 2006 to the time of trial) in the total amount of $72,047.46, and it is further ORDERED, ADJUDGED, and DECREED that PLAINTIFF BLACK shall have and recover the costs and expenses of his suit, for which let execution issue, in addition to his reasonable and necessary attorney's fees related to his claim for unpaid overtime as a Desk Lieutenant which shall be determined by the Court upon proper briefing by the parties after the entry of this Judgment.

Of the $72,047.46 to be paid to PLAINTIFF BLACK, $36,023.73 is to be paid as backpay and $36,023.73 is to be paid as liquidated damages. Because PLAINTIFF BLACK did not incur any damages going back further than two years before his filing date, PLAINTIFF BLACK's damages are not impacted by the Court's finding on willfulness.

Further, it is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF BLACK take nothing from Defendant on his cause of action for the period of time he worked as a Construction Lieutenant (from March 2004 to June 2006).

### 5. PAM J. HITT

It is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF PAM J. HITT be awarded backpay to be paid by DEFENDANT consisting of unpaid half-time and an equal amount of liquidated damages in the total amount of $43,954.44, and it is further ORDERED, ADJUDGED, and DECREED that PLAINTIFF HITT shall have and recover the costs and expenses of her suit, for which let execution issue, in addition to her reasonable and necessary attorney's fees related to her claim for unpaid overtime as a Curriculum Developer which shall be determined by the Court upon proper briefing by the parties after the entry of this Judgment.

Of the $43,954.44 to be paid to PLAINTIFF HITT, $14,352.01 is to be paid as backpay for damages going back two years from her filing date up to the time of trial, and $14,352.01 is to be paid as liquidated damages going back two years from her filing date up to the time of trial. Due to the Court's finding on willfulness, PLAINTIFF HITT is to be paid an additional amount of $7,625.21 in backpay for damages going back a third year from her filing date, and $7,625.21 in liquidated damages for damages going back a third year from her filing date.

### 6. SAMUEL RAY GIBSON

It is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF SAMUEL RAY GIBSON be awarded backpay to be paid by DEFENDANT consisting of unpaid half-time and an equal amount of liquidated damages for the period of time he worked as a Desk Lieutenant (from

December 2005 to May 2006) in the total amount of $8,187.69, and it is further ORDERED, ADJUDGED, and DECREED that PLAINTIFF GIBSON shall have and recover the costs and expenses of his suit, for which let execution issue, in addition to his reasonable and necessary attorney's fees related to his claim for unpaid overtime as a Desk Lieutenant which shall be determined by the Court upon proper briefing by the parties after the entry of this Judgment.

Of the $8,187.69 to be paid to PLAINTIFF GIBSON, $4,093.845 is to be paid as backpay and $4,093.845 is to be paid as liquidated damages. Because PLAINTIFF GIBSON did not incur any damages going back further than two years before his filing date, PLAINTIFF GIBSON's damages are not impacted by the Court's finding on willfulness.

Further, it is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF GIBSON take nothing from DEFENDANT on his cause of action for the period of time he worked as a Field Lieutenant (from March 2004 to December 2005).

### 7. STACY L. GRANT

It is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF STACY L. GRANT be awarded backpay to be paid by DEFENDANT consisting of unpaid half-time and an equal amount of liquidated damages in the total amount of $46,131.30, and it is further ORDERED, ADJUDGED, and DECREED that PLAINTIFF GRANT shall have and recover the costs and expenses of her suit, for which let execution issue, in addition to her reasonable and necessary attorney's fees related to her claim for unpaid overtime as a Fire Lieutenant which shall be determined by the Court upon proper briefing by the parties after the entry of this Judgment.

Of the $46,131.30 to be paid to PLAINTIFF GRANT, $2,636.52 is to be paid as backpay for damages going back two years from her filing date up to the time of trial, and $2,636.52 is to be paid as liquidated damages going back two years from her filing date up to the time of trial. Due to the Court's finding on willfulness, PLAINTIFF GRANT is to be paid an additional amount of $20,429.13 in backpay for damages going back a third year from her filing date, and $20,429.13 in liquidated damages for damages going back a third year from her filing date.

### 8. KEVIN LANKFORD

It is hereby ORDERED, ADJUDGED, and DECREED that PLAINTIFF KEVIN LANKFORD be awarded backpay to be paid by DEFENDANT consisting of unpaid half-time and an equal amount of liquidated damages in the total amount of $54,539.98, and it is further ORDERED, ADJUDGED, and DECREED that PLAINTIFF LANKFORD shall have and recover the costs and expenses of his suit, for which let execution issue, in addition to his reasonable and necessary attorney's fees related to his claim for unpaid overtime as a Fire Lieutenant which shall be determined by the Court upon proper briefing by the parties after the entry of this Judgment.

Of the $54,539.98 to be paid to PLAINTIFF LANKFORD, $11,957.30 is to be paid as backpay for damages going back two years from his filing date up to the time of trial, and $11,957.30 is to be paid as liquidated damages going back two years from his filing date up to the time of trial. Due to the Court's finding on willfulness, PLAINTIFF LANKFORD is to be paid an additional amount of $15,312.69 in backpay for damages going back a third year from his filing date, and $15,312.69 in liquidated damages for damages going back a third year from his filing date.

The amounts of damages in this Judgment include only damages through the time of trial and this Judgment shall not preclude any Plaintiffs who worked in non-exempt positions after trial from pursuing damages for unpaid overtime they may have, if any, since the date of trial.

Further, the Court finds that, as explained in its MEMORANDUM OPINION AND ORDER and FINDINGS OF FACT AND CONCLUSIONS OF LAW, the job positions of Desk Lieutenant, Administrative Lieutenant, Curriculum Developer, and Fire Lieutenant as those job positions were presented at trial are non-exempt as that term is described in the Fair Labor Standards Act. The Court also finds that Defendant willfully misclassified the job positions Desk Lieutenant, Administrative Lieutenant, Curriculum Developer, and Fire Lieutenant as those job positions were presented at trial as exempt positions and therefore the Court has applied a three-year statute of limitations to the claims of Plaintiffs who held those positions during the relevant time period.

Further, the Court finds that, as was also explained in its MEMORANDUM OPINION AND ORDER and FINDINGS OF FACT AND CONCLUSIONS OF LAW, the job positions of Field Lieutenant, Construction Lieutenant, Central Alarm Station (CAS) Lieutenant, Training Lieutenant, Training Captain, and Special Response Team (SRT) Captain as those job positions were presented at trial are exempt as that term is described in the Fair Labor Standards Act.

Further, the Court herein incorporates all of its findings and conclusions from its MEMORANDUM OPINION AND ORDER and FINDINGS OF FACT AND CONCLUSIONS OF LAW.

The Court also finds that post-judgment interest shall run from the date of this judgment at a rate of 5% through the time of appeal or satisfaction thereof.

Any and all relief not expressly granted herein is hereby DENIED.

It is SO ORDERED.

Signed this 24th day of August, 2009.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

**AGREED AS TO FORM ONLY:**

/s/ Jason C. Webster
Jason C. Webster

/s/ Michael A. Warner
Michael A. Warner

**ATTORNEYS FOR PLAINTIFFS**

/s/ Bradley W. Howard
Bradley W. Howard

**ATTORNEYS FOR DEFENDANTS**

\\server2\documents$\04\2268.001\Judgment Bullard Revised_2268001.docx