IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOWELL C. BULLARD, | § | |
| NORRIS RAY TOLLERSON, JR., | § | |
| RANDY STOKES, JR., DONNA DAVIS, | § | |
| ROBERT F. DEXTER, JR., | § | |
| JOSHUA R. LUSTER, | § | |
| SCOTT RUSK, JEFFORY E. POOL, | § | |
| TYE A. WARD, JAMES DAVID SMITH, | § | |
| MICHAEL A. KING, DOMINGO MARQUEZ, | § | |
| STEPHEN A. WILSON, H. WAYNE BLACK, | § | |
| CHARLES DOUGLAS WALKER, | § | |
| GARY D. PHENIX, | § | |
| SCOTT BEECHER HERRING, PAM J. HITT, | § | CASE NO.  2-07-CV-049-J |
| SAMUEL RAY GIBSON, | § | |
| JOHNNIE R. WHITAKER, | § | |
| EUFEMIO JOE RUBALCABA, | § | |
| CHRISTOPHER L. SCHWARZ, | § | |
| STACY L. GRANT, | § | |
| HERBERT CHARLES CARR, | § | |
| CHRIS JENKINS, TODD FINLEY, | § | |
| KEVIN WAYNE OSBORNE, | § | |
| M. L. WITHERSPOON, | § | |
| ALVIN VIRGIL NEWTON, | § | |
| RODERICK J. UPTON, KEVIN LANKFORD, | § | |
| on their own behalf and for all others similarly | § | |
| situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BWXT PANTEX, L.L.C., | § | |
| | § | |
| Defendants. | § | |

## MOTION FOR ATTORNEY FEES AND COSTS

NOW INTO COURT, through undersigned counsel, come plaintiffs, **JOWELL C.**

**BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR. DONNA DAVIS,**

**ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL,**

1

TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ,

STEPHEN A WILSON, H. WAYNE BLACK, CHARLES DOUGLAS WALKER, GARY

D. PHENIX, SCOTT BEECHER HERRING, PAM J. HITT, SAMUEL RAY GIBSON,

JOHNNIE RO. WHITAKER, EUFEMIO JOE RUBALCABA, CHRISTOPHER L.

SCHWARZ, STACY L. GRANT, HERBERT CHARLES CARR, CHRIS JENKINS,

TODD FINLEY, KEVIN WAYNE OSBORNE, M.L. WITHERSPOON, ALVIN VIRGIL

NEWTON, RODERICK J. UPTON, and KEVIN LANKFORD, who, for the reasons more

fully assigned in the attached Memorandum of Authorities, respectfully move this

Honorable Court for an award of attorney fees and costs in accordance with this

Honorable Court's Judgment, entered August 24, 2009 (Record Document No. 185).

s/ Jason C. Webster
DAVID P. MATTHEWS
Texas Bar No. 13206200
JASON C. WEBSTER
Texas Bar No. 24033318
MATTHEWS & ASSOCIATES
2905 Sackett
Houston, TX 77098
(713) 222-8080 Telephone
(713) 535-7184 Fax

MICHAEL A. WARNER
Texas Bar No. 20872700
THE WARNER LAW FIRM
101 S.E. 11th, Suite 301
Amarillo, TX 79101
(806) 372-2595 Telephone
(806) 372-5674 Fax

**COUNSEL FOR PLAINTIFFS**

2

## CERTIFICATE OF SERVICE

I, Jason C. Webster, one of the attorneys for Plaintiffs, do hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel:

Bradley W. Howard
Robert C. Vartabedian
BROWN & FORTUNATO, P.C.
PO Box 9418
Amarillo, TX 79105-9418
Telephone:    (806) 345-6300
Facsimile:    (806) 345-6363
bhoward@bf-law.com
nhuelster@bf-law.com
swarwick@bf-law.com
***Counsel for Defendant BWXT Pantex, L.L.C.***

I further certify that I have caused a true and correct copy of the foregoing to be forwarded via United States mail, postage prepaid, to any of the above who were not served via ECF notification.

DATED:  September 4, 2009

s/ *Jason C. Webster*
JASON C. WEBSTER

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| JOWELL C. BULLARD,<br>NORRIS RAY TOLLERSON, JR.,<br>RANDY STOKES, JR., DONNA DAVIS,<br>ROBERT F. DEXTER, JR.,<br>JOSHUA R. LUSTER,<br>SCOTT RUSK, JEFFORY E. POOL,<br>TYE A. WARD, JAMES DAVID SMITH,<br>MICHAEL A. KING, DOMINGO MARQUEZ,<br>STEPHEN A. WILSON, H. WAYNE BLACK,<br>CHARLES DOUGLAS WALKER,<br>GARY D. PHENIX,<br>SCOTT BEECHER HERRING, PAM J. HITT,<br>SAMUEL RAY GIBSON,<br>JOHNNIE R. WHITAKER,<br>EUFEMIO JOE RUBALCABA,<br>CHRISTOPHER L. SCHWARZ,<br>STACY L. GRANT,<br>HERBERT CHARLES CARR,<br>CHRIS JENKINS, TODD FINLEY,<br>KEVIN WAYNE OSBORNE,<br>M. L. WITHERSPOON,<br>ALVIN VIRGIL NEWTON,<br>RODERICK J. UPTON, KEVIN LANKFORD,<br>on their own behalf and for all others similarly<br>situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BWXT PANTEX, L.L.C.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO.  2-07-CV-049-J<br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## MEMORANDUM OF AUTHORITIES

**MAY IT PLEASE THE COURT:**

On August 24, 2009, this Honorable Court entered Judgment against defendant and in favor of **JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR. DONNA DAVIS, ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A WILSON, H. WAYNE BLACK, CHARLES DOUGLAS WALKER, GARY D. PHENIX, SCOTT BEECHER HERRING, PAM J. HITT, SAMUEL RAY GIBSON, JOHNNIE RO. WHITAKER, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, STACY L. GRANT, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L. WITHERSPOON, ALVIN VIRGIL NEWTON, RODERICK J. UPTON, and KEVIN LANKFORD** on their claims under the Fair Labor Standards Act (FLSA) following a bench trial. (Record, Document No. 185) Under the FLSA, plaintiffs are entitled to payment by the defendant of their reasonable attorney fees and costs as provided by 29 U.S.C. §216(b).[1] Despite numerous attempts and request by Plaintiffs' counsel to reach an agreement on fees and costs, Defendant Pantex refuses to enter into any type of negotiation regarding the same.

The language of the statute mandates that the court award attorney's fees to the prevailing party, but gives the court discretion in deciding what is reasonable. Lewis v. Hurst Orthodontics, 292 F.Supp.2d 908 (W.D. TX 2003).

The Fifth Circuit has used the "lodestar" method to calculate attorney's fees in FLSA cases.  Fender v. Zapata Partnership, Ltd., 12 F.3d 480, 487 (5th Cir. 1994);

---

[1] 29 U.S.C. §216(b) provides, in pertinent part: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs of the action."

Heidtman v. County of El Paso, 171 F.3d 1038 (5th Cir. 1999); Forbush v. J.C. Penney
Co., 98 F.3d 817,821 (5th Cir. 1996); Camp v. The Progressive Corporation, Civil Action
No. 01-2680 (E.D. La. 9/23/04), 2004 U.S. Dist. LEXIS 19172; Collins v. Sanderson
Farms, Inc., Civil Action No. 06-2946 (E.D. La. 7/29/08), 568 F.Supp.2d 714.

The computation of reasonable attorneys' fees involves a three step process: (1)
determine the nature and extent of the services provided by plaintiff's counsel; (2) set a
value on those services according to the customary fee and quality of the legal work; and
(3) adjust the compensation on the basis of other factors that may be of significance in the
particular case. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th
Cir. 1974); Copper Liquor, Inc. v. Adolph Coors Company, 684 F.2d 1087, 1092 (5th Cir.
1982); Collins, supra; Camp, supra.

In calculating the number of hours reasonably expended on the litigation, whether
the total number of hours claimed were reasonable and whether specific hours claimed
were reasonably expended, the court must first ascertain the nature and extent of the
services supplied by plaintiff's counsel. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct.
1933, 1939-40, 76 L.Ed.2d 40 (1983). However, "the district court [retains] broad
discretion in setting the appropriate award of attorney fees." Hensley, 104 S.Ct. at 1939-
1940.

The district court must eliminate excessive or duplicative time. Hensley, supra;
Watkins v. Four Dice, 7 F.3d 453, 457 (5th Cir. 1993). Next, the court must value the
service according to the customary fee and quality of the legal work. The relevant market

3

for purposes of determining the prevailing hourly billing rate to be paid in the fee award is the community in which the district court sits. Scham v. District Courts Trying Criminal Cases, 148 F.3d 554, 558 (5th Cir. 1998). The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., supra. In calculating a lodestar, the hours worked and the rates claimed should be supported by the billing records of the attorney making the claim for fees. Watkins, 7 F.3d at 457. The court then determines the number of hours that were reasonably expended in litigation of the claim. The Fifth Circuit instructs that compensable hours are determined from the attorney's time records and includes all hours reasonably spent. Ships v. Trinity Industries, 987 F.2d 311, 319 (5th Cir. 1993). Counsel is also required to exercise billing judgment to exclude from the fee request any "hours that are excessive, redundant or otherwise unnecessary." Hensley, 103 S.Ct. at 1939-1940.

The lodestar is presumptively reasonable and should be modified only in exceptional circumstances. Watkins, supra at 457. Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley, supra; Wegner v. Standard Insurance Company, 129 F.3d 814, 822 (5th Cir. 1977); Louisiana Power and Light Company v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995); Camp v. Progressive, supra.

4

## CLASSIFICATION OF ATTORNEYS AND PARALEGALS
## SUBMITTING HOURS FOR COMPENSATION

There are two firms which have submitted fee and cost requests for work performed in this case. The firms and attorneys are Jason C. Webster of Matthews & Associates and Michael A. Warner of The Warner Law Firm. The bills include both attorney and paralegal time. The attorneys can be categorized as follows:

| | YEARS OF EXPERIENCE | REQUESTED BILLING RATE |
|---|---|---|
| **Jason C. Webster** | 8 | $300.00 per hour $350.00 for trial |
| **Michael A. Warner** | 22 | $350.00 per hour $400.00 for trial |

It is well established that fees for paralegal time are recoverable. <u>Missouri v. Jenkins,</u> 491 U.S. 274, 288, 105 L.Ed.2d 229, 109 S.Ct. 2463 (1989); <u>Volk v. Gonzales,</u> 262 F.3d 258, 535 (5th Cir. 2001); <u>Camp v. Progressive, supra.</u> Total paralegal time per firm and requested paralegal rates is as follows:

| | OF | REQUESTED BILLING RATE |
|---|---|---|
| **Candace Capilongo** | 7 | $85.00 per hour |
| **Suzanne Bradley** | 17 | $100.00 per hour |
| **Anita Goff** | 18 | $105.00 per hour |

## BASIS OF THE REQUESTED HOURLY RATES

An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested. Louisiana Power and Light Company v. Kellstrom, supra; Camp v. The Progressive Corp., supra. In Camp, Magistrate Judge Joseph C. Wilkinson, Jr. determined, in 2004, that:

> Based on my knowledge of the prevailing market rates in this legal community, my familiarity with the qualifications and expertise of plaintiff's counsel and recent awards of reasonable attorney fees in this district, I find that the requested rates of $225.00 for partners and $140.00 for associates are reasonable.

. . .

> Again, based on my experience in this legal community , I find that $60.00 per hour for paralegal time is reasonable. See *Id.* at 67.

In Judith L. DeCorte, et al v. Eddie Jordan, et al, Civil Action No. 03-1239-SRD-SS, Magistrate Judge Sally Shushan issued a report and recommendation regarding attorney fees in 2006 (Record, Document 407). The recommended rates that were approved by the district court were as follows:

> The rate for the trial attorney with 25 years of experience in employment discrimination cases was $235.00 per hour. The award for the attorney that assisted the trial attorney was $165.00 per hour. The rates sought by Downey for Hogan ($225.00 per hour) and McKnight ($175.00 per hour) are reasonable. *Id.*

6

In Collins v. Sanderson Farms, Inc., supra, Judge Berrigan approved and found reasonable $350.00 per hour for partners and $95.00 per hour for paralegals in 2008.

Thus, prevailing market rates in this legal community range from $225.00 for partners and $140.00 for associates in 2004, to $350.00 for partners in 2008, and $175.00 for associates in 2006. The requested hourly rates of $300.00 for partners, $225.00 for associates, and $75.00 for paralegals is reasonable and represents ". . . prevailing market rates within the New Orleans legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Camp v. The Progressive Corp., supra.

All of the billed activities represent endeavors related to the determination of the exempt status of all Plaintiffs' liquidated damages, and bad faith. For example, the depositions taken in Amarillo, Texas of Rick Foust, Steve Reynolds and others, as well as all the management depositions of Pantex, L.L.C., were relevant to the issues presented at the trial of the successful Plaintiffs, as was the written discovery on the exempt/non-exempt, liquidated and bad faith issues.[2] Counsel also participated in numerous discovery depositions, discovery conferences and motions related to issues relating to the exemption, bad faith and liquidated damages, as well as the job duties and exemption status of all plaintiffs. Further, Plaintiffs' counsel investigated company policy and procedures that showed the lack of managerial discretion exercised by all Plaintiffs.

---

[2] See Affidavits of Jason C. Webster and Michael Warner attached as Exhibits B and C.

Although much of this work was done during the collective action phase of the case, all of these efforts were relevant to the Bullard trial and specifically those plaintiffs who were successful in this case.

Further, as this Court is well aware, an extensive trial was held in which all of the issues presented including the ones with respect to the successful Plaintiffs were intertwined in that a large amount of the majority of time was spent working on all issues during the trial.[3]

Many other Pantex employees not involved in this suit also enjoy the benefit of Plaintiffs' counsel's activities in pursing these cases. Specifically, those fire lieutenants who were not part of this lawsuit are specifically getting paid time and a half as a result of the actions of Plaintiffs' counsel in this lawsuit.[4] The Administrative Lieutenants, Curriculum Developers, and Desk Lieutenants who did not participate in this lawsuit are now being paid time and a half as a result of this lawsuit.[5]

Plaintiffs' counsel respectfully submit that all of these activities are compensable under FLSA law.

---

[3]  See Affidavit of Jason C. Webster and Michael A. Warner attached as Exhibits B and C.
[4]  See Affidavit of Vance Robinson attached as Exhibit A.
[5]  See Affidavit of Jason C. Webster and Michael A. Warner attached as Exhibits B and C.

## CALCULATION OF THE LODESTAR AMOUNT

### A.    Exercise of Billing Judgment

Each attorney who has submitted hours for consideration has attached an Affidavit setting forth their exercise of billing discretion and judgment[6]. As this Court is well aware, this litigation is now almost three years old. Counsel for plaintiffs did not bill for an enormous amount of compensable hours. In fact, hundreds of hours spent by counsel in this litigation were excluded. Further, hours expended on depositions of preparation time, and meetings not related to winning plaintiffs were likewise excluded. This includes the numerous phone calls, discovery responses, emails and correspondence for all unsuccessful Plaintiffs.[7]

Counsel took great care and concern in completing these hours. Repetitive and/or duplicative efforts were stricken. However, to the extent multiple attorneys billed for working on the same item, such as joint participation in depositions, revising or drafting pleadings, counsel submits that each attorney's bill reflects the distinct contribution of each lawyer to the case and represents the customary practice of multiple lawyer litigation. Simply stated, these billing entries reflect actual contribution and not merely passive receiving and reviewing of other people's work.[8]  Some of the hours billed, specifically those for Jowell Bullard and Robert Dexter, are so intertwined to the point of being inseparable pursuant to Texas law. *Stewart Title Guar. Co. v. Sterling* 822nd S.W. 2nd, 11, 35 Tex. Sup. CT. 206 (1991). Many of the telephone calls, emails, and

---

[6] Affidavit of Jason C. Webster and Michael A Warner attached as Exhibits B and C.
[7] Affidavit of Jason C. Webster and Michael A Warner attached as Exhibits B and C.
[8] See Affidavits of Jason C. Webster and Mike Warner attached as Exhibit B and C.

conversations with Jowell Bullard and Robert Dexter concerned not only the unsuccessful plaintiffs but the plaintiffs who were successful in this action. Robert Dexter did a majority of the research regarding all positions and was the one who was responsible for facilitating the finding of willful and wanton conduct.[9] Likewise, Jowell Bullard was the spokesperson and a lead plaintiff in this case. Mr. Bullard was responsible for disseminating information to all plaintiffs and participated extensively in numerous conversations regarding desk lieutenant, administrative lieutenant, and circular development positions.[10] Texas Courts have awarded fees where all claims that are intertwined and inseparable have been granted through multiple claims. Plaintiffs counsel also asserts that the multiple claims arising out of these facts required the prosecution which entailed essentially the same facts so as to render these fees inseparable. See *Natural Gas Clearing House v. Midgaed Energy Company* 113 S.W. 3rd 400, 417 (Tex. App. 2003).

Plaintiffs respectfully submit that they have exercised appropriate billing discretion such that there should be no reduction of the hours submitted and an upward adjustment in the time should be multiplied by one-third based on the benefit to all employees who did not participate in this action due to defendants' actions.[11]

---

[9] See Affidavit of Robert Dexter attached as Exhibit D.

[10] See Affidavit of Michael A. Warner attached as Exhibit C.

[11] See Affidavit of Vance Robinson attached as Exhibit A.

**B.    The Hours Submitted By Counsel**

| ATTORNEY AND PARALEGAL TIME | TOTAL HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Jason C. Webster (A) regular time | 627.60 | $   300.00 | $ 188,280.00 |
| Jason C. Webster (A) trial time | 39.00 | $   350.00 | $   13,650.00 |
| Mike Warner (A) regular time | 706.30 | $   350.00 | $ 247,205.00 |
| Mike Warner (A) trial time | 39.00 | $   400.00 | $   15,600.00 |
| Anita Goff (P) regular time | 6.00 | $   102.00 | $        612.00 |
| Suzanne Bradley (P) regular time | 94.00 | $   100.00 | $     9,400.00 |
| Candace Capilongo (P) regular time | 247.35 | $     85.00 | $   21,024.75 |
| **TOTAL BILLABLE TIME** | 1511.90 | | **$ 495,771.75** |
| **TOTAL EXPENSES** | | | **$     41,936.34** |
| Upward adjustment of Lodestar fees at one-third adjustment. | - | - | **$ 163,604.68** |
| | | | |
| **GRAND TOTAL FEES AND EXPENSES REQUESTED** | | | **$ 701,312.77** |

Plaintiffs respectfully submit that the above charts, which summarize the hours submitted by plaintiffs' counsel and paralegals, reflects the appropriate fees that should be awarded in this litigation with a one third increase in lodestar upward adjustment. Plaintiffs respectfully request an upward adjustment of one-third for those fees based on the benefits to employees who were not part of this suit.

## APPLICATION OF THE JOHNSON FACTORS

After determining the lodestar, the court should turn to a consideration of whether adjustment upward or downward of the lodestar is appropriate.  Wegner v. Standard

11

Insurance Company, 129 F.3d 814, 822 (5th Cir. 1977); DeCorte v. Jordan, supra; Forbush, supra at 821.

Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974) set forth 12 factors for the court to consider:

### 1.    The Time and Labor Required

Plaintiffs' submissions, attached sets forth the amount of time expended.[12]

### 2.    The Novelty and Difficulty of the Question

Unlike "off-the-clock" cases, misclassification cases are quite difficult. Application of the executive, administrative and combination exemptions were unique given the factual situation presented. The court and the parties were faced with analyzing this case under 2004 versions of the exemption which requires in-depth fact analysis. Determining actual job duties was complicated.    The issue of job tasks and responsibilities and its legal ramifications were complex. Moreover, this case was rife with mixed questions of fact and law. The court and the parties were forced to conduct extensive discovery regarding Pantex's policies, procedures and their implementation at the plant. All of these areas were exhausted during the trial of this case.

---

[12] See Exhibit E.

### 3.    The Skill Required to Perform the Legal Service Properly

Webster and Warner have experience in Fair Labor Standards Act litigation. Given the complexity of the law and the unique issues presented, plaintiffs submit that this case required greater skill to litigate than would be expected of a typical overtime case.[13]

### 4.    The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case.

The case has been litigated for a little over three years. The exemption, liquidated and willfulness component of the case was a significant undertaking. The case itself required significant devotion of time, to the exclusion of work on other matters. Pantex, L.L.C. has refused to acknowledge whether they will appeal, thus requiring further work on this case. Further, Pantex refused to engage in any type of settlement negotiations for attorneys' fees and expenses. [14]

### 5.    The Customary Fee

The customary fee in FLSA litigation where there is no class wide common fund settlement is the hourly rate fee recognized by this court in this legal community. Counsel's submission is reasonable in light of the customary fee, calculated at an hourly rate and based on the case law previously cited in this memorandum. Further, the FLSA itself provides for a specific fee award, based on a lodestar calculation.

### 6.    Whether the Fee is Fixed or Contingent

---

[13] See Affidavit of Jason C. Webster and Michael A Warner attached as Exhibit B and C.
[14] See Affidavit Jason C. Webster and Michael A Warner attached as Exhibits B and C.

Bullard et al. retained the services of plaintiffs' counsel on a contingent basis.

**7.    Time Limitations Imposed by the Client or the Circumstances**

Plaintiffs in the Bullard case did not impose time constraints on plaintiffs' counsel. However, the case itself required significant devotion of time, to the exclusion of work on other matters including an enormous amount of in preparation for trial and trial itself.

**8.    The Amount Involved and the Results Obtained**

| PLAINTIFFS | | |
|---|---|---|
| Randy Stokes | $ | 7,770.39 |
| Donna Davis | $ | 62,261.27 |
| H. Wayne Black | $ | 72,047.46 |
| Pam J. Hitt | $ | 43,954.44 |
| Samuel Ray Gibson | $ | 8,187.69 |
| Stacy L. Grant | $ | 46,131.30 |
| Kevin Lankford | $ | 54,539.98 |
| **TOTALS:** | $ | 294,892.53 |

The court's determination that Pantex, L.L.C. did commit a willful violation provided an excellent result, prevailing on the exemption and liquidated damage claims for those Plaintiffs who were successful. Pantex, L.L.C. has never offered any settlement and has vigorously defended all aspects of this case, including a potential appeal to the U.S. Fifth Circuit Court of Appeals.[15] The amount involved is not inconsequential and represents a significant overtime award and willful and wanton conduct by a nuclear weapons facility.

---

[15] See Affidavits of Jason C. Webster and Michael A. Warner attached as Exhibit B and C.

14

**9.    The Experience, Reputation and Ability of the Attorneys**

This was addressed in Section 3, supra.  All counsel are experienced and have superior ability.  The court, through its interactions with counsel and review of their work over the last three years, can readily satisfy itself that plaintiffs' counsel possess the requisite knowledge and skill in this area.

**10.    The Undesirability of the Case**

Despite thousands of employees working for Pantex, L.L.C., there are few, if any, other cases brought outside of this litigation.  Out of hundreds of security officers this is the only case to be tried on the merits.  As demonstrated by Pantex, L.L.C.'s absolute refusal to engage in any settlement discussions, but for one position that has been eliminated, these are not desirable cases.[16]

**11.    The Nature and Length of the Professional Relationship With the Client**

Bullard et al. has been represented by Plaintiffs' counsel for almost three years.  Despite the omissions of time for those Plaintiffs who were unsuccessful in this litigation, Plaintiffs' counsel had extensive conversations with all Plaintiffs.  The majority were on behalf on all Plaintiffs included Robert Dexter and Jowell Bullard.  Although they were the spokespersons for all Plaintiffs and our conversations between those individuals were so intertwined as to making it literally impossible to divide that time amongst the

---

[16] See Affidavit of Jason C. Webster and Michael A. Warner attached as Exhibits B and C.

Plaintiffs, counsel often spoke with every single Plaintiff and work closely with every single Plaintiff in this litigation throughout the time of judgment.[17]

### 12.    Awards in Similar Cases

Plaintiffs have cited, *supra*, several Eastern District of Louisiana and Fifth Circuit FLSA cases awarding hourly rates. The lodestar calculation is dependent upon the work performed in the individual case. Thus, awards in other cases are similar to the anticipated award in this case: a lodestar award calculated at a reasonable rate.

## THE JOHNSON FACTORS JUSTIFY AN
## UPWARD DEVIATION OF THE LODESTAR

Plaintiffs' counsel respectfully submit that the attorneys' fees should be adjusted upward based on the Lodestar calculation due to the benefit of this particular class which did not opt-in or participate in the lawsuit. Specifically, firefighting lieutenants, captains and battalion chiefs who did not participate in this lawsuit are now being compensated at a rate of time and a half.[18] All of those individuals who were not opted in the class have benefited as a result of the actions of Plaintiffs' counsel in this lawsuit thereby deriving a benefit from our actions. By Pantex telling the employees that they would pay them time and a half if the lawsuit was won and compensate them for a backpay has inevitably discouraged individuals from actually joining this lawsuit.[19] Plaintiffs respectfully submit that attorney fees should be adjusted upward by a one-third range due to the benefit of all employees of the Fire Department at the Pantex facility.

---

[17]  See affidavit of Michael A. Warner and Jason C. Webster attached as Exhibits B and C.

[18]  See affidavit of Vance Robinson attached as Exhibit A.

[19]  See Affidavit of Michael A. Warner and Jason C. Webster attached as Exhibits B and C.

Further, desk lieutenants and administrative lieutenants and curriculum developers still working at Pantex who did not participate in this lawsuit has also benefited from this lawsuit. Pantex has now begun paying those Plaintiffs time and a half since the issue of this Memorandum and Opinion of this Honorable Court. Therefore, it is counsel's understanding from Plaintiffs in this lawsuit that they are also being paid at a rate of time and a half for hours worked over 40 as a result of this lawsuit.[20] For these reasons stated above, Plaintiffs' counsel respectfully requests the Court adjust the attorney's fees upward by one-third of the total fees billed to compensate the attorneys for the benefit they provided to the class of plaintiffs who were successful in this lawsuit.

## RELATIONSHIP BETWEEN THE FEE REQUESTED BY PLAINTIFFS' COUNSEL AND JUDGMENT RENDERED FOR PLAINTIFFS

The Judgment rendered herein in favor of plaintiffs total $294,892.53. The fee requested exceeds this amount. However, attorney fee awards should not be tied to the amount of damages a plaintiff recovers. In Cowan v. Prudential Insurance Company, 935 F.2d 522, 526 (2nd Cir. 1991) the court held:

> Nothing in the statute or its legislative history requires, or even suggests, that attorney's fees should be proportional to damage awards. 935 F.2d 522, 526 (2nd Cir. 1991).

Further, DiFilippo v. Morizo, 759 F.2d 231 (2nd Cir. 1985), citing the congressional purposes of insuring effective access to the judicial process in allowing prevailing parties to recover fees, held that "[a] presumptively correct 'lodestar' figure should not be reduced simply because a plaintiff recovered a low damage award." *Id.* at

---

[20] See Affidavit of Vance Robinson, Jason C. Webster, and Michael A. Warner attached as Exhibits A, B and C.

233. "Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." Fegley v. Higgins, 19 F.3d 1126, 1134-35 (6th Cir. 1994).[21]

Thus, attorney fees in FLSA cases should not be tethered to the amount of the award.

## EXPENSES

Plaintiffs' also assert the following expenses with respect to this action are collectable under the FLSA.[22]    Plaintiffs' counsel has made a substantial reduction of costs associated with those things outlined previously in the Motion.    There is a strong presumption under F.R.C.P. 54(d)(1) that the prevailing party will be awarded costs. *Cheatham v. Allstate Insurance Company* 465(f)(3)(d) 578, 586 (Fifth Circuit 2006). "Reimbursement for travel, meals, lodging, photocopying, long distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are types of litigation expenses that are recoverable under the F.L.S.A. as part of an attorney's fees award." *Quintena v. ANR Demolition, Inc.*, 8-04-1965, 2008 U.S. District Lexis 37449, 2007WL5166849, at 9 S.D. Tex. May 7, 2008." Further, costs such as court reporter fees, copying fees, and docket fees are similarly compensable under 28 U.S.C. Sec 1920.

---

[21] Fegley affirmed an award of $7,680.00 in overtime compensation and $40,000 in attorney fees. *See also* Cox v. Brookshire Grocery Company, 919 F.2d 354, 358 (5th Cir. 1990) affirming an award of $1,181.00 in overtime compensation and $9,250.00 in attorney fees; Bonnett v. Cal Health & Welfare, 704 F.2d 1465, 1473 (9th Cir. 1983), affirming an award of $18,455.00 in damages and $100,000.00 in attorney fees; and Lucio-Cantu v. Vella, No. 06-20787, 2007 Westlaw 1342513 (5th Cir. May 8, 2007) affirming an award of $51,750.00 in attorney fees and total damages of $9,393.58.
[22] See attached as Exhibit F.

Attached as part of Exhibit F are the expenses incurred by plaintiffs' counsel in the activities itemized and described in the bills. The requested expenses are summarized as follows:



| NAME | PAYMENTS |
| --- | --- |
| Matthews & Associates and The Warner Law Firm | $ 41,936.34 |

Counsel exercised discretion and only submitted costs relating to the working of this case. The requested costs are substantially less than the total costs incurred in this litigation. As is evident, no costs associated with the faxes, copies, phone calls or U.S. postage were claimed. In an effort to conserve costs associated with the trial of this case, attorney Jason C. Webster often stayed at Michael A. Warner's personal residence. Further, a rental car was rarely used. Plaintiffs' counsel was extremely conscientious of the costs associated with the litigation of this matter. During trial, Mr. Webster and Mr. Warner spent cost to clean Mr. Warner's personal residence for $400 and Mr. Webster compensated Mr. Warner $700 for allowing him to use his house during the trial of this matter. During that time, multiple plaintiff meetings were held at the residence of Mr. Warner thus necessitating the need of both of those services. Throughout the work-up of this case, Mr. Webster often stayed with Mr. Warner in which no costs were derived and Mr. Warner often would provide transportation for Mr. Webster thus negating the need for a rental car.

The expenses associated with the certified public accountant Mr. Jeff Compton were a result of the prosecution of this matter up until approximately two weeks before trial. His services were rendered in order to provide plaintiffs with a damage model regarding the time and a half sought and review of the plaintiffs' records produced by the defendant.

Approximately one to two weeks prior to trial, counsel for Pantex agreed to stipulate to those amounts should those plaintiffs prove successful. The process had already begun with plaintiffs' counsel in a diligent matter and had already hired Mr. Compton's services extensively to determine what we believe to be an appropriate amount of overtime we would be seeking at trial. Therefore, these costs were necessitated as reasonable and necessary in the prosecution of this matter.[23]

An item is recoverable as a cost under FRCP 54(d) if it is enumerated in 28 U.S.C. §1920. Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). The statute provides that a judge or clerk of any court of the United States may tax as costs the following:

1)   Fees of the Clerk and Marshall;

2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case;

3)   Fees and disbursements for printing and witnesses;

4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;

---

[23] See Affidavit of Jason C. Webster and Michael A. Warner attached as Exhibits B and C.

5) Docket fees under Section 1923 of this Title;

6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under 1828 of this Title.

The district court enjoys wide discretion in determining and awarding reasonable costs. Chapman v. AI Transport, 229 F.3d 1012 (11th Cir. 2000).

In addition, non-taxable costs also are shifted to the losing party in an FLSA case since the statute provides for the shifting of attorney fees, as long as these costs are "[i]dentifiable, out-of-pocket expenses" as opposed to "non-recoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate." Kuzma v. IRS, 821 F.2d 930, 933-34 (2nd Cir. 1987); Cho v. Koam Medical Services, PC, 524 F.Supp.2d 202, 207 (Court) (11/30/07); Yang v. ACBL Corp., 04-Civ. 8987, (S.D. N.Y.), 2006 U.S. Dist. LEXIS 6919 (2/22/06); Alvarez v. IBP, Inc., CT-98-5005, (E.D. Wa.), 2001 U.S. Dist. LEXIS 25341 (allowing travel, hotel, meals, photocopies, postage and long distance charges) (12/14/01); Bowers v. Foto-Ware, Inc., 3:cv-03-1137, (M.D. Pa.), 2007 U.S. Dist. LEXIS 84626 (11/15/07); Moon v. Joon Gab Kwon, 99 Civ. 11810, (S.D. N.Y.), 2002 U.S. Dist. LEXIS 21775; 8 Wage and Hour Cases 2nd (BNA) 461 (11/6/02).

Plaintiffs respectfully submit that the expenses are reasonable and necessary and related to the issues presented at the trial of Bullard et al. which are recoverable under Texas law.

# CONCLUSION

For the foregoing reasons, plaintiffs respectfully move this Honorable Court to award hours and expenses set forth herein.

The requested attorney's and paralegals time and expenses is as follows:

| ATTORNEY AND PARALEGAL TIME | TOTAL HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Jason C. Webster (A) regular time | 627.60 | $ 300.00 | $ 188,280.00 |
| Jason C. Webster (A) trial time | 39.00 | $ 350.00 | $ 13,650.00 |
| Mike Warner (A) regular time | 706.30 | $ 350.00 | $ 247,205.00 |
| Mike Warner (A) trial time | 39.00 | $ 400.00 | $ 15,600.00 |
| Anita Goff (P) regular time | 6.00 | $ 102.00 | $ 612.00 |
| Suzanne Bradley (P) regular time | 94.00 | $ 100.00 | $ 9,400.00 |
| Candace Capilongo (P) regular time | 247.35 | $ 85.00 | $ 21,024.75 |
| **TOTAL BILLABLE TIME** | 1511.90 | | **$ 495,771.75** |
| **TOTAL EXPENSES** | | | **$ 41,936.34** |
| Upward adjustment of Lodestar fees at one-third adjustment. | - | - | **$ 163,604.68** |
| | | | |
| **GRAND TOTAL FEES AND EXPENSES REQUESTED** | | | **$ 701,312.77** |

Respectfully Submitted,

s/ Jason C. Webster
DAVID P. MATTHEWS
Texas Bar No. 13206200
JASON C. WEBSTER
Texas Bar No. 24033318
MATTHEWS & ASSOCIATES
2905 Sackett
Houston, TX 77098
(713) 222-8080 Telephone
(713) 535-7184 Fax
dmatthews@thematthewslawfirm.com
jwebster@thematthewslawfirm.com

MICHAEL A. WARNER
Texas Bar No. 20872700
THE WARNER LAW FIRM
101 S.E. 11th, Suite 301
Amarillo, TX 79101
(806) 372-2595 Telephone
(806) 372-5674 Fax
mawarner@suddenlinkmail.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, Jason C. Webster, one of the attorneys for Plaintiffs, do hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel:

Bradley W. Howard
Robert C. Vartabedian
BROWN & FORTUNATO, P.C.
PO Box 9418
Amarillo, TX 79105-9418
Telephone:    (806) 345-6300
Facsimile:    (806) 345-6363
bhoward@bf-law.com
nhuelster@bf-law.com
swarwick@bf-law.com
***Counsel for Defendant BWXT Pantex, L.L.C.***

I further certify that I have caused a true and correct copy of the foregoing to be forwarded via United States mail, postage prepaid, to any of the above who were not served via ECF notification.

DATED:  September 4, 2009

s/ *Jason C. Webster*
JASON C. WEBSTER

24