# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| JOWELL C. BULLARD, NORRIS RAY TOLLERSON, JR., RANDY STOKES, JR., DONNA DAVIS, ROBERT F. DEXTER, JR., JOSHUA R. LUSTER, SCOTT RUSK, JEFFORY E. POOL, TYE A. WARD, JAMES DAVID SMITH, MICHAEL A. KING, DOMINGO MARQUEZ, STEPHEN A. WILSON, H. WAYNE BLACK, CHARLES DOUGLAS WALKER, GARY D. PHENIX SCOTT BEECHER HERRING, PAM J. HITT, SAMUEL RAY GIBSON, EUFEMIO JOE RUBALCABA, CHRISTOPHER L. SCHWARZ, STACY L. GRANT, HERBERT CHARLES CARR, CHRIS JENKINS, TODD FINLEY, KEVIN WAYNE OSBORNE, M.L. WITHERSPOON, ALVIN VIRGIL NEWTON, RODERICK J. UPTON, and KEVIN LANKFORD, § § § § § § § § § § § § § § § § § § § § § § Plaintiffs, § § v. § § BABCOCK & WILCOX TECHNICAL § SERVICES PANTEX, L.L.C., § § Defendant. § | CIVIL ACTION NO. 2-07CV-049-J |

## RESPONSE AND OBJECTIONS TO
## PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW BABCOCK & WILCOX TECHNICAL SERVICES PANTEX, L.L.C. ("Defendant") and makes this Response and Objections to Plaintiffs' Motion for Attorney Fees and Costs and would show the Court as follows:

### INTRODUCTION

This case involved claims from thirty different Plaintiffs whose cases were joined under

Rule 20.  Pursuant to this Court's August 24, 2009, Judgment, Defendant prevailed completely as to the claims of twenty-three Plaintiffs.  The Defendant partially prevailed as to the claims of four Plaintiffs (H. Wayne Black, Donna Davis, Samuel Gibson, and Randy Stokes). Only three Plaintiffs (Stacy Grant, Pam Hitt, and Kevin Lankford) prevailed on all of their claims.

Despite the fact that twenty-three out of thirty Plaintiffs (76.67%) were completely unsuccessful in this litigation, Plaintiffs' counsel seeks attorney's fees and expenses for essentially all work they performed in this case—including significant fees and expenses related to claims on which Defendant prevailed.  Furthermore, the expenses and fees submitted by Plaintiffs are replete with vague entries that are far too general to determine (1) whether the fees and expenses were related to successful claims, (2) whether the fees and expenses were reasonable and necessary, and (3) to what extent Plaintiffs' counsel performed the work or incurred the expenses in question.

## **RESPONSE AND OBJECTIONS**

Defendant has four key objections to the expenses sought by Plaintiffs: (1) Plaintiffs submit claims for expenses that are not compensable, (2) Plaintiffs submit claims for expenses that are not reasonable, such as a $689 charge for a hotel stay during the single day of mediation, (3) Plaintiffs fail to segregate expenses related to unsuccessful claims or to prorate their claims based on their limited success at trial, and (4) Plaintiffs fail to adequately document their expenses.

Further, Defendant objects to Plaintiffs' calculation of the lodestar amount for attorney's fees. While Defendant does not object to reasonable hours claimed by Plaintiffs related to successful claims, Defendant objects to many hours claimed by Plaintiffs as unreasonable for four reasons: (1) time entries for the hours are vague and do not allow Defendant or the Court to

assess what work was performed; (2) excessive hours are billed for simple tasks; (3) some time claimed is specifically related to unsuccessful Plaintiffs, claims, travel time, or double billing; (4) time is not segregated between successful and unsuccessful Plaintiffs. As a result, Defendant requests complete or proportionate reduction of many hours submitted by Plaintiffs. Defendant objects to the requested billing rates of Mr. Warner and Webster. Additionally, Defendant submits that reasonable rates are $200/hour for Mr. Warner and $175/hour for Mr. Webster.

After performing the first step of calculating the lodestar, the Court may conclude that the lodestar amount is $29,696.35. The Court must then perform the second step to determine whether the lodestar figure should be adjusted upward or downward on the basis of twelve factors outlined in *Johnson*. Although Plaintiffs claim that applying the *Johnson* factors to this case requires an upward adjustment of the lodestar, Plaintiffs' analysis of the *Johnson* factors is flawed in several respects. Plaintiffs rely on factors that are not *Johnson* factors or are already used in calculating the lodestar. Plaintiffs fail to provide an argument as to why the Johnson factors weigh in favor of upward adjustment and fail to give any basis for why the application requires such a large one-third upward adjustment. Plaintiffs fail to distinguish between the weight of any of the factors, viewing all factors with identical importance, when the more important factors all weigh strongly against an upward adjustment. Plaintiffs fail to rebut the presumption that the lodestar amount is reasonable. If anything, proper application of the *Johnson* factors requires a downward adjustment of the lodestar, certainly not an upward adjustment. An examination of each *Johnson* factor and why the Plaintiffs' arguments do not require an upward adjustment of the lodestar follows.

After applying Defendant's reductions, Plaintiffs' requested hours and rates that are reasonable and should be permitted are as follows:

| Attorney/Paralegal | Reasonable Hours | Reasonable Rate | Total ($) |
|---|---|---|---|
| Anita Goff | 6.00 | @ 102.00/hr | 612.00 |
| Candace Capilongo | 61.82 | @ 85.00/hr | 5,254.70 |
| Suzanne Bradley | 24.31 | @ 100.00/hr | 2,431.00 |
| Jason Webster | 166.42 | @ 175.00/hr | 29,123.50 |
| Mike Warner | 198.84 | @ 200.00/hr | 39,768.00 |
|  |  | **Total for All** | **77,189.20** |

## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that Plaintiffs' claim for attorney fees and expenses is grossly inflated. Plaintiffs submitted improper, unreasonable, and vague expenses including ones not even related to this case. Likewise, Plaintiffs request for attorney fees contains major blocks of time that are too vague to determine the work performed, are not set at a reasonable rate, and are not contemporaneously created. For both expenses and fees, Plaintiffs fail to separate proper amounts related to successful Plaintiffs from those related to unsuccessful Plaintiffs or claims. Defendant submits that, assuming Plaintiff provides proper documentation, only $**10,715.17** in expenses are reasonable, and only $**77,189.20** in fees are reasonable, for a grand total of **$87,904.37.**

Respectfully submitted,

Bradley W. Howard
State Bar No. 00786452
Robert C. Vartabedian
State Bar No. 24053534
BROWN & FORTUNATO, P.C.
905 South Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile
bhoward@bf-law.com Email
rvartabedian@bf-law.com Email

By:   /s/ Bradley W. Howard
         Bradley W. Howard

**ATTORNEYS FOR DEFENDANT**

\\server2\documents$\18\2268.001\ResponseMotionFees_2268001.docx

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document and that a true and correct copy was served on the parties listed below through the electronic case filing system if the Notice of Electronic Filing indicated that the parties received it or otherwise by mailing a copy by Certified Mail, Return Receipt Requested, to the parties this 23rd day of September, 2009.

Michael A. Warner
The Warner Law Firm
101 S.E. 11th, Suite 301
Amarillo, TX 79101

Jason C. Webster
Matthews & Associates
2905 Sackett
Houston, TX 77098

   /s/ Bradley W. Howard
Bradley W. Howard