**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **JOWELL C. BULLARD, NORRIS RAY** | § | |
| **TOLLERSON, JR., RANDY STOKES, JR.,** | § | |
| **DONNA DAVIS, ROBERT F. DEXTER, JR.,** | § | |
| **JOSHUA R. LUSTER, SCOTT RUSK,** | § | |
| **JEFFORY E. POOL, TYE A. WARD, JAMES** | § | |
| **DAVID SMITH, MICHAEL A. KING,** | § | |
| **DOMINGO MARQUEZ, STEPHEN A.** | § | |
| **WILSON, H. WAYNE BLACK, CHARLES** | § | |
| **DOUGLAS WALKER, GARY D. PHENIX** | § | |
| **SCOTT BEECHER HERRING, PAM J. HITT,** | § | |
| **SAMUEL RAY GIBSON, EUFEMIO JOE** | § | |
| **RUBALCABA, CHRISTOPHER L.** | § | |
| **SCHWARZ, STACY L. GRANT, HERBERT** | § | |
| **CHARLES CARR, CHRIS JENKINS, TODD** | § | **CIVIL ACTION NO. 2-07CV-049-J** |
| **FINLEY, KEVIN WAYNE OSBORNE, M.L.** | § | |
| **WITHERSPOON, ALVIN VIRGIL NEWTON,** | § | |
| **RODERICK J. UPTON, and KEVIN** | § | |
| **LANKFORD,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BABCOCK & WILCOX TECHNICAL** | § | |
| **SERVICES PANTEX, L.L.C.,** | § | |
| | § | |
| **Defendant.** | § | |

---

**BRIEF IN SUPPORT OF RESPONSE AND OBJECTIONS TO**
**PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS**

---

Bradley W. Howard
State Bar No. 00786452
Robert C. Vartabedian
State Bar No. 24053534
BROWN & FORTUNATO, P.C.
905 S. Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile
**ATTORNEYS FOR DEFENDANT**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  OBJECTIONS TO PLAINTIFFS' CLAIMS FOR EXPENSES .............................. 1

   1.  Plaintiffs' Claims for Unrecoverable Expenses Should be Denied ................................... 2
      A.  Expert Fees Are Not Recoverable Under the FLSA .................................................... 2
      B.  Expenses from Different Litigation ........................................................................ 3
      C.  Costs for Depositions Unrelated to Claims of Successful Plaintiffs ............................. 4
      D.  Costs for Meetings and Discussions ...................................................................... 5
      E.  Subpoenas for Witnesses Who Did Not Testify ...................................................... 5
   2.  Plaintiffs' Claims for Unreasonable Expenses Should be Denied .................................. 6
      A.  Extraordinary Bills for Meals at Various Restaurants and Bars ................................ 6
      B.  Extraordinary Bills for Rental Cars ....................................................................... 7
      C.  Excessive and Unnecessary Bills for Flights .......................................................... 7
   3.  Plaintiffs' Claims for Expenses Should Be Denied or Reduced Because Plaintiffs Offer
      No Proof that the Expenses Are Related to the Claims of Successful Plaintiffs ............... 8
   4.  Plaintiffs' Claims for Inadequately Documented Expenses Should Be Denied ................ 9

III. EXPENSES SUMMARY .................................................................................... 10

IV. OBJECTIONS TO PLAINTIFFS' CLAIMS FOR FEES .................................... 10

   1.  Plaintiffs' Claims for Fees Should Not Be Recovered to the Extent the Claimed Hours
      Are Unreasonable ................................................................................................ 10
      A.  Recoverable Fees ............................................................................................... 11
      B.  Unrecoverable Time Specifically Not Related to Successful Plaintiffs ...................... 12
      C.  Time Not Specific to Successful or Unsuccessful Claims ......................................... 12
      D.  Unrecoverable Time Based on Vague Entries ........................................................ 14
      E.  Unrecoverable Time Based on Vague Entries for Work Done for All Plaintiffs ......... 14
      F.  Unrecoverable Time Based on Excessive Work Done for All Plaintiffs ..................... 15
      G.  Unrecoverable Time Based on Excessive, Vague Entries for Work Done for All
      Plaintiffs .......................................................................................................... 15
      H.  Unrecoverable Excessive Time Based on Vague Entries that Were Not
      Contemporaneously Created ............................................................................... 15
      I.   Unrecoverable Travel Time ................................................................................ 16
      J.   Unrecoverable Time for Entries that Are Double Billed .......................................... 16
   2.  Plaintiffs' Claims for Fees Should Be Reduced to Reasonable Rates for Plaintiffs'
      Attorneys .......................................................................................................... 17
   3.  Application of the Johnson Factors Does Not Require an Upward Adjustment of the
      Lodestar ........................................................................................................... 18
      A.  The Time and Labor Required ............................................................................. 19
      B.  The Novelty and Difficulty of the Questions ......................................................... 19

*C. The Skill Requisite to Perform the Legal Service Properly* ......................................... 20

*D. The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case* . ............................................................................................................................................ 20

*E. Customary Fee* ............................................................................................................... 20

*F. Whether the Fee Is Fixed or Contingent* ...................................................................... 21

*G. Time Limitations Imposed by the Client or the Circumstances* ................................. 21

*H. The Amount Involved and the Results Obtained* .......................................................... 22

*I. The Experience, Reputation, and Ability of the Attorneys* ......................................... 22

*J. The Undesirability of the Case* ...................................................................................... 22

*K. The Nature and Length of the Professional Relationship with the Client* ................. 23

*L. Awards in Similar Cases* ............................................................................................... 23

*M. Non-Johnson Factors* ................................................................................................... 23

V. FEES SUMMARY ............................................................................................................. 24

VI. CONCLUSION .................................................................................................................. 24

# TABLE OF AUTHORITIES

**Cases**

*Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990) .................................................... 11, 13

*Copper Liquor, Inc. v. Adolph Coors, Co.*, 684 F.2d 1087, 1094-95 (5th Cir. 1982) ................. 16

*File v. Hastings Entm't, Inc.*, 2003 WL 21976739, *2 (N.D. Tex., Aug. 19, 2003) ................... 18

*Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991) ............................................. 3, 8, 9

*Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002) ......................... 23

*Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999) ........................................ 20

*Hensley v Echerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ....................... 22

*Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988) ........................................................ 1

*Hilton v. Executive Self Storage Assocs., Inc.*, 2009 WL 1750121 slip op. at *15 (S.D. Tex. June

    18, 2009) ................................................................................................................................ 21

*Hopwood v. State of Tex.*, 999 F.Supp. 872, 914 (W.D. Tex. 1998) ........................................... 16

*Johnson v. Big Lots Stores, Inc.*, 2009 WL 1870862, *12 (E.D. La., June 25, 2009) ................... 8

*Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 718 (5th Cir. 1974) ... 17, 18, 19, 20, 21, 23

*La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 332 (5th Cir. 1995) ............................. 3, 10, 15

*Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998) ................................................ 10, 19

*Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) ..................... 6

*Rabo Agrifinance, Inc. v. Veigel Farm Partners*, 2008 WL 3992060, *4 (N.D. Tex.-Amarillo

    Division, Aug. 20, 2008) ...................................................................................................... 14

*Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) ........... 19, 21, 22, 23, 24

*Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) ........................................................ 22

*Smith v. Diffee Ford-Lincoln-Mercury, Inc.,* 298 F.3d 955, 969 (10th Cir. 2002) ......................... 1

*Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ........................................................ 17

*Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 405 (5th Cir. 2002) .................................................. 3

*U.S. for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998)

............................................................................................................................................... 12, 13

*W. Va. Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991) ............ 3

*Walker v. HUD*, 99 F.3d 761, 769 (5th Cir. 1996) ........................................................................ 23

*Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) .................................................................... 17

*West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 395-96 (5th Cir. 2003) ................................... 2

*Wheeler v. MHMR Auth.*, 752 F.2d 1063, 1073 (5th Cir. 1985)................................................... 17

**Statutes**
29 U.S.C. § 216(b) ........................................................................................................................... 3

iv

## BRIEF IN SUPPORT OF RESPONSE AND OBJECTIONS TO PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW BABCOCK & WILCOX TECHNICAL SERVICES PANTEX, L.L.C.

("Defendant") and files this Brief in Support of Response and Objections to Plaintiffs' Motion

for Attorney Fees and Costs and would show the Court as follows:

## I.      INTRODUCTION

This case involved claims from thirty different Plaintiffs whose cases were joined under

Rule 20.  Pursuant to this Court's August 24, 2009, Judgment, Defendant prevailed completely

on the claims of twenty-three Plaintiffs.  The Defendant partially prevailed as to the claims of

four Plaintiffs (H. Wayne Black, Donna Davis, Samuel Gibson, and Randy Stokes). Only three

Plaintiffs (Stacy Grant, Pam Hitt, and Kevin Lankford) prevailed on all of their claims.  Despite

the fact that twenty-three out of thirty Plaintiffs were completely unsuccessful in this litigation,

Plaintiffs' counsel seeks  fees and expenses for essentially all work they performed in this case—

including significant fees and expenses related to claims on which Defendant prevailed.

## II.      OBJECTIONS TO PLAINTIFFS' CLAIMS FOR EXPENSES

Plaintiffs submit that they have incurred expenses in the amount of $41,936.34.  Plaintiffs

Motion for Attorney Fees and Costs, p. 22. Courts outside the Fifth Circuit have held that costs

awarded under the FLSA may include reasonable out-of-pocket expenditures.  *Smith v. Diffee

Ford-Lincoln-Mercury, Inc.,* 298 F.3d 955, 969 (10th Cir. 2002); *Herold v. Hajoca Corp.*, 864

F.2d 317, 323 (4th Cir. 1988). While the Fifth Circuit has not specifically ruled on whether the

FLSA allows attorneys to recover reasonable out-of-pocket expenses as costs, it has followed

other circuits in allowing out-of-pocket costs for claims under fee-shifting statutes such as Title

VII and the ADEA. *See West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 395-96 (5th Cir. 2003).

However, Defendant has four key objections to the expenses sought by Plaintiffs: (1) Plaintiffs submit claims for expenses that are not compensable, (2) Plaintiffs submit claims for expenses that are not reasonable, (3) Plaintiffs fail to segregate expenses related to unsuccessful claims or to prorate their claims based on their very limited success at trial, and (4) Plaintiffs fail to adequately document their expenses. Defendant has attached as Defendant's Exhibit A (attached to this Brief in the Appendix of Exhibits for Brief in Support of Response and Objections to Plaintiffs' Motion for Attorney Fees and Costs (hereafter "App.") 5-8) for the Court's reference, a list of Plaintiffs' claimed costs (originally attached to Plaintiffs' Motion for Attorney Fees and Costs as Exhibit F) and have numbered each entry #1-152.

### 1. **Plaintiffs' Claims for Unrecoverable Expenses Should be Denied**

#### A. *Expert Fees Are Not Recoverable Under the FLSA*

On 10/30/07, 11/20/2007, and 1/1/2008, Plaintiffs claim expenses for payments to Jeff M. Compton in the amounts of $281.25, $6,108.23 and $8,442.29, respectively. Defendant's Exhibit A, (App. 5-6) expenses #36, #52, & #57. Plaintiffs did not disclose any expert, nor did Plaintiffs use information from any expert at trial. Defendant's Exhibit B, Affidavit of Bradley W. Howard, (App. 10) at ¶ 3. Defendant's counsel calculated pay numbers for Plaintiffs, and Plaintiffs stipulated to the numbers provided by Defendant's counsel. *Id.* at ¶ 4. Since no expert was disclosed in this case and no expert testimony was used by Plaintiffs, these charges may have been related to another case in which Mr. Compton was retained by Mr. Warner or Mr. Webster. Plaintiffs have not attached any bills or invoices from Mr. Compton that explain the nature of his work. Accordingly, Plaintiffs have failed to meet their burden to show that expert fees from Mr. Compton were "necessarily obtained for use in the case." *Fogleman v. ARAMCO,*

920 F.2d 278, 285-86 (5th Cir. 1991).

Even if Plaintiffs could show that Mr. Compton's services were necessary for the case, expert fees are not recoverable expenses under the FLSA. Expert fees are not recoverable unless expressly authorized by statute. *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 332 (5th Cir. 1995) (citing *W. Va. Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991)). The relevant statute in this case, the FLSA, does not authorize such fees. 29 U.S.C. § 216(b); *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 405 (5th Cir. 2002) ("There is no express statutory authority in the ADEA or the FLSA to award expert witness fees for other than court-appointed expert witnesses."). Necessary reduction in expenses: **$14,831.77**

### B. Expenses from Different Litigation

Defendant objects to Plaintiffs' claims for expenses incurred in entirely different litigation. Plaintiffs claim expenses from two depositions that were not even part of this case: an 11/17/2008 bill from T&T Reporting (Defendant's Exhibit A, (App. 8) expense #150) for $111.32 and a 12/17/09 bill from Esquire (*Id.*, expense #152) for $427.84. Both depositions were taken for discovery in an entirely different case (CIVIL ACTION NO. 2-08CV-011-J), Jowell Bullard's unsuccessful suit for retaliation tried by a jury in this Court in February of 2009. These depositions are not related to this overtime case as both were taken *after* the trial in this case ended. The receipts attached to Exhibit F to Plaintiffs' Motion for Attorney Fees and Costs demonstrate these depositions occurred on 11/13/08, months after the trial's 8/20/08 conclusion.

Additionally, Plaintiffs claim "Reimbursement for LexisNexis Research during Trial" provided by John W. Warner in the amount of $2,301.35. *Id.*, expense #151. The date of the charge is 11/18/08, three months after the conclusion of trial. *Id.* Defendant objects to this expense on the grounds that (1) this expense was incurred three months after the end of trial and

was therefore clearly not related to this case, (2) Plaintiffs failed to provide any documentation of this expense (e.g. a bill or invoice from LexisNexis) demonstrating the amount of the bill or the nature of the research, (3) this expense was incurred by an attorney who was not affiliated with this litigation, and (4) given the date and the fact that the expense was charged to an attorney who did not work on this case, it appears that this bill for online research was incurred in entirely different litigation. Plaintiffs also claim an 8/31/08 expense for "Don Jose mtg with Warner" in the amount of $199.53. *Id.*, expense #149.   The purpose of this expense is unclear, but it is clear that this charge was incurred several days after trial and is therefore not a necessary and reasonable cost of *this* litigation.  Necessary reduction in expenses: **$3,040.04**

### C.  Costs for Depositions Unrelated to Claims of Successful Plaintiffs

Plaintiffs submit expenses for "Inv 954 - Foust and Spaulding depos" on 11/15/07 in the amount of $718.75 and a charge on 11/15/07 for $783.00 for "Depos of Rick Foust & Larry Spaulding." *Id.*, (App. 5) expenses #48 & #49.  These depositions regarded the duties of the two main job positions at issue in this litigation: Training Lieutenants and Field Lieutenants. According to the stipulations in the Joint Pretrial Order, sixteen Plaintiffs held the position of Field Lieutenant and twelve Plaintiffs held the position of Training Lieutenant for some or all of the relevant time period.  Defendant prevailed as to both of these job positions.  The transcript of Mr. Foust's deposition does not mention job duties of any position deemed non-exempt by the Court (Desk Lieutenants, Administrative Lieutenants, Curriculum Developers, or Fire Lieutenants).  Mr. Spaulding's deposition contains only a brief mention of Desk/Administrative Lieutenants.   Because these depositions are related almost exclusively to claims Defendant prevailed on, they cannot be taxed against the Defendant. The Judgment in this case specifically awards costs related to the Training Lieutenant and Field Lieutenant Plaintiffs to Defendant.

Similarly, Plaintiffs claim expenses on 12/10/07 for "Depo Richard Fry & David Sanchez" in the amount of $1,120.00, expenses on 12/12/07 for "Inv 965- David Sanchez video/text depo" in the amount of $82.50, and expenses on 12/12/07 for "961; Video Fry & Sanchez depos; text synch" in the amount of $700.  *Id*., (App. 6) expenses #53, #54, & #55.  Mr. Fry's deposition dealt with salary basis issues—issues where Defendant prevailed as to all Plaintiffs.  Mr. Sanchez's deposition dealt exclusively with the duties of Training Lieutenants—a job category deemed exempt by this Court.  Defendant's Exhibit B, (App. 11) at ¶ 9. Because these depositions are related exclusively to claims on which Defendant prevailed, they cannot be taxed against the Defendant. The Judgment in this case specifically awards costs related to all of the Training Lieutenant Plaintiffs to Defendant, and the Court determined that all Plaintiffs, at all relevant times, were paid on a salary basis. Necessary reduction in expenses: **$3,404.25**

### D.  Costs for Meetings and Discussions

On 1/25/08, Plaintiffs claim a $255.22 expense for "Mediation discuss strategy." Defendant's Exhibit A, (App. 6) expense #71. Similarly, Plaintiffs claim a $96.64 expense on 2/10/2008 for "Meeting on all cases with Warner re: trial & brief."  *Id*., expense #73.  It is unclear why Plaintiffs' counsel needed to incur expenses totaling approximately $350 dollars in order to have a discussion and a meeting.  These are not compensable expenses under any authority cited by Plaintiffs.  Necessary reductions in expenses: **$351.86**

### E.  Subpoenas for Witnesses Who Did Not Testify

Plaintiffs claim expenses on 8/15/08 totaling $120.00 for the subpoenas of three witnesses (Frank White, Leo Salazar, and Mike Stumbo) who were not disclosed as witnesses in this case and were never called at trial.  *Id*., (App. 7) expenses #122-124.  Because these individuals never had any role in the case, much less a role in Plaintiffs' successful claims,

Defendant objects to this expense. Necessary reductions in expenses: **$120.00**

## 2.  Plaintiffs' Claims for Unreasonable Expenses Should be Denied

Plaintiffs' claim for expenses contains dozens of entries for expenses that are manifestly unreasonable.  Plaintiffs are only entitled to compensation for reasonable expenses.  *See Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (noting that in Title VII cases, the Court allows "*reasonable* out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client") (emphasis added).  Accordingly, Plaintiffs' requests for reimbursement of these unreasonable expenses should be denied.

### A.  Extraordinary Bills for Meals at Various Restaurants and Bars

Mr. Webster traveled from Houston to Amarillo for depositions, mediation, and trial. *See, generally,* Plaintiffs' Motion for Attorney Fees and Costs.  While Mr. Webster would have some meal expenses during his travel to Amarillo from Houston, the price of meal expenses claimed by Mr. Webster is astounding. For meals between 8/7/08 and 8/20/08 alone Mr. Webster claims approximately $2,000 in dining expenses, including numerous meals that cost between $100-$200 each. For example, Mr. Webster claims a $200.46 meal at Fernandos the same day he claims a $115.18 meal at the Big Texan. Defendant's Exhibit A, (App. 7) expenses #106-107. It is difficult to rationalize these bills given that the most expensive meal at most of the Amarillo restaurants and bars listed below costs less than $20.  Plaintiffs have provided no receipts, so it is impossible to know how much of these bills can be attributed to food or if these bills include payment for unreasonable and unnecessary expenses such as alcohol.  Defendant objects to Plaintiffs' grossly excessive and unreasonable expenses listed on Defendant's Exhibit C (App. 12). For each of the twenty-two meals listed on Defendant's Exhibit C, Defendant believes that Plaintiffs' counsel could have incurred, at a maximum, a reasonable expense of $20.00 per meal

for a total of $440.  Thus, Plaintiffs' claim for $2,223.44 in expenses for these twenty-two meals should be reduced by $1,783.44. Necessary reductions in expenses: **$1,783.44**

### B.  Extraordinary Bills for Rental Cars

Plaintiffs admit "Mr. Warner often would provide transportation for Mr. Webster thus negating the need for a rental car." Plaintiffs' Motion for Attorney Fees and Costs, p. 21. However, Plaintiffs still attempt to claim $2,736.02 in rental car charges. Mr. Webster attempts to claim an expense incurred on 1/22/08, "Hertz rental car for mediation" in the amount of $411.35. Defendant's Exhibit A, (App. 6) expense #62. Even if Mr. Webster needed a rental car, mediation lasted less than one day, and this expense is unreasonable as rental cars are available at the Amarillo Airport at rates significantly less than $100 per day.  Defendant's Exhibit CC (App. 183). Mr. Webster also attempts to claim an expense incurred on 8/7/08, "Enterprise – car for trial" in the amount of $2,324.67. Defendant's Exhibit A, (App. 7) expense #94. Given that Mr. Warner has a vehicle and that Plaintiffs admit this negated the expense, no need existed for Mr. Webster to obtain a rental car, and the expense is unreasonable. Necessary reductions in expenses: **$2,736.02**

### C.  Excessive and Unnecessary Bills for Flights

Plaintiffs attempt to claim as expenses excessive flight charges. Mr. Webster claims as an expense on 6/24/08, a one-way flight to Houston from Amarillo "to work on cases" in the amount of $908. *Id*., (App. 6) expense #80. One-way flights from Amarillo to Houston generally cost less than $150-$200. Defendant's Exhibit DD (App. 184-185). For Mr. Webster to book a one-way flight for more than $250 would be excessive and unreasonable.

Mr. Webster also claims three flights in the span of four days. On 11/13/07, 11/15/07, and 11/16/07, Mr. Webster claims expenses for flights to or from Amarillo/Houston totaling

$946.90. Defendant's Exhibit A, (App. 5-6) expenses #40, #47, and #50.  This amount represents poor planning and an unreasonable expense. At the maximum, a reasonable expense would be for two flights at $500. Necessary reductions in expenses: **$1,104.90**

> **3.  Plaintiffs' Claims for Expenses Should Be Denied or Reduced Because Plaintiffs Offer No Proof that the Expenses Are Related to the Claims of Successful Plaintiffs**

To the extent Plaintiffs fail to offer any evidence that their expenses were related to successful claims—which is the case with the vast majority of expenses claimed by Plaintiffs—their expenses should be significantly reduced. *See Johnson v. Big Lots Stores, Inc.*, 2009 WL 1870862, *12 (E.D. La., June 25, 2009) (criticizing plaintiffs' claims for costs that were not "directly related to the claims on which the plaintiffs prevailed"). Entries for expenses #1-13, #16-35, #37-46, #50-51, #55, #58-59, #60, #64, #70, #74-76, #81, #83-93, #96-97, #96-97, #102-103, #104, #108-111, #113-114, #118-121, #126-129, #131-133, #136-137, #143, and #145-148 on Defendant's Exhibit A (App. 5-8), total $7,698.37 and are all expenses that are potentially recoverable, but Plaintiffs have not provided any documentation to establish that these expenses were specific to successful claims and therefore compensable.  Defendant completely prevailed as to the claims of twenty-three of the thirty Plaintiffs and was awarded costs.  The Judgment awards Plaintiffs costs only to the extent they were incurred by successful or partially successful Plaintiffs (Randy Stokes, Wayne Black, Donna Davis, Sam Gibson, Pam Hitt, Stacy Grant, and Kevin Lankford).  Plaintiffs provide no evidence these entries were for expenses "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

In the alternative, Plaintiffs' expenses should be significantly reduced to reflect the fact that the majority of these costs were expended on unsuccessful claims—claims for which Defendant was awarded costs, not Plaintiffs.  While these expenses should be reduced by

76.67% in proportion to unsuccessful Plaintiffs, Defendant acknowledges some expenses such as some travel expenses would have been incurred even if Plaintiffs were only pursuing claims that they eventually succeeded on. In light of this fact, Defendant respectfully requests a reduction of at least 50% ($3,849.18) in these expenses. Necessary reductions in expenses: **$3,849.18**.

### 4.   Plaintiffs' Claims for Inadequately Documented Expenses Should Be Denied

A party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a certain item was "necessarily obtained for use in the case." *Fogleman*, 920 F.2d at 285-86.   On these grounds, Defendant objects to almost every expense claimed by Plaintiff.  For Plaintiffs' voluminous list of expenses, Plaintiffs provide only eight pages of receipts and invoices. Of the 152 expenses that Plaintiffs attempt to claim, only ten have any sort of documentation.  *See* Plaintiffs' Motion for Attorney Fees and Costs, Exhibit F. Of these, the only recoverable expenses are a check to Randy Stokes for $40.00 and invoices from FedEx for five different transactions in the total amount of $478.08.  Plaintiffs did not present any documentation for $1,885.82 of FedEx expenses.

After making Defendant's proposed deductions of $31,221.46 for unreasonable and unrecoverable expenses, $10,715.17 remains from Plaintiff's original claimed expenses. Of this amount, only $518.08 are documented expenses, and consequently recoverable. Until Plaintiff provides receipts, invoices, or other documentation, $10,197.09 of claimed but undocumented expenses are not recoverable. For the other expenses claimed by Plaintiffs, including depositions, rental cars, flights, dozens of expensive meals, and so forth, Plaintiffs do not provide any documentation at all.  Because Plaintiffs fail to provide documentation of legitimate expenses (other than the $40 subpoena fee and $478.08 in copies), the remaining expenses should be denied, or at least reduced due to Plaintiffs' failure to adequately document expenses. Necessary

reductions in expenses: **$10,197.09**. Assuming Plaintiffs can provide documentation for expenses that are reasonable and related to successful Plaintiffs, no further reduction may be necessary.

### III.    EXPENSES SUMMARY

For these reasons, Plaintiffs' claim for expenses should be significantly reduced. As Defendant's Exhibit D (App. 13) illustrates, after applying Defendant's reductions, only **$10,715.17** is a valid amount of expenses. Alternatively, if the Court does not wish to strike individual expenses, the Court could reduce Plaintiffs' claim for expenses of $41,936.34 by 76.67%, the proportionate amount of unsuccessful Plaintiffs, for a total remaining amount of **$9,785.14**.

### IV.    OBJECTIONS TO PLAINTIFFS' CLAIMS FOR FEES

Plaintiffs submit to the Court that they have incurred fees in the amount of $495,771.75 and claim a one-third upward adjustment of the lodestar in the amount of $163,604.68. Plaintiffs' Motion for Attorney Fees and Costs, p. 14. Defendant objects to Plaintiffs' calculation of the lodestar in terms of claimed hours and rates. Defendant also objects to the requested adjustment.

#### 1.    Plaintiffs' Claims for Fees Should Not Be Recovered to the Extent the Claimed Hours Are Unreasonable

Calculating attorneys' fees involves a two-step process. The court initially calculates the lodestar fee "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998), *citing Kellstrom,* 50 F.3d at 324. The first step in this process is a determination of the number of hours reasonably expended on the litigation. *Kellstrom*, 50 F.3d at 324. The party seeking fees bears the burden of establishing that they are entitled to recovery, and this involves "presenting evidence that is adequate for the court to determine what hours

should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). The number of hours reasonably expended is then multiplied by the reasonable rate the attorneys charge. While Defendant does not object to reasonable hours claimed by Plaintiffs, Defendant objects to many hours claimed by Plaintiffs as unreasonable for four reasons: (1) time entries for the hours are vague and do not allow Defendant or the Court to assess what work was performed; (2) excessive hours are billed for simple tasks; (3) time is specifically related to unsuccessful Plaintiffs, claims, travel time, or double billing; (4) time is not segregated between successful and unsuccessful Plaintiffs. Defendant requests complete or proportionate reduction of many hours submitted by Plaintiffs as set out below.

### A. *Recoverable Fees*

Attached as Defendant's Exhibit E (App. 14-57) is a copy of the hours claimed by all attorneys and paralegals for Plaintiffs, originally submitted by Plaintiffs as Exhibit E to their Motion for Attorneys Fees and Costs. Defendant has numbered each entry with a letter depending on the attorney or paralegal. Entries for Ms. Capilongo are labeled C1-C289 (App. 14-28); entries for Ms. Bradley are labeled S1-S102 (App. 54-47); entries for Mr. Webster are labeled J1-J272 (App. 28-39); and entries for Mr. Warner are labeled M1-M475 (App. 39-54).

Defendant does not object to the six hours claimed by paralegal Anita Goff.  Plaintiffs provide some entries for Ms. Capilongo for recoverable time that are specifically related to prevailing Plaintiffs or claims on which Plaintiffs prevailed.  Defendant does not object to these paralegal fees: C6; C19-C20; C24; C77-C78; C81-C82; C128-C129; C134; C151; C183; C220; C224; C226; C237-C238; C244-C245; C247; C257; C263; C268; C270-C271; C273; C278-C279; C286; and C288. Defendant's Exhibit E (App. 15-28). These entries total 12.5 hours.

Defendant does not object to these paralegal fees for Ms. Bradley: S29; S77-S78; S80; S92; S98-S99; and S101. *Id.* (App. 55-57). These entries total 3 hours.

Defendant does not object to these attorney fees for Mr. Webster: J35; J44; J46; J48-J50; J85; J179; J183; J186; J258-J262; and J264-J265. *Id.* (App. 30-39). These entries total 30.1 hours.

Defendant does not object to these attorney fees for Mr. Warner: M13; M21-M22; M25; M28-M32; M34; M43-M44; M127; M156-M157; M159-M161; M165-M166; M170; M172; M176; M199; M217; M230; M272; M276; M288; M355; M357; M391; M449; M457; M461-M467. *Id.* (App. 39-54). These entries total 44.7 hours.

### B.  Unrecoverable Time Specifically Not Related to Successful Plaintiffs

Ms. Capilongo, Ms. Bradley, Mr. Webster, and Mr. Warner submit time for work specifically related to claims of unsuccessful Plaintiffs or claims. Defendant objects to Ms. Capilongo's requests for paralegal fees listed on Defendant's Exhibit F (App. 58-60), Ms. Bradley's requests for paralegal fees listed on Defendant's Exhibit G (App. 61), Mr. Webster's requests for attorney fees listed on Defendant's Exhibit H (App. 62), and Mr. Warner's requests for attorney fees listed on Defendant's Exhibit I (App. 63-64) on the grounds they are related to claims which Plaintiffs lost, and therefore Plaintiffs cannot recover them under the FLSA.

### C.  Time Not Specific to Successful or Unsuccessful Claims

The majority of entries from Plaintiffs' counsel are time entries for general work purportedly done on all of the Plaintiffs' claims.  The party requesting fees has the duty to segregate fees. *U.S. for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998). Plaintiffs have failed to segregate certain entries between work performed for successful and unsuccessful claims, and there is no evidence that any of these time entries are

related to work performed for successful claims. Plaintiffs should be able to segregate the fees because each duties test of each position in question in this litigation was individualized. The party seeking fees bears the burden of establishing that they are entitled to recovery, and this involves "presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Therefore, Plaintiffs should not be entitled to any of these claimed hours. Alternatively, the Court should significantly reduce the amount of general work performed by the Plaintiffs to reflect the fact that the vast majority of this case focused on claims from Plaintiffs who were not successful. *U.S. for Varco*, 161 F.3d at 922. In order to best estimate the amount that could be attributed to successful claims, Plaintiffs' claims should be prorated to take into account the number of successful Plaintiffs. Seven out of the thirty Plaintiffs obtained either partial or complete success. The Court granted a defense verdict to twenty-three of the thirty Plaintiffs. Accordingly, Plaintiffs' claims for fees that are not segregated between Plaintiffs or between successful or unsuccessful claims should be reduced by 23/30, or 76.67%.

Attached as Defendant's Exhibit J (App. 65-66) are entries for work provided by Ms. Capilongo not specific to the claims of successful or unsuccessful Plaintiffs. The claim should be reduced by 140.69 hours out of the 183.5 claimed hours. Attached as Defendant's Exhibit K (App. 67) are unspecific entries for work provided by Ms. Bradley. The claim should be reduced by 4.98 hours out of the 6.5 claimed hours. Attached as Defendant's Exhibit L (App. 68-69) are unspecific entries for work provided by Mr. Webster. The claim should be reduced by 80.04 hours out of the 104.4 claimed hours. Attached as Defendant's Exhibit M (App. 70-71) are unspecific entries for work provided by Mr. Warner. The claim should be reduced by 54.47 hours out of the 71.05 claimed hours.

### D.  Unrecoverable Time Based on Vague Entries

Time submitted by Ms. Bradley, Mr. Webster, and Mr. Warner includes numerous entries too vague to be recoverable.  Based on the recent past practices of the Court, the Plaintiffs should not be allowed to recover any fees for these vague entries.  *See Rabo Agrifinance, Inc. v. Veigel Farm Partners*, 2008 WL 3992060, *4 (N.D. Tex.-Amarillo Division, Aug. 20, 2008) (declining to award fees to a plaintiff when the billing entries were not specific enough to determine whether the work involved was reasonable and necessary).   These vague entries do not allow the Court to determine whether Plaintiffs used good billing judgment, whether the work was related to successful claims, or even if the work was related to claims in this case. Defendant objects to the time submitted by Ms. Bradley listed in Defendant's Exhibit N (App. 72), time submitted by Mr. Webster listed in Defendant's Exhibit O (App. 73), and time submitted by Mr. Warner listed in Defendant's Exhibit P (App. 74-76). Additionally, Mr. Webster's billing entries include entries labeled only as "Review Documents Produced by Pantex." Virtually all documents were "Produced by Pantex." These vague entries as well do not allow the Court to determine whether Plaintiffs used good billing judgment, whether the work was related to successful claims, or if the work was related to claims in this case. Defendant objects to the time submitted by Mr. Webster listed in Defendant's Exhibit Q (App. 77). At the very least, all these claims for work documented only with vague entries should be proportionately reduced by 76.67%.

### E.  Unrecoverable Time Based on Vague Entries for Work Done for All Plaintiffs

Defendant objects to the recovery of any time submitted by Mr. Warner for entries listed on Defendant's Exhibit R (App. 78) which are too vague to be recoverable. Alternatively, the entries listed on Defendant's Exhibit S (App. 79) are for time which reference all Plaintiffs, and

at the very least the 29 hours should be reduced by 76.67% for a total reduction of 22.23 hours.

### F.  Unrecoverable Time Based on Excessive Work Done for All Plaintiffs

Defendant objects to time submitted by Mr. Webster which is excessive, with Defendant's basis for the objection listed on Defendant's Exhibit S (App. 79). As this time is also not segregated between successful and unsuccessful Plaintiffs, Defendant requests a further reduction of the remaining time by 76.67% for a total reduction of 56.62 hours.

### G.  Unrecoverable Time Based on Excessive, Vague Entries for Work Done for All Plaintiffs

Certain submissions by Ms. Bradley and Mr. Warner for time billed are vague and excessive and not segregated by Plaintiffs. Because Plaintiffs cannot be compensated for vague entries, the time listed on Defendant's Exhibit T (App. 80) for Ms. Bradley should be reduced completely. At the very least the 32 hours should be reduced by 76.67% as it is not segregated between successful and unsuccessful Plaintiffs for a total reduction of 24.53 hours. Similarly, the time listed on Defendant's Exhibit U (App. 81) for Mr. Warner should be denied, or at least the 184 hours should be reduced by 76.67% for a total reduction of 141.07 hours.

### H.  Unrecoverable Excessive Time Based on Vague Entries that Were Not Contemporaneously Created

On July 21, 2009, Plaintiffs sent Defendant a record of their fees on the case. Yet Exhibit E to Plaintiff's Motion for Attorney Fees and Costs includes new time and subsequently modified entries. For these entries, Plaintiffs did not contemporaneously create their billing records but modified them after the fact. Attached as Defendant's Exhibit V (App. 82-144) are the original records provided to Defendant on July 21, 2009.  While it is true "[f]ailure to provide contemporaneous billing statements does not preclude award of attorney fees per se," Plaintiffs must produce evidence sufficient to determine reasonable hours. *Kellstrom*, 50 F.3d at 325.

Furthermore, it is the Fifth Circuit's practice to require "prudent counsel" to adhere to the procedure of providing contemporaneous records. *Copper Liquor, Inc. v. Adolph Coors, Co.*, 684 F.2d 1087, 1094-95 (5th Cir. 1982) (overruled on other grounds). The importance of contemporaneously creating time records is highlighted by entries such as J250 and J256 (App. 38) which indicate Mr. Webster spent twenty hours preparing for closing argument when Mr. Warner actually gave Plaintiffs' closing. Defendant's Exhibit B, (App. 10) at ¶ 8. For this reason, Defendant objects to Mr. Webster's time listed on Defendant's Exhibit W (App. 145) and Mr. Warner's time listed on Defendant's Exhibit X (App. 146). These entries are also vague and for excessive amounts. Because the items are vague, they must be rejected. At the very least, Mr. Webster's requested 354.2 hours and Mr. Warner's requested 196 hours must be reduced by 76.67% in proportion to unsuccessful Plaintiffs for a total reduction of 421.84 hours.

## I.   *Unrecoverable Travel Time*

Defendant objects to fees for travel time submitted by Mr. Warner and Mr. Webster. Mr. Warner submits two entries for travel time, even though he is based out of Amarillo where this case took place. Regardless, travel time should be reduced by 50%. *Hopwood v. State of Tex.*, 999 F.Supp. 872, 914 (W.D. Tex. 1998). Therefore the 6.5 hours from entries M369 and M374 (App. 50) should be reduced by 3.25 hours. For Mr. Webster, Defendant objects to the time listed on Defendant's Exhibit Y (App. 147).

## J.   *Unrecoverable Time for Entries that Are Double Billed*

Plaintiffs attempt to claim fees for hours when both were present at depositions when only one attorney was necessary. Mr. Warner submits entries J64-J66 and J68 (App. 31) listing 11 hours of attending depositions of the same Plaintiffs that Mr. Warner lists in entries M159-M160, M166, M170, M172, and M176 (App. 44). Plaintiffs cannot recover for an unnecessary

duplication of efforts by Plaintiffs' counsel. *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 718 (5th Cir. 1974) ("The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted."); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (holding "the court should exclude all time that is excessive, duplicative, or inadequately documented."). Defendant requests a reduction in 5.5 hours for Mr. Webster and 5.5 hours for Mr. Warner.

### 2.    Plaintiffs' Claims for Fees Should Be Reduced to Reasonable Rates for Plaintiffs' Attorneys

Defendant does not object to the claimed rates for paralegals Candace Capilongo, Suzanne Bradley, and Anita Goff.

Defendant objects to the requested billing rate of $350/hour for non-trial time and $400/hour for trial time of Mike Warner. The motion requesting fees should be supported by the affidavit of a disinterested attorney stating the prevailing local rate. *Wheeler v. MHMR Auth.*, 752 F.2d 1063, 1073 (5th Cir. 1985). Plaintiffs' counsel fail to provide affidavits from other attorneys, and instead solely rely on their own affidavits claiming their requested rates are reasonable. Plaintiffs' Motion for Attorney Fees and Costs, Exhibits B & C. Plaintiffs cite fees awarded in New Orleans when the relevant community is Amarillo. Reasonable rates are established by affidavits of other attorneys practicing in the area where the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Based on Defendant's counsel's and disinterested attorney Fernando Bustos's knowledge and experience practicing in this area, **$175-$200/hour is a reasonable rate for Mr. Warner**. Defendant's Exhibit B, (App. 10) at ¶ 6; Defendant's Exhibit EE, (App. 187) at ¶ 3.

Attached as Defendant's Exhibit Z (App. 149) is an affidavit submitted by Mr. Warner in

a 2003 case, claiming his reasonable rate was $150/hour. Also in 2003, this Court held that

$150/hour was a reasonable rate for Amarillo attorneys in an employment case, and that

> this rate is reasonable in light of both the traditional billing practices in the
> profession in Amarillo and on the basis of those rates and practices prevailing in
> the relevant market. This rate [$150/hour] is well in line with those rates
> prevailing in the community for similar services by lawyers of reasonably
> comparable skill, experience, and reputation.

*File v. Hastings Entm't, Inc.*, 2003 WL 21976739, *2 (N.D. Tex., Aug. 19, 2003).

In the six years since Mr. Warner filed his 2003 affidavit and this Court held $150/hour

was reasonable for Amarillo attorneys, the billing rates for Amarillo attorneys have increased at

a maximum of $5-$10 per year. Defendant's Exhibit B, (App. 10) at ¶ 5. Based on either the

affidavit of the disinterested attorney or the 2003 benchmark of $150/hour adjusted by an annual

rate increase, a reasonable rate for Mr. Warner for his work on this case is $175-$200/hour.

Defendant also submits that Mr. Webster's requested rates of $300/hour and $350/hour

for an attorney working on his first employment litigation is excessive and not reasonable. Based

on a reasonable rate of $175-200/hour for Mr. Warner, Mr. Webster should receive, at most,

$175/hour for his work on this case. Based on Defendant's counsel's and Mr. Bustos's

knowledge and experience practicing in this area, **$175/hour is a reasonable rate for Mr.

Webster**. Defendant's Exhibit B (App. 10) at ¶ 7; Defendant's Exhibit EE, (App.187) at ¶ 4.

### 3.  <u>Application of the *Johnson* Factors Does Not Require an Upward Adjustment of the Lodestar</u>

After performing the first step of calculating the lodestar, the Court may conclude that the

lodestar amount is $58,796.60. The Court must then perform the second step to determine

whether the lodestar figure should be adjusted upward or downward on the basis of twelve

factors outlined in *Johnson*. 488 F.2d at 717-719; *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d

795, 800 (5th Cir. 2006).

Although Plaintiffs claim that applying the *Johnson* factors to this case requires an upward adjustment of the lodestar, Plaintiffs' analysis of the *Johnson* factors is flawed in several respects. "The court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047. The more important factors all weigh strongly against an upward adjustment. Once established, a strong presumption exists that the lodestar amount is reasonable. *Saizan*, 448 F.3d at 800. Plaintiffs fail to rebut this presumption in their analysis. If anything, proper application of the *Johnson* factors requires a downward adjustment of the lodestar, certainly not an upward adjustment.

### A.  The Time and Labor Required

Plaintiffs merely refer the Court to their submission of time expended on the case. Essentially, Plaintiffs request the Court to examine hours the Court took into consideration in determining the lodestar. "The lodestar may not be adjusted due to a *Johnson* factor… if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Id*. In *Johnson*, this factor leads to discounting the lodestar, by the Court weighing the claimed hours against the time that should have actually been required for the activity and may use this factor to assess duplicate effort when multiple attorneys are requesting fees, as in this case. The Court may also use this factor to assess whether attorneys are billing for nonlegal work. *Johnson*, 488 F.2d at 717. Plaintiffs make no showing under this factor why the lodestar presumption is rebutted such that the lodestar should be enhanced.

### B.  The Novelty and Difficulty of the Questions

*Johnson* examined this factor solely in the context of making new law. 488 F.2d at 718.

As this is not a case of first impression, this case is not novel, and this factor should not operate to adjust the lodestar upward.

### C.  The Skill Requisite to Perform the Legal Service Properly

Plaintiffs claim "this case required greater skill to litigate than would be expected of a typical overtime case." Plaintiff's Motion for Attorney Fees and Costs, p. 16. The judge is in the best situation to determine Plaintiffs' counsel's skill. "The trial judge should closely observe the attorney's work product, his preparation, and general ability before the court. The trial judge's expertise gained from past experience as a lawyer and [her] observation from the bench of lawyers at work become highly important in this consideration." *Johnson*, 488 F.2d at 718.

### D.  The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case

Plaintiffs claim, "The case itself required significant devotion of time, to the exclusion of work on other matters." Plaintiff's Motion for Attorney Fees and Costs, p. 16. However, Plaintiffs' counsel fail to provide evidence of any work they were precluded from due to this case. Generally, the preclusion factor is subsumed by the lodestar, and Plaintiffs have made no argument why this case should be any different. In *Heidtman v. County of El Paso*, the Court of Appeals found the District Court abused its discretion in enhancing the lodestar based on preclusion of employment where the plaintiff gave no reason why preclusion should not be subsumed by the lodestar. 171 F.3d 1038, 1043 (5th Cir. 1999).

### E.  Customary Fee

Plaintiffs argue that "counsel's submission is reasonable in light of the customary fee, calculated at an hourly rate and based on the case law previously cited in this memorandum." Plaintiffs' Motion for Attorney Fees and Costs, p. 16. Similar to time and labor required,

Plaintiffs impermissibly attempt to have the Court analyze factors in adjusting the lodestar that went into the lodestar's creation. This is another instance of double counting, expressly prohibited by *Saizan*. 448 F.3d at 800. Strangely, Plaintiffs' Motion perceives the relevant community as New Orleans, although this trial took place in Amarillo.

### F.  Whether the Fee Is Fixed or Contingent

Plaintiffs claim that they were hired on a contingency basis, but do not explain how this contributes to a finding of an upward adjustment of the lodestar. "The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectation when he accepted the case." *Johnson*, 488 F.2d at 718. However, "The fact that plaintiffs' counsel served on a contingency basis cannot be used as a countervailing factor when a downward adjustment to the lodestar is otherwise appropriate." *Hilton v. Executive Self Storage Assocs., Inc.*, 2009 WL 1750121 slip op. at *15 (S.D. Tex. June 18, 2009). Plaintiffs have failed to show how this factor rebuts the presumption of lodestar reasonableness, and it cannot be used to enhance the lodestar.

### G.  Time Limitations Imposed by the Client or the Circumstances

In *Johnson*, the court found the time limitations factor to be valuable in situations where new counsel is called in at a late stage in the proceedings. 488 F.2d at 718. However, in this case, Plaintiffs' counsel handled the proceedings from the beginning. Plaintiffs admit "Plaintiffs in the Bullard case did not impose time constraints on plaintiffs' counsel." Plaintiffs Motion for Attorneys Fees and Costs, p. 17. Although Plaintiffs attempt to use exclusion of work on other matters as a time limitation, this is more appropriately addressed in the preclusion of employment factor Defendant argues against in Part D of this section. Plaintiffs offer no substantive reasons the lodestar should be enhanced on the basis of this factor.

### H.  The Amount Involved and the Results Obtained

"The most critical factor in determining an attorney's fee award is the 'degree of success obtained.'" *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (*quoting Hensley v Echerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Plaintiffs' counsel's degree of success is at best 23.33%. Plaintiffs were only completely or partially successful on seven out of thirty Plaintiffs, meaning Plaintiffs' counsel achieved full or partial success on only 23.33% of the Plaintiffs they represented. Comparing requested stipulated damages of $1,956,982.10 with the amount rewarded in the judgment of $294,892.52 in claims, Plaintiffs degree of success was only 15.07%. Based on such a low rate of recovery, the situation with regards to the most critical factor demands that the lodestar should be reduced accordingly. It would not be appropriate to use Plaintiffs' failure to rebut reasonableness with this factor to enhance the lodestar.

### I.  The Experience, Reputation, and Ability of the Attorneys

Again, Plaintiffs attempt to use factors used in calculating the lodestar in determining its adjustment. Defendant agrees with Plaintiffs that the Court is in the best situation to judge Plaintiffs' counsel's skill. However, Defendant disagrees with Plaintiffs' request to have the Court engage in prohibited double counting. *Saizan*, 448 F.3d at 800.

### J.  The Undesirability of the Case

Plaintiffs claim that "these are not desirable cases." Plaintiffs' Motion for Attorney Fees and Costs, p. 18. Defendant contends these are highly desirable cases as they deal with high-wage earning Plaintiffs with the potential to be awarded large damages for unpaid overtime. For Plaintiffs to claim undesirability based on few cases brought by employees of Defendant would be a perversion of this factor. *Johnson* intended this factor to be used where counsel would suffer community backlash for advocating a client's civil rights, as distinguished from the present case

where counsel stood to earn significant contingent fees on successful claims. 488 F.2d at 719.

### K.  The Nature and Length of the Professional Relationship with the Client

Plaintiffs state that "counsel had extensive conversations with all Plaintiffs." Plaintiffs'

Motion for Attorney Fees and Costs, p. 18. Plaintiffs misconstrue the objective of this factor.

*Johnson* refers to the practice of attorneys to give a favorable rate to repeat clients, which would

require a downward adjustment of the lodestar. 488 F.2d at 719.

### L.  Awards in Similar Cases

Plaintiffs cite two Eastern District of Louisiana cases. Plaintiff's Motion for Attorney

Fees and Costs p. 6, 10, & 19. Defendant does not know how Louisiana cases would have any

bearing on the award in this Northern District of Texas case. Plaintiffs fail to cite a single FLSA

case in Amarillo awarding similar fees. *See generally*, *id.* More importantly, Plaintiffs state that

the anticipated award in this case is a lodestar award calculated at a reasonable rate. *Id.* at p. 19.

This undercuts Plaintiffs' position that the lodestar should be adjusted.

### M.  Non-Johnson Factors

"Plaintiffs seeking attorney's fees are charged with the burden of showing the

reasonableness of the hours billed and, therefore, are also charged with proving that they

exercised billing judgment." *Saizan,* 448 F.3d at 799. Billing judgment is "usually shown by the

attorney writing off unproductive, excessive, or redundant hours." *Green v. Adm'rs of the Tulane*

*Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (citing *Walker v. HUD*, 99 F.3d 761, 769 (5th Cir.

1996)). Plaintiffs make the blanket statement that "hundreds of hours spent by counsel in this

litigation were excluded." Plaintiffs' Motion for Attorney Fees and Costs, p. 12. However, such a

general statement cannot constitute a showing of billing judgment without documentation.

"Billing judgment requires documentation of the hours charged and of the hours written off as

unproductive, excessive, or redundant." *Saizan*, 448 F.3d at 799. Because Plaintiffs fail to give any evidence of billing judgment, rather than enhancement, reduction of the lodestar is appropriate. "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id*. Other than billing judgment, the Court is limited to the *Johnson* factors in determining whether an adjustment is proper. *Id*. at 800. Therefore, Plaintiffs' argument that the lodestar should be adjusted due to the benefit of increased compensation incurred by non-Plaintiffs is irrelevant as it is outside the factors that may be considered by the Court. Plaintiffs introduce this argument for the first time in a separate section of their motion, after detailing the factors, making no attempt to define the argument as factor-related.

## V.    FEES SUMMARY

Defendant's Exhibit BB provides four tables which summarize Defendant's requested reductions for Ms. Capilongo, Ms. Bradley, Mr. Webster, and Mr. Warner. After applying these reductions, Plaintiffs' requested hours and rates that are reasonable and should be permitted are as shown on Defendant's Exhibit FF (App. 187) for a total of **$77,189.20** in fees. Although Defendant has argued that the lodestar could be properly reduced based on the *Johnson* factors, Defendant does not request a downward adjustment but merely restates its position that an upward adjustment is not warranted by the *Johnson* factors.

## VI.    CONCLUSION

For the foregoing reasons, Defendant respectfully submits that Plaintiffs' claim for attorney fees and expenses is grossly inflated. Plaintiffs submitted improper, unreasonable, and vague expenses including some not even related to this case. Likewise, Plaintiffs' request for attorney fees contains major blocks of time that are too vague to determine the work performed,

are not set at a reasonable rate, and are not contemporaneously created. For both expenses and

fees, Plaintiffs fail to separate proper amounts related to successful Plaintiffs from those related

to unsuccessful Plaintiffs or claims. Defendant submits that, assuming Plaintiff provides proper

documentation, only $**10,715.17** in expenses are reasonable, and only $**77,189.20** in fees are

reasonable, for a grand total of **$87,904.37.**

Respectfully submitted,

Bradley W. Howard
State Bar No. 00786452
Robert C. Vartabedian
State Bar No. 24053534
BROWN & FORTUNATO, P.C.
905 South Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile
bhoward@bf-law.com Email
rvartabedian@bf-law.com Email

By: _____ /s/ Bradley W. Howard _____
Bradley W. Howard
**ATTORNEYS FOR DEFENDANT**

\\server2\documents$\18\2268.001\ResponseBriefMotionFees_2268001.docx

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document and that a true and correct copy was served on the parties listed below through the electronic case filing system if the Notice of Electronic Filing indicated that the parties received it or otherwise by mailing a copy by Certified Mail, Return Receipt Requested, to the parties this 23rd day of September, 2009.

| | |
|---|---|
| Michael A. Warner | Jason C. Webster |
| The Warner Law Firm | Matthews & Associates |
| 101 S.E. 11th, Suite 301 | 2905 Sackett |
| Amarillo, TX 79101 | Houston, TX 77098 |

_____ /s/ Bradley W. Howard _____
Bradley W. Howard